UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN


MICAH FIALKA-FELDMAN

**JURY DEMAND**

          Plaintiff,

v.

OAKLAND UNIVERSITY BOARD
OF TRUSTEES
          Defendant.
_____/

Chris E. Davis (P52159)
Michigan Protection & Advocacy Service, Inc.
29200 Vassar Blvd., Suite 200
Livonia, MI  48152
Phone: (248) 473-2990
Email: cdavis@mpas.org
Attorney for Plaintiff
_____/


**COMPLAINT**


**I.      INTRODUCTION**

1.  This is an action for declaratory and injunctive relief as well as damages under the

    Fair Housing Act (FHA), 42 U.S.C. §1301 et seq. and Section 504 of the

    Rehabilitation Act of 1973, 29 U.S.C. § 794(a).

2.  The Plaintiff is a person with a disability who has requested to live in the

    dormitory on the university's campus.

3.  The request, after initially being approved, was denied for the reason he was not

    in a program leading to a degree.

4.  Plaintiff because of his disability is not enrolled in one of the university's programs leading to a degree.

5.  Plaintiff is enrolled in the university's OPTIONS program, which does not currently offer a degree or certificate of completion.

6.  The policy of the university has disparate impact on students with cognitive impairments in that it effectively excludes all persons in OPTIONS program from housing on campus.

7.  Plaintiff, through his counsel, requested as a reasonable accommodation that the policy be waived or modified for him. The university denied this request.

## II.     JURISDICTION AND VENUE

8.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiff's claim for declaratory and injunctive relief are authorized under 28 U.S.C. § 2201-2202 and 42 U.S.C. § 1983. At all times relevant to this action, Defendants have acted under color of state law.

9.  Venue is proper in this U.S. District Court under 28 U.S.C. § 1391(b), because it is the district where the Defendant resides and a substantial part of the events or omissions giving rise to the Plaintiff's claims arose here.

## III.     PARTIES

10. The Plaintiff, Micah Fialka-Feldman, is a 24-year-old man, from Huntington Woods, Oakland County, Michigan.

11. Micah Fialka-Feldman has a cognitive impairment which substantially limits one or more major life activities, specifically, but not limited to, learning.

12. Micah Fialka-Feldman is a student in the OPTIONS program at Oakland University.

13. The Defendant, OAKLAND UNIVERSITY BOARD OF TRUSTEES, is the governing body of Oakland University (OU) located in Rochester, Oakland County, Michigan.

14. The Board's authority to act is done pursuant to state law, MCL 390.151 et. seq., which grants the board full authority to make all decision relevant to this matter.

### IV.    FACTUAL ALLEGATIONS

15. Mr. Fialka-Feldman has been attending classes at OU since approximately the winter term of 2004.

16. Beginning in the fall term of 2007, Mr. Fialka-Feldman was admitted to OU's new program called the OPTIONS Program.

17. The OPTIONS program is an activity or program of OU.

18. The OPTIONS program was designed for students with cognitive impairments that could not be admitted to OU through the regular admissions process.

19. Mr. Fialka-Feldman was admitted as a student in the program and takes at least 12 credits hours of courses each semester at OU.

20. Additionally, Mr. Fialka-Feldman as a student at OU participates in numerous school activities, the same as do other students admitted to other programs at OU, including: attending over 25 courses at the university, member of Alpha Phi Omega fraternity, member of Hillel student organization, member of the leadership retreats at OU, Up Until Dawn, Peace Group, active in the student government election 2008, and Social Work Club.

21. Mr. Fialka-Feldman must take several buses each day to and from his home in Huntington Woods, Michigan, and OU's campus in Rochester, Michigan.

22. Because of the long commute and because he wanted a complete university experience as do other persons his age, Mr. Fialka-Feldman began making inquires about living on-campus in the spring of 2006.

23. Mr. Fialka-Feldman is capable of living on his own in a dormitory setting and if any supports are needed a local agency, MORC, is ready and able to provide assistance.

24. In the spring of 2007, Micah Fialka-Feldman and his father, Rich Feldman, took a pre-arranged tour of the dormitory housing at OU that was arranged by the Director of Housing, Lionel Matten.

25. In the Fall of 2007, Micah Fialka-Feldman applied for on-campus housing in the dormitories at OU.

26. On October 6, 2007, Rich Feldman submitted a check for $100.00 to OU for deposit on a dormitory room for Micah Fialka-Feldman.

27. On November 14, 2007, Rich Feldman received e-mail confirming Micah Fialka-Feldman was approved and he could begin living in a dorm room on-campus on January 6, 2008.

28. Then, on November 29, 2007, Micah Fialka-Feldman and his family were informed, by e-mail, that he was not eligible to live in the dorm.

29. On December 3, 2007, the $100.00 was refunded to Rich Feldman from the student account.

30. On April 25, 2008, Mr. Fialka-Feldman's parents paid his tuition for the Winter Term 2008 to OU.

31. On May 5, 2008, Mr. Fialka-Feldman and his family provided OU officials with numerous letters of support, which resulted in a meeting being arranged with OU's Vice President for Student Affairs, Mary Beth Snyder.

32. The meeting took place on May 22, 2008, and Ms. Snyder sent a letter the following day, which stated: "The University maintains resident halls for individuals who meet our admissions requirements and are enrolled in coursework leading to a degree. From time to time we do house students from other universities who are earning credits for transfer to another institution. . ."

33. Upon information and belief, OU has provided on-campus housing to students taking courses when they are not admitted to degree programs, including but not limited to, students in the English-As-A-Second-Language program.

