

Office of the Vice President for Legal Affairs,
General Counsel and
Secretary to the Board of Trustees

203 Wilson Hall
Rochester, Michigan 48309-4401
(248) 370-3112 Fax: (248) 370-4474

RECEIVED
NOV 1 0 2008

November 7, 2008

**VIA FACSIMILE AND FIRST CLASS MAIL**
Chris E. Davis
Michigan Protection and Advocacy Service, Inc.
Livonia Corporate Towers
29200 Vassar Blvd., Suite 200
Livonia, Michigan 48152-2116

Re: Micah Fialka-Feldman

Dear Mr. Davis:

We are in receipt of your October 7, 2008 and November 7, 2008 letters on behalf of your client, Micah Fialka-Feldman, regarding his request to reside in Oakland University's residence halls.

Oakland University is a Michigan constitutional body corporate with broad academic freedom to formulate its educational programs and policies. One of the criteria for any individual, disabled or otherwise, to be eligible to reside in the University's residence halls is that they be a regularly admitted student enrolled in coursework leading toward a degree.

It is well settled that universities are not required to establish programs for those individuals who, with other reasonable accommodation for their disabilities, have not shown themselves qualified for regular admission, and you admit that your client cannot be qualified for regular admission. Even so, the University's School of Education and Human Services conceived the OPTIONS program to give cognitively disabled individuals who cannot be regularly admitted as a student or enrolled in coursework leading toward a degree the opportunity to develop improved social skills in a post-secondary educational setting, and it is the only such program in the State of Michigan. However, providing on-campus housing is not necessary to meet the University's educational objectives of the program. Most regularly admitted University students seeking degrees never live on campus, yet have a highly satisfying educational experience.

Chris E. Davis
November 7, 2008
Page 2

In addition, making your client eligible to reside in the University's residence halls is not a "reasonable accommodation" as you allege. Residency will not enable your client to be regularly admitted and enroll in coursework leading toward a degree, nor is it necessary for his participation in the OPTIONS program. Therefore, we understand your request to be not for an accommodation, but one to fundamentally alter the nature of the OPTIONS program itself, which is not required by law.

The University has received the materials and information provided by and on behalf of your client, both before and throughout the last month, including the materials, information and presentations made to the University's Board of Trustees. In addition to those materials and information, the University's Vice President for Student Affairs and Enrollment Management has met with both your client and his parents on several occasions, consulted with School of Education and Human Services officials, University faculty members, the University's directors for housing and disability support services, and her counterparts at other state universities. All agreed with and supported the University's current policy.

For all the foregoing reasons, your client's requests to alter the University's eligibility requirements for on-campus housing and to expand the OPTIONS program to include on-campus housing are, respectfully, denied.

The University's policy of permitting only regularly admitted students seeking degrees to reside in its residence halls is lawful and nondiscriminatory, and there is no evidence, statistical or otherwise, that supports your allegations. We do not believe your allegations are well grounded in fact, warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and as such, we will vigorously defend any litigation your client chooses to initiate.

Very truly yours,

Victor A. Zambardi
Vice President for Legal Affairs,
General Counsel and
Secretary to the Board of Trustees

c: Oakland University Board of Trustees
    Gary D. Russi, President