# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MICHAH FIALKA-FELDMAN,

        Plaintiff,

v.

OAKLAND UNIVERSITY BOARD
OF TRUSTEES,

        Defendant.

Case No. 2:08-cv-14922-PJD-VMM
Hon. Patrick J. Duggan

_____/

Chris E. Davis (P52159)
Michigan Protection & Advocacy
Service, Inc.
29200 Vassar Blvd., Ste. 200
Livonia, MI 48152
(248) 473-2990
cdavis@mpas.org
Attorney for Plaintiff

Robert A. Boonin (P38172)
Zachary V. Moen (P72029)
Butzel Long, a professional corporation
350 S. Main Street, Ste. 300
Ann Arbor, MI 48103
(734) 213-3601
boonin@butzel.com
Attorneys for Defendant

_____/

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

Defendant Oakland University Board of Trustees, through its attorneys Butzel Long, a professional corporation, state as its Answer to the Complaint in the above-captioned matter, as follows:

### I. INTRODUCTION

1. Answering paragraph 1 of the Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that the statements are not allegations of fact and therefore do not invite a response.

2. Answering paragraph 2 of the Complaint, Defendant admits that Plaintiff has requested to live in a dormitory on Defendant's campus. Further answering paragraph 2,

Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained therein, and/or states those allegations are conclusions of law and not allegations of fact inviting a response, and therefore leaves Plaintiff to his proofs as to those allegations.

3. Answering paragraph 3 of the Complaint, Defendant admits the allegations contained therein.

4. Answering paragraph 4 of the Complaint, Defendant admits that Plaintiff is not enrolled in a University programs leading to a degree. Further answering paragraph 4, Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained therein, and therefore leaves Plaintiff to his proofs as to those allegations.

5. Answering paragraph 5 of the Complaint, Defendant admits that Plaintiff is currently participating in the University's OPTIONS program and that the OPTIONS program does not lead to a degree or certificate of completion.

6. Answering paragraph 6 of the Complaint, Defendant denies the allegations contained therein. Further answering paragraph 6, Defendant avers that its housing policy does not discriminate against persons in the OPTIONS program, but rather, its housing policy appropriately limits student housing to students admitted to degree granting programs at the University without regard to a student's disability.

7. Answering paragraph 7 of the Complaint, Defendant admits that Plaintiff's counsel sought an exception to the University's housing policies or a modification of the OPTIONS program to allow his client to live in the dormitory and that Defendant denied that request. Further answering Paragraph 7, Defendant denies that a reasonable accommodation was requested or that Plaintiff was entitled to a reasonable accommodation.

## II. JURISDICTION AND VENUE

8. Answering Paragraph 8 of the Complaint, Defendant denies the allegations contained therein for the reason that Plaintiff lacks the constitutionally required standing necessary for maintaining this lawsuit. Further answering Paragraph 8, Defendant also denies the allegations for the reason that Defendant is immune from liability under the Eleventh Amendment of the United States Constitution.

9. Answering Paragraph 9 of the Complaint, subject to Defendant's objections regarding jurisdiction and standing, Defendant does not contest the venue of this matter being before this Court.

## III. PARTIES

10. Answering Paragraph 10 of the Complaint, Defendant admits the allegations contained therein.

11. Answering Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore leave Plaintiff to his proofs as to those allegations.

12. Answering Paragraph 12 of the Complaint, Defendant admits that Plaintiff is a participant in the OPTIONS program at Oakland University. Further answering Paragraph 12, Defendant denies the remaining allegations contained therein.

13. Answering Paragraph 13 of the Complaint, Defendant admits the allegations contained therein.

14. Answering Paragraph 14 of the Complaint, Defendant admits that the Board's authority to act is granted by the cited state law. Further answering Paragraph 14, Defendant

avers that it has constitutional powers under Article VIII, § 6 of the Constitution of the State of Michigan. Further answering Paragraph 14, Defendant neither admits nor denies the remaining allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

## IV. FACTUAL ALLEGATIONS

15. Answering Paragraph 15 of the Complaint, Defendant denies the allegations contained therein. Further answering Paragraph 15, Defendant avers that Plaintiff has participated in both the University's Transitions program and OPTIONS program and has been coming to the University's campus since approximately 2004.

