

EXHIBIT D

*1998 U.S. App. LEXIS 6017, **

HONEYWELL, INC., Plaintiff-Appellant, v. BREWER-GARRETT COMPANY, HAROLD K. TISDALE, KATHLEEN WILEMAN, Defendants-Appellees.

No. 97-3673

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

1998 U.S. App. LEXIS 6017

March 23, 1998, Filed

**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 1998 U.S. App. LEXIS 19641.

**PRIOR HISTORY:** On Appeal from the United States District Court for the Northern District of Ohio. 96-02221. Oliver. 5-30-97.

**DISPOSITION:** AFFIRMED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff corporation filed suit against defendants, a company and two former employees, alleging misappropriation of confidential information or trade secrets, and breach of covenants not to compete or disclose. The United States District Court for the Northern District of Ohio denied the corporation's motion for a preliminary injunction. The corporation appealed.

**OVERVIEW:** While working for the corporation, the employees signed covenants not to compete or disclose. The employees resigned, and immediately were employed by the company, a direct competitor of the corporation. The district court denied the corporation's motion for a preliminary injunction, finding that the corporation failed to present sufficient evidence of a strong likelihood of prevailing on the merits. The corporation argued that the district court abused its discretion in denying the motion. The court held that (1) the alleged harm caused by the company and employees was the type that could be remedied at a later date by an award of money damages, making the corporation's claim not irreparable, (2) the district court applied the proper four-prong test for injunctive relief, and did not clearly err in any of its factual findings, (3) there was insufficient evidence to suggest continuing or future disclosures, and (4) the corporation had failed to show by clear and convincing evidence an inadequate remedy at law or irreparable harm.

**OUTCOME:** The decision denying the corporation's motion for a preliminary injunction was affirmed.

**CORE TERMS:** trade secrets, injunction, noncompetition agreements, proprietary, preliminary injunction, misappropriation, nondisclosure, legal standard, contracting, covenant, disclose, irreparable harm, abuse of discretion, disclosure, confidential information, injunctive relief, enjoin, abused, government contracts, money damages, clear and convincing evidence, irreparable, incorrect, insufficient evidence, preliminarily, transgressions, solicited, disparity, breached, remedied

**LEXISNEXIS(R) HEADNOTES**
Civil Procedure > Remedies > Injunctions > Preliminary & Temporary Injunctions
Criminal Law & Procedure > Appeals > Standards of Review > Abuse of Discretion > General Overview
Criminal Law & Procedure > Appeals > Standards of Review > De Novo Review > General Overview

**HN1** An appellate court reviews a district court's grant or denial of a preliminary injunction for abuse of discretion. An abuse of discretion exists when the district court applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact. Thus, an appellate court reviews the district court's conclusions of law de novo and its findings of fact for clear error, which is indicated by the firm conviction that a mistake has been made.

Trade Secrets Law > Civil Actions > Remedies > Injunctive Relief > Threatened Misappropriation
Trade Secrets Law > Misappropriation Actions > Elements > Acquisition
Trade Secrets Law > Ownership Rights > Employee Knowledge & Skill

**HN2** The Uniform Trade Secrets Act (Act), adopted by Ohio in 1994, provides that actual or threatened misappropriation of trade secrets may be enjoined. Ohio Rev. Code Ann. § 1333.62(A) (1996). "Misappropriation" under the Act includes improper acquisition or disclosure of a trade secret. Ohio Rev. Code Ann. § 1333.61(B) (1996). Of course, a former employee can use to his own advantage all the skills and knowledge of common use in the trade that he acquires during his employment.

Civil Procedure > Remedies > Injunctions > Preliminary & Temporary Injunctions
Evidence > Procedural Considerations > Burdens of Proof > Clear & Convincing Proof
Trade Secrets Law > Civil Actions > Remedies > Injunctive Relief > General Overview

**HN3** Injunctive relief for misappropriation under the Uniform Trade Secrets Act is discretionary and is subject to the same equitable principles that underlie any grant or denial of an injunction. An appellate court considers four factors when determining whether a district court's denial of a preliminary injunction was an abuse of discretion: (1) the likelihood of success on the merits of the action; (2) the irreparable harm that could result from the denial; (3) the impact on the public interest; and (4) the possibility of substantial harm to others. The party seeking the injunction must establish its case by clear and convincing evidence.

Civil Procedure > Remedies > Damages > Monetary Damages
Civil Procedure > Remedies > Injunctions > Elements > General Overview

**HN4** A plaintiff's harm is not irreparable if it is fully compensable by money damages. In addition, an injunction generally should not issue if there is an adequate remedy at law.

**COUNSEL:** For HONEYWELL, INC., Plaintiff - Appellant: Thomas J. Collin, Thompson, Hine & Flory, Cleveland, OH.

For BREWER-GARRETT COMPANY, HAROLD K. TISDALE, KATHLEEN WILEMAN, Defendants - Appellees: David J. Pasz, Strongsville, OH.