34. In August 2008, Mr. Fialka-Feldman's parents met with Vice President Snyder but were unable to persuade her to change her mind.

35. At a meeting of the Board of Trustees on September 17, 2008, Mr. Fialka-Feldman presented a petition to the Board asking that the OU change its decision and allow him to live on campus.

36. On September 24, 2008, Vice President Snyder sent a letter to Mr. Fialka-Feldman informing him that she would not change her decision.

37. On October 7, 2008, legal counsel for Mr. Fialka-Feldman, Chris E. Davis, contacted legal counsel for OU, Victor A. Zimbardi, by letter advising him that it was Plaintiff's belief that OU's housing policy was discriminatory due to its

disparate impact on persons with disabilities, specifically persons with cognitive impairments.

38. Additionally, Plaintiff's counsel requested as a reasonable accommodation that the university waive the policy for Mr. Fialka-Feldman because he could not enroll in a program leading to a degree due to his disability.

39. In a letter on November 7, 2008, OU's legal counsel denied the request for reasonable accommodation and denied the policy was discriminatory.

40. In a letter dated and faxed on November 14, 2008, Plaintiff's counsel repeated the request for a reasonable accommodation on behalf of Mr. Fialka-Feldman.

41. OU's legal counsel again denied the requested reasonable accommodation by letter dated November 17, 2008.

42. Mr. Fialka-Feldman has been extended most or all privileges of being an OU student except housing.


## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FAIR HOUSING ACT
### DENIAL OF A REQUESTED REASONABLE ACCOMMODATION

43. Paragraphs 1 through 42 are incorporated by reference herein.

44. The dormitory housing at OU is considered a dwelling pursuant to 42 U.S.C. § 3602(b).

45. Micah Fialka-Feldman is a person with a disability pursuant to 42 U.S.C. § 3602(h).

46. The Fair Housing Act prohibits the refusal to make reasonable accommodations in the rules, policies, practices, or services, when such an accommodation may be

necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(3)(B).

47. Due to his disability, the Plaintiff is not enrolled in an OU program leading toward a degree.

48. By failing to grant Plaintiff's reasonable accommodation request, that OU waive or modify its policy that to be eligible for housing a student must be in a program leading toward a degree, the Defendant has discriminated against the Plaintiff by excluding him from on-campus housing in violation of aforementioned section of the Fair Housing Act.

49. As a result of the actions of the Defendant, Mr. Fialka-Feldman has suffered significant emotional distress.

## COUNT II: VIOLATION OF THE FAIR HOUSING ACT DISCRIMINATION, DISPARATE IMPACT

50. Paragraphs 1 through 49 are incorporated by reference herein.

51. The housing policy of OU which limits on-campus housing to only those students enrolled in programs leading to a degree discriminates against the Plaintiff, which due to his disability, he is unable to enroll in a program leading toward a degree, and his fellow students in the OPTIONS program in violation of 42 U.S.C. § 3604 (f)(1) and (2).

52. As a result of the actions of the Defendant, Mr. Fialka-Feldman has suffered significant emotional distress.

## COUNT III: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 DISCRIMINATION

53. Paragraphs 1 through 52 are incorporated by reference herein.

54. OU is a college or university and as such all operations of OU are "programs or activities" covered by Section 504 of the Rehabilitation Act of 1973. 29 U.S.C. § 794 (b)(2)(A).

55. OU is a recipient of federal funds.

56. Pursuant to the regulations of U.S. Department of Education, Mr. Fialka-Feldman, who is capable of living in a dormitory setting, is a qualified handicapped person. 34 C.F.R. § 104.3(l).

57. The housing policy of OU which limits on-campus housing to only those students enrolled in programs leading to a degree discriminates against the Plaintiff and his fellow students in the OPTIONS program in violation of 34 C.F.R. § 104.4.

58. As a result of the actions of the Defendant, Mr. Fialka-Feldman has suffered significant emotional distress.

## COUNT IV: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 DENIAL OF REASONABLE ACCOMMODATION

59. Paragraphs 1 through 58 are incorporated by reference herein.

60. OU is a recipient of federal funds.

61. The refusal of OU to waive or make an exception to its housing policy denies the Plaintiff housing the choice of living accommodations that is, as a whole, comparable to that of nonhandicapped students. In violation of 34 CFR 104.45(a).

62. As a result of the actions of the Defendant, Mr. Fialka-Feldman has suffered significant emotional distress.

## VI. JURY DEMAND

63. Plaintiff hereby requests a trial by jury in this matter.

## VII.  REQUESTED RELIEF

The Plaintiff, Micah Fialka-Feldman, requests this Honorable Court for the following

relief:

a.  A declaratory judgment that the actions of the Defendant OU violated the relevant

sections of the Fair Housing Act and Section 504 of the Rehabilitation Act of

1973;

b.  Injunctive relief ordering Defendant OU's Board to immediately provide on-

campus dormitory housing for the Plaintiff Micah Fialka-Feldman;

c.  An award of compensatory and punitive damages;

d.  Attorney fees and costs, and;

e.  Any and all other relief deemed equitable and just by this Court.


                              Respectfully submitted,

Dated: November 25, 2008          s/Chris E. Davis
                                  MICHIGAN PROTECTION &
                                  ADVOCACY SERVICE, INC.
                                  Attorney for Plaintiff
                                  29200 Vassar Blvd., Suite 200
                                  Livonia, MI  48152
                                  (248) 473-2990
                                  cdavis@mpas.org
                                  P52159