16. Answering Paragraph 16 of the Complaint, Defendant admits that beginning with the fall term of 2007, Plaintiff was permitted to participate in the OPTIONS program, a program sponsored by the University's School of Education and Human Services. Further answering Paragraph 16, Defendant denies the remaining allegations contained therein.

17. Answering Paragraph 17 of the Complaint, Defendant admits the allegations contained therein.

18. Answering Paragraph 18 of the Complaint, Defendant admits that the OPTIONS program was designed for certain individuals with cognitive impairments. Further answering Paragraph 18, Defendant denies the remaining allegations contained therein.

19. Answering Paragraph 19 of the Complaint, Defendant admits that Plaintiff was permitted to participate in the OPTIONS Program. Further answering Paragraph 19, Defendant denies the remaining allegations contained therein.

20. Answering Paragraph 20 of the Complaint, Defendant denies that Plaintiff participates in University activities as a regularly enrolled student of the University for the

reason that regular enrollment is not a prerequisite for participating in University sponsored student activities. Further answering Paragraph 20, Defendant is without sufficient knowledge or information form a belief as to the remaining allegations contained therein, and therefore leaves Plaintiff to his proofs as to those allegations.

21. Answering Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein, and therefore leaves Plaintiff to his proofs as to those allegations.

22. Answering Paragraph 22 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein, and therefore leaves Plaintiff to his proofs as to those allegations.

23. Answering Paragraph 23 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein, and therefore leaves Plaintiff to his proofs as to those allegations.

24. Answering Paragraph 24 of the Complaint, Defendant admits the allegations contained therein. Further answering Paragraph 24, Defendant avers that pre-arranged tours of the University's dormitory housing are routinely arranged by the Director of Housing for anyone requesting same, including secondary education students, and that the tour does not indicate that one is eligible to live in University housing.

25. Answering Paragraph 25 of the Complaint, Defendant admits the allegations contained therein.

26. Answering Paragraph 26 of the Complaint, Defendant admits the allegations contained therein.

27. Answering Paragraph 27 of the Complaint, Defendant admits the allegations contained therein.

28. Answering Paragraph 28 of the Complaint, Defendant admits the allegations contained therein.

29. Answering Paragraph 29 of the Complaint, Defendant admits that on or about December 3, 2007, the $100.00 was refunded to Rich Feldman. Further answering Paragraph 29, Defendant denies the remaining allegations contained therein.

30. Answering Paragraph 30 of the Complaint, Defendant admits that on or about April 25, 2008, Plaintiff's parents paid the University the fees required for Plaintiff to participate in the OPTIONS Program during the University's winter 2008 term. Further answering Paragraph 30, Defendant denies the remaining allegations contained therein.

31. Answering Paragraph 31 of the Complaint, Defendant admits that on or about May 5, 2008, Plaintiff and his family provided the University with numerous letters of support regarding Plaintiff's desire to live in University housing and that a meeting with the University's Vice President of Student Affairs, Mary Beth Snyder, was later arranged. Further answering Paragraph 31, Defendant denies the remaining allegations contained therein.

32. Answering Paragraph 32 of the Complaint, Defendant admits the allegations contained therein.

33. Answering Paragraph 33 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore leaves Plaintiff to his proofs as to those allegations. Further answering Paragraph 33, upon information and belief Defendant avers that some of its ESL students may have been

permitted to live in the dorms, but that those students were conditionally admitted into a degree granting program or were international students pursuing a degree.

34. Answering Paragraph 34 of the Complaint, Defendant admits the allegations contained therein.

35. Answering Paragraph 35 of the Complaint, Defendant admits the allegations contained therein.

36. Answering Paragraph 36 of the Complaint, Defendant admits the on or about September 24, 2008, Vice President Snyder sent a letter to Plaintiff. Further answering Paragraph 36, Defendant avers that the letter speaks for itself and that it is not appropriate for the letter to be summarized in this pleading.

37. Answering Paragraph 37 of the Complaint, Defendant admits that its General Counsel, Victor A. Zambardi, received a letter from Plaintiff's counsel dated October 7, 2008. Further answering Paragraph 37, Defendant avers that the letter speaks for itself and that it is not appropriate for the letter to be summarized in this pleading.

38. Answering Paragraph 38 of the Complaint, Defendant hereby incorporates by reference its answer to Paragraph 37 of the Complaint.