**JUDGES:** BEFORE: WELLFORD, RYAN, and SILER, Circuit Judges.

**OPINION BY:** RYAN

**OPINION**

RYAN, Circuit Judge. The plaintiff in this diversity action, Honeywell Inc., appeals the district court's denial of Honeywell's motion preliminarily to enjoin the defendants, Brewer-Garrett Company, Harold K. Tisdale, and Kathleen Wileman, from allegedly misappropriating Honeywell's confidential information or trade secrets, and, with respect to Tisdale and Wileman, from allegedly breaching nondisclosure and noncompetition agreements. We affirm **[*2]** the denial of the preliminary injunction.

**I.**

Only a brief recitation of the most pertinent facts is in order. Honeywell and Brewer-Garrett are rivals in the commercial heating, ventilating, and air conditioning (HVAC) business. The two companies also competed for the services of defendants Tisdale and Wileman, both of whom resigned their positions at Honeywell's Akron office on June 14, 1996, in order to begin working for Brewer-Garrett. Such is the genesis of this dispute, wherein Honeywell, alleging misappropriation of confidential information or trade secrets, and breach of covenants not to compete or disclose, seeks to enjoin any such misconduct in the future.

In consideration of his employment by Honeywell, Tisdale signed "nondisclosure" and "noncompetition" agreements promising that he would not use, or disclose to others, Honeywell's trade secrets or proprietary information. Each agreement obligated Tisdale to return to Honeywell, upon the termination of his employment, all tangible proprietary information. The noncompetition agreement also proscribed Tisdale from competing in various respects with Honeywell for one year. Defendant Wileman signed substantially similar **[*3]** nondisclosure and noncompetition agreements.

Center stage in this case is an area of HVAC services known as "performance contracting." Both Honeywell and Brewer-Garrett have provided "performance contracting" services throughout their history, but recent Ohio legislation has moved competition for certain government contracts to provide this kind of service to the forefront. See OHIO REV. CODE ANN. §§ 307.041(C)(2), 3345.65.

With respect to the public competitive bidding for the three government contracts at issue in this case, and with which the parties are thoroughly familiar, the record supports the district court's conclusion that, while at Brewer-Garrett, Tisdale did not improperly use or disclose Honeywell proprietary information, nor improperly compete against Honeywell. In fact, Tisdale stated in his affidavit that in his experience every performance contracting proposal was evaluated on its own merit. He further represented that he had no knowledge of any alleged Honeywell pricing schedule in any event, and that he had not retained any of the "checklists" or "charts" that constituted Honeywell's procedures.

The record also supports the district court's findings in connection **[*4]** with the motion for extraordinary relief and plaintiffs failure to carry its burden in that regard. Wileman may have breached her nondisclosure agreement by tendering a Honeywell proposal to Brewer-Garrett's construction manager. For purposes of the motion, however, the manager, Jeffrey

Zellers, did not obtain the benefit of the report and instructed Wileman to destroy the report and the evidence supports the finding that she did. It also appears that Wileman may have breached her noncompetition agreement by her work on one of the three projects for Brewer-Garrett. Wileman was subsequently removed from that project, and she attests that she returned or destroyed all other proprietary Honeywell information. Wileman apparently made no further attempts to use or disclose proprietary Honeywell information.

In his affidavit, Zellers corroborates that no one at Brewer-Garrett has solicited from Tisdale or Wileman, or has seen, any Honeywell confidential information or trade secrets. In addition, Zellers attests that Brewer-Garrett "prepares its proposals for performance service contracting the same today as it did prior to Tisdale's and Wileman's employment at The Brewer-Garrett Company." **[*5]** Finally, even Honeywell executives affirmatively state that they have no knowledge of any other instances in which Honeywell confidential information or trade secrets were divulged to, or solicited from, or used for the benefit of, Brewer-Garrett.

The district court also credited Zellers's opinion that the competing bids on all three government projects were dissimilar in every material respect, an indication of disparate methodology. For example, one of Brewer-Garrett's winning bids exceeded Honeywell's by nearly $ 163,000. This disparity moved the court to remark, "If Brewer-Garrett was using Tisdale to undercut Honeywell, one would expect that disparity to work in the opposite direction."

Consequently, in declining to issue the injunction, the district court found that Honeywell failed to present "sufficient evidence of a strong likelihood of prevailing on the merits," and "that the alleged harm caused by the Defendants' conduct is the type that can be remedied at a later date by an award of money damages. That being so, the Plaintiffs claimed harm is not irreparable."

## II.

*HN1* "We review the district court's grant [or denial] of a preliminary injunction for abuse of discretion." **[*6]** *Schenck v. City of Hudson*, 114 F.3d 590, 593 (6th Cir. 1997) (citing *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993)). An abuse of discretion exists when the district court "applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *Id.* Thus, we review the district court's conclusions of law *de novo* and its findings of fact for clear error, which is indicated by the firm conviction that a mistake has been made. *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653, 657 (6th Cir.), *cert. denied*, 136 L. Ed. 2d 13, 117 S. Ct. 49 (1996).