39. Answering Paragraph 39 of the Complaint, Defendant admits that its General Counsel, Victor A. Zambardi, sent a letter to Plaintiff's counsel dated November 7, 2008. Further answering Paragraph 39, Defendant avers that the letter speaks for itself and that it is not appropriate for the letter to be summarized in this pleading. Further answering Paragraph 39, Defendant avers that it advised Plaintiff's counsel that his requests were not appropriate under applicable law and that Plaintiff was properly denied the opportunity to live in the University's dormitory due to his academic status – and not due to his alleged disability.

40. Answering Paragraph 40 of the Complaint, Defendant admits that Plaintiff's counsel sent it another letter dated November 14, 2008. Further answering Paragraph 40, Defendant avers that the letter speaks for itself and that it is not appropriate for the letter to be summarized in this pleading. Further answering Paragraph 40, Defendant denies that the request was reasonable, under the law, and denies that the policy is discriminatory.

41. Answering Paragraph 41 of the Complaint, Defendant admits that its General Counsel, Victor A. Zambardi, sent a letter to Plaintiff's counsel dated November 17, 2008. Further answering Paragraph 41, Defendant avers that the letter speaks for itself and that it is not appropriate for the letter to be summarized in this pleading. Further answering Paragraph 41, Defendant avers that it advised Plaintiff's counsel that his accommodation requests were not appropriate under applicable law and that Plaintiff was properly denied the opportunity to live in the University's dormitory due to his academic status – and not due to his alleged disability.

42. Answering Paragraph 42 of the Complaint, Defendant denies the allegations contained therein. Further answering Paragraph 42, Defendant avers that among the privileges denied to Plaintiff due to his status as person not enrolled in a degree granting program at the University are the rights to take classes for credit, to participate fully in any class he wishes to attend, to earn grades and a degree,. Further answering Paragraph 42, Defendant also avers that Plaintiff is extended some of the privileges typically provided to continuing education students attending the University, who do not have a right to live in the University's dormitories, but who – unlike Plaintiff – may earn academic credit and grades. Further answering Paragraph 42, Defendant avers that Plaintiff is also extended privileges which are often provided to guests of the University.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FAIR HOUSING ACT
### DENIAL OF A REQUESTED REASONABLE ACCOMMODATON

43. Answering Paragraph 43 of the Complaint, Defendant hereby incorporates by reference its answers to Paragraphs 1 though 42 of the Complaint.

44. Answering Paragraph 44 of the Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

45. Answering Paragraph 45 of the Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

46. Answering Paragraph 46 of the Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

47. Answering Paragraph 47 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore leaves Plaintiff to his proofs at those allegations.

48. Answering Paragraph 48 of the Complaint, Defendant denies that it violated the Fair Housing Act in any respect regarding Plaintiff and his requests, and avers that Plaintiff's requests were unreasonable as a matter of law.

49. Answering Paragraph 49 of the Complaint, Defendant denies the allegations contained therein.

## COUNT II: VIOLATION OF THE FAIR HOUSING ACT
## DISCRIMINATION, DISPARATE IMPACT

50. Answering Paragraph 50 of the Complaint, Defendant hereby incorporates by reference its answers to Paragraphs 1 though 49 of the Complaint.

51. Answering Paragraph 51 of the Complaint, Defendant denies that it violated the Fair Housing Act in any respect regarding Plaintiff. Further answering Paragraph 51, Defendant avers that individuals, with or without a disability, who do not meet the disability-neutral requirements to matriculate into a degree granting program at the University, are not permitted to so matriculate and participate in the University's programs and services as students who do so matriculate – including, but not limited to, housing.

52. Answering Paragraph 52 of the Complaint, Defendant denies the allegations contained therein.

## COUNT III: VIOLATION OF SECTION 504
## OF THE REHABILITATION ACT OF 1973 DISCRIMINATION [SIC]

53. Answering Paragraph 53 of the Complaint, Defendant hereby incorporates by reference its answers to Paragraphs 1 though 52 of the Complaint.