*HN2* The Uniform Trade Secrets Act, adopted by Ohio in 1994, provides that "actual or threatened misappropriation [of trade secrets] may be enjoined." OHIO REV. CODE ANN. § 1333.62(A) (Anderson Supp. 1996). "Misappropriation" under the Act includes improper acquisition or disclosure of a trade secret. OHIO REV. CODE ANN. § 1333.61(B) (Anderson Supp. 1996). Of course, "[a] former employee can use to his own advantage all the skills and knowledge of common use in the trade that he acquires during his employment." *Wiebold Studio, Inc. v. Old* **[*7]** *World Restorations, Inc.*, 19 Ohio App. 3d 246, 484 N.E.2d 280, 284 (Ohio Ct. App. 1985); see *Official Aviation Guide Co. v. American Aviation Assocs.*, 150 F.2d 173, 178 (7th Cir. 1945).

*HN3* Injunctive relief for misappropriation under the Act is discretionary and is subject to the same equitable principles that underlie any grant or denial of an injunction. This court considers four factors when determining whether a district court's denial of a preliminary injunction was an abuse of discretion: (1) the likelihood of success on the merits of the action; (2) the irreparable harm that could result from the denial; (3) the impact on the

public interest; and (4) the possibility of substantial harm to others. *Schenck*, 114 F.3d at 593 (citing *L.P. Acquisition Co. v. Tyson*, 772 F.2d 201, 205 (6th Cir. 1985)). The party seeking the injunction must establish its case by clear and convincing evidence. See *Garlock, Inc. v. United Seal, Inc.*, 404 F.2d 256, 257 (6th Cir. 1968); *Vanguard Transp. Sys., Inc. v. Edwards Transfer & Storage Co.*, 109 Ohio App. 3d 786, 673 N.E.2d 182, 186 (Ohio Ct. App. 1996).

"Those four considerations are, however, 'factors to be balanced . . . .'" [*8] *Dayton Area Visually Impaired Persons, Inc. v. Fisher*, 70 F.3d 1474, 1480 (6th Cir. 1995) (quoting *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)), cert. denied, 116 S. Ct. 1421 (1996). It is recognized that **HN4** "a plaintiff's harm is not irreparable if it is fully compensable by money damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). "In addition, an injunction generally should not issue if there is an adequate remedy at law." *CSX Transp., Inc. v. Tennessee Bd. of Equalization*, 964 F.2d 548, 551 (6th Cir. 1992) (citing *EBSCO Indus. v. Lilly*, 840 F.2d 333, 335-36 (6th Cir. 1988)); see *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07, 3 L. Ed. 2d 988, 79 S. Ct. 948 (1959); *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984).

### III.

Honeywell argues that the district court abused its discretion when it denied Honeywell's motion to preliminarily enjoin actual and threatened misappropriation of trade secrets under the Uniform Trade Secrets Act. Similarly, Honeywell asserts that the district court abused its discretion in not enjoining actual or threatened breaches of the nondisclosure [*9] and noncompetition agreements. Specifically, Honeywell claims that the district court abused its discretion (1) by relying on clearly erroneous factual findings, (2) by using incorrect legal standards, (3) by improperly applying the correct legal standard, and (4) by not enforcing the noncompetition covenant despite Wileman's past breaches.

In general, the first two assignments of error respectively concern the district court's failure specifically to deem Honeywell's procedures to be trade secrets, and its failure specifically to mention the Act. However, it is evident that the district court, for purposes of analyzing the propriety of issuing an injunction, assumed that Honeywell's procedures constituted trade secrets. In addition, while it is true that the Act and the covenants may provide distinct and independent grounds for injunctive relief, the substantive analysis pertaining to injunctive relief is the same under either ground. Thus, the district court's failure specifically to mention the Act, or to make a finding of trade secrets is as harmless as it is irrelevant. The district court applied the proper legal test, the four-prong test for injunctive relief; and, in addition, [*10] the district court did not clearly err in any of its underlying factual findings.

The district court found insufficient evidence at the injunction stage of improper actual disclosure to Brewer-Garrett, or improper use by Brewer-Garrett, of Honeywell proprietary information. The district court further found that there was insufficient evidence to suggest continuing or future disclosures, or breaches of the covenants, despite Wileman's past transgressions, if any. As for these past transgressions, if any, the district court found that they could adequately be remedied by a later award of damages. These findings are not clearly erroneous; rather, they are supported by the record. The district court's determinations, including lack of irreparable harm from the denial of an injunction, are not in error.

In summary, Honeywell has failed to show by clear and convincing evidence an inadequate remedy at law or irreparable harm. Consequently, the district court did not abuse its discretion in denying Honeywell's motion for a preliminary injunction. We do not decide the merits of the case in reaching this decision.

## IV.

Accordingly, we **AFFIRM** the district court's decision to deny **[\*11]** the motion for a preliminary injunction.

Service: **Get by LEXSEE®**
Citation: **1998 U.S. App. LEXIS 6017**
View: Full
Date/Time: Monday, January 5, 2009 - 9:21 AM EST

\* Signal Legend:
● - Warning: Negative treatment is indicated
🅠 - Questioned: Validity questioned by citing refs
▲ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
🅐 - Citing Refs. With Analysis Available
🅘 - Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.

 **LexisNexis®**   About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2009 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.