54. Answering Paragraph 54 of the Complaint, Defendant admits that Oakland University is a university. Further answering Paragraph 54, Defendant neither admits nor denies the remaining allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

55. Answering Paragraph 55 of the Complaint, Defendant admits the allegations contained therein.

56. Answering Paragraph 56 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff is capable

of living in a dormitory setting, and therefore leaves Plaintiff to his proofs as to that allegation. Further answering Paragraph 56, Defendant denies that Plaintiff qualifies for living in the University's dormitories. Further answering Paragraph 56, Defendant neither admits nor denies the remaining allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

57. Answering Paragraph 57 of the Complaint, Defendant denies the allegations contained therein.

58. Answering Paragraph 58 of the Complaint, Defendant denies the allegations contained therein.

## COUNT IV: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 DENIAL OF REASONABLE ACCOMMODATION [SIC]

59. Answering Paragraph 59 of the Complaint, Defendant hereby incorporates by reference its answers to Paragraphs 1 though 58 of the Complaint.

60. Answering Paragraph 60 of the Complaint, Defendant admits the allegations contained therein.

61. Answering Paragraph 61 of the Complaint, Defendant denies the allegations contained therein.

62. Answering Paragraph 62 of the Complaint, Defendant denies the allegations contained therein.

### VI. JURY DEMAND

63. Answering Paragraph 63 of the Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response. Further answering Paragraph 63,

Defendant denies that the equitable claims can be tried to a jury and that Plaintiff is entitled to maintain his claims, as a matter of law.

## VII. REQUESTED RELIEF

Defendant denies it committed any wrongdoing in this matter and therefore denies that Plaintiff is entitled to any of the relief requested.

WHEREFORE, Defendant asks this Court to dismiss Plaintiff's claims in their entirety, and award Defendant its costs and fees, including attorney's fees, incurred while defending this matter, as well as any other relief this Court deems just and appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant, Oakland University Board of Trustees, through its attorneys Butzel Long, a professional corporation, state as its affirmative and other defenses, as follows:

1. Plaintiff's claims are barred by his lack of standing to maintain this action, and therefore this Court lacks subject matter jurisdiction over Plaintiff's claims.

2. Plaintiff's claims are barred, in whole or in part, by the 11th Amendment to the United States Constitution.

3. Plaintiff has failed to state a claim upon which relief may be granted.

4. Plaintiff has failed to exhaust his administrative remedies.

5. Plaintiff's claims are barred by the doctrine of academic freedom.

6. Plaintiff is not qualified to live in the University's dormitories.

7. Plaintiff is not a qualified individual with a disability.

8. Plaintiff is not qualified to participate in the OPTIONS program.

9. Plaintiff has failed to mitigate his damages.

10. Plaintiff's requests for accommodations were not reasonable.

11. Defendant has acted in good faith.

12. Plaintiff has failed to state a claim for damages.

13. Plaintiff has failed to state a claim for punitive damages.

14. Defendant reserves the right to add to or modify its affirmative and other defenses as it deems appropriate during the remaining course of this litigation based on information learned during this litigation

WHEREFORE, Defendant asks this Court to dismiss Plaintiff's claims in their entirety, and award Defendant its costs and fees, including attorney's fees, incurred while defending this matter, as well as any other relief this Court deems just and appropriate.

Respectfully submitted,

**BUTZEL LONG**

By: /s/ Robert A. Boonin
    Robert A. Boonin (P38172)
    Zachary V. Moen (P72029)
    Omar N. Chaudhary (P71676)

300 South Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 995-3110
boonin@butzel.com

**Attorneys for Defendant Oakland University Board of Trustees**

Dated: December 17, 2008

## Certificate of Service

I, Robert A. Boonin, hereby certify that on December 17, 2008, I electronically filed the foregoing papers with the Clerk of the court using the ECF system, which will send notification of such filing to the following counsel of record:

>Chris E. Davis
>Michigan Protection & Advocacy Service, Inc.
>29200 Vassar Blvd., Ste. 200
>Livonia, MI 48152
>(248) 473-2990
>cdavis@mpas.org
>Attorney for Michah Fialka-Feldman

>Respectfully submitted,
>
>**BUTZEL LONG**
>
>By: /s/ Robert A. Boonin
>    Robert A. Boonin (P38172)
>    Zachary V. Moen (P72029)
>    Omar N. Chaudhary (P71676)
>
>300 South Main Street, Suite 300
>Ann Arbor, Michigan 48104
>(734) 995-3110
>boonin@butzel.com
>
>**Attorneys for Defendant Oakland**
>**University Board of Trustees**

Dated: December 17, 2008