**EXHIBIT E**

*1991 U.S. App. LEXIS 22135, **

JO AN MORRIS, Plaintiff-Appellant, v. KIMBERLY DEHAAN; AMURCON INCORPORATED; P.M. ONE MANAGEMENT, INC.; ANDY BABCOCK; NOLAN PAYNE; JOHN BOONE; MARY MATTHEWS; SAM PIERCE, JR., SEC. OF H.U.D., STATE OF MICHIGAN HOUSING AUTHORITY; RICHARD HELMBRECH; HOWARD CROSS; TERRENCE CUVIRNAY; HOUSING DIRECTORS PAST AND PRESENT; UNITED STATES DEPARTMENT OF H.U.D.; CHARLES WALLACE; MARGARET CONNERS; ROSE JACKSON; DEPT. OF HEALTH EDUCATION AND WELFARE (party in interest); PROCESS SERVER JOHN DOE; POLICE OFFICER JOHN DOE; AMURCON, INC. WITH DEFENDANTS FRED A. ERB; KIM O. WILKINS; JAMES W. DRAPER; MARVIN LARIVEE; BARTON M. BERMAN; JOHN J. HAYES; THOMAS S. LYDECK dock; ANDY BISIG; FOREST BABCOCK; JUDGE ARVIN DAVIS, Defendants-Appellees

No. 90-2190

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

1991 U.S. App. LEXIS 22135

September 12, 1991, Filed

**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported as Table Case at 944 F.2d 905, 1991 U.S. App. LEXIS 28067.

**PRIOR HISTORY:** On Appeal from the United States District Court for the Western District of Michigan; District No. 84-00031; Gibson, District Judge.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff tenant sought review of the judgment from the United States District Court for the Western District of Michigan, which dismissed her complaint for violations of 42 U.S.C.S. §§ 1981, 1982, 1983, 1985, 3604, against defendant landlord.

**OVERVIEW:** The tenant filed a complaint for violations of 42 U.S.C.S. §§ 1981, 1982, 1983, 1985, 3604, against the landlord. The district court dismissed her complaint. On appeal, the tenant asserted that the landlord evicted her based on her race and religious practices. The court affirmed the judgment dismissing the tenant's discrimination and Fair Housing Act claims. The court held that the tenant's discrimination claims and Fair Housing Act claims against the landlord were precluded under the doctrine of collateral estoppel. The tenant was precluded from claiming that she was discriminated against with respect to the enforcement of her lease, or relitigating the question of whether her eviction was discriminatory based on the state court's finding that she violated the terms of her lease. Additionally, the landlord's tenant rules were promulgated by a private actor, and were not subject to constitutional scrutiny where the tenant failed to allege that either the state or the federal government was involved in the landlord's day-to-day operation.

**OUTCOME:** The court affirmed the judgment dismissing the tenant's discrimination and Fair Housing Act claims.

**CORE TERMS:** housing, tenant, lease, collateral estoppel, properly dismissed, apartment's, evicted, Fair Housing Act, unconstitutionally vague, eviction, immunity, pendent, assignments of error, state claims, unconstitutionally overbroad, discriminated, relitigate, overbroad, rental, writ of restitution, post-deprivation, post-judgment, reconsider, inadequacy, remainder

**LEXISNEXIS(R) HEADNOTES**
Administrative Law > Sovereign Immunity
Civil Procedure > Federal & State Interrelationships > Sovereign Immunity > General Overview
Governments > State & Territorial Governments > Claims By & Against
*HN1* The sovereign immunity doctrine, of which the Eleventh Amendment is an affirmation, prevents a federal court from ordering a state to pay damages to compensate for past injuries. A suit against a state agency is a suit against the state for purposes of the Eleventh Amendment.

Governments > State & Territorial Governments > Claims By & Against
*HN2* Claims against officials of the Michigan State Housing Development Authority are, in essence, claims against the state.

Civil Rights Law > Contractual Relations & Housing > Equal Rights Under the Law (sec. 1981) > Protected Parties
Civil Rights Law > Private Discrimination
Labor & Employment Law > Discrimination > Public Contracts > General Overview
*HN3* 42 U.S.C.S. § 1981 prohibits racial discrimination in the making and enforcing of contracts.

Civil Procedure > Judgments > Preclusion & Effect of Judgments > Estoppel > Collateral Estoppel
Civil Procedure > Judgments > Preclusion & Effect of Judgments > Full Faith & Credit > General Overview
*HN4* Federal courts must give a state court judgment the same preclusive effect that the judgment would be given by the state in which it was rendered. In Michigan, a party may not relitigate an issue that has already been decided in an prior proceeding.

Civil Rights Law > Contractual Relations & Housing > Property Rights (sec. 1982) > Protected Parties
Civil Rights Law > Contractual Relations & Housing > Property Rights (sec. 1982) > Protected Rights
Public Health & Welfare Law > Housing & Public Buildings > Fair Housing
*HN5* 42 U.S.C.S. § 1982 prohibits racial discrimination in the sale or rental of property.

Civil Rights Law > Section 1983 Actions > Scope
*HN6* To prevail on her 42 U.S.C.S. § 1983 claims, plaintiff must show, among other things, that she was deprived a right by someone acting under color of state law.

Civil Rights Law > Contractual Relations & Housing > Fair Housing Rights > Leasing & Sales
Public Health & Welfare Law > Housing & Public Buildings > Fair Housing
*HN7* Private apartment's involvement with Section 8 program does not create a sufficient nexus between the private actor and the government to transform private action into state action.

Governments > Legislation > Overbreadth
Governments > Legislation > Vagueness
Real Property Law > Landlord & Tenant > Tenant's Remedies & Rights > Constitutional Rights
*HN8* A statute is unconstitutionally overbroad if it prohibits constitutionally protected conduct. A statute is unconstitutionally vague if a reasonably intelligent person would not know what conduct is prohibited.

**JUDGES:** Martin and Nelson, Circuit Judges, and James H. Jarvis, District Court Judge.

UNKNOWN The Honorable James H. Jarvis of the Eastern District of Tennessee sitting by designation.

**OPINION BY:** PER CURIAM

**OPINION**

JoAn Morris, acting *pro se,* appeals the dismissal of a complaint she filed in a United States District Court against the Secretary of the U.S. Department of Housing and Urban Development and numerous other defendants. Finding Ms. Morris' assignments of error to be without merit, we shall affirm the judgment of the district court with regard to all but four defendants. The district court did not explain why it was dismissing Ms. Morris' claims against four of her fellow tenants, Margaret Conners, Rose Jackson, Mary Matthews, and Charles Wallace, [*2] and we shall remand the case for further proceeding with respect to those defendants only.

I

On August 28, 1982, Ms. Morris became a tenant in a privately-owned housing complex, Northwind Place Apartments, located in Kalamazoo, Michigan. The Department of Housing and Urban Development paid part of her rent under its "Section 8" program. The particular program in which Ms. Morris participated was administered by the Michigan State Housing Development Authority.

On January 28, 1983, Northwind notified Ms. Morris that she was in violation of her lease and requested that she vacate the premises. Ms. Morris refused to leave voluntarily, and Northwind Place brought an eviction action against her in the District Court for the City of Kalamazoo. The suit was instituted under Michigan's Summary Proceedings Act, Mich. Comp. Laws § 600.5701 *et seq.*

After a bench trial, Judge Arvin Davis found that Ms. Morris had willfully or negligently caused a serious and continuing health hazard to exist on the premises or had caused extensive or continuing physical injury to the premises. He also concluded that Ms. Morris

had violated the terms of her lease. Judge Davis entered an order on April 27, **[*3]** 1983, terminating the tenancy and authorizing Northwind Place to evict Ms. Morris if she remained on the premises after May 3, 1983.

Ms. Morris refused to leave, and on May 9, 1983, Nolan Payne, Northwind Place's attorney, submitted a proposed writ of restitution to Judge Davis. Judge Davis signed the order, and Process Server George Behrens, accompanied by Attorney Payne and a moving crew, proceeded to the Northwind Place Apartments and began removing Ms. Morris' possessions. Ms. Morris told the men that she had filed post-judgment motions that stayed the writ of restitution, and she called Judge Davis to prove her point. It turned out that Ms. Morris had in fact filed numerous post-judgment motions but had failed to take all the steps necessary to entitle her to a stay. Exercising his equity powers, Judge Davis ordered the writ stayed over the telephone and scheduled a hearing for May 13, 1983.

After holding the hearing, Judge Davis denied all of Ms. Morris' motions and lifted the stay. Process Server Behrens returned to Northwind Place to execute the writ three days later.

Ms. Morris then filed suit in the United States District Court for the Western District of Michigan. An amended **[*4]** complaint named the following individuals and entities as defendants: Amurcon Corp. (owner of Northwind Place Apartments); P.M. One Ltd. (manager of Northwind Place); Thomas Lydeck, Kim O. WilKins, Marvin Larivee, Barton M. Berman, John J. Hayes, James W. Draper, and Fred Erb (Amurcon employees); Kimberly DeHaan, John Boone, Forest Babcock and Andy Bisig (P.M. One employees); Nolan Payne (Northwind's attorney); Judge Davis; Process Server Behrens; the Michigan State Housing Development Authority and its former executive directors, Richard Helmbrecht, Howard Cross, and Terrence Duvernay; the United States Department of Housing and Urban Development; Secretary of Housing and Urban Development Sam Pierce, Jr., and his predecessors; the United States Department of Health, Education, and Welfare; and Mary Matthews, Charles Wallace, Margaret Conners, and Rose Jackson, tenants of Northwind Place.

Ms. Morris sought money damages for alleged violations of 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 3604. The essence of her claims under the first four of these statutes is that she was evicted because she is white and because Northwind's management did not approve of her religious practices. The **[*5]** essence of her claim under § 3604 (the Fair Housing Act) is that she was evicted while black tenants whose behavior was much worse than hers were not. Her complaint also included numerous pendent tort claims and sought a declaration that the Michigan Summary Proceedings Act, the Michigan District Court Rules, and Northwind's rules regarding tenant conduct were unconstitutional.

On June 6, 1984, the district court found that Ms. Morris' claims against the Michigan State Housing Development Authority and its three former directors were barred by the Eleventh Amendment. The court subsequently dismissed the claims against the federal defendants because Ms. Morris had failed to file an administrative complaint against them as required by 28 U.S.C. § 2675(a).

The district court dismissed the §§ 1981, 1982, and 1983 claims against Amurcon, P.M. One, Kimberly DeHaan, John Boone, on December 26, 1985. The court found that the state proceedings had established that the reason for the eviction was that Ms. Morris had violated her lease; under the doctrine of collateral estoppel, she was held to be precluded from now claiming that she had been evicted in violation of the First and Fourteenth **[*6]** Amendments to the United States Constitution. Ms. Morris' pendent state claims against the defendants covered by the December 26 order were dismissed without prejudice.

On January 30, 1989, the district court dismissed Ms. Morris' federal claims against Forest Babcock, Barton Berman, Andy Bisig, James Draper, Fred Erb, John Hayes, Marvin Larivee,

Thomas Lydeck, and Kim Wilkins for failure to state a claim on which relief could be granted. Ms. Morris' pendent state claims against these nine defendants were likewise dismissed without prejudice. On the same day, the district court ruled that the Michigan Summary Proceedings Act and the Michigan District court rules were not unconstitutionally vague or overbroad and that Northwind Place's rules were those of a private actor and, therefore, not subject to the dictates of the Constitution. On March 20, 1989, the district court denied Ms. Morris' motion to reconsider its decision.

The district court dismissed the remainder of the complaint on September 12, 1990. Dismissal of Ms. Morris' due process claim against Process Server Behrens was required, the court concluded, because Ms. Morris had failed to plead and prove inadequacy of Michigan's [*7] post-deprivation remedies and because the claim was barred by collateral estoppel. The district court found that the claims against Attorney Payne were also barred by collateral estoppel. The state law claims against Behrens and Payne were dismissed without prejudice. The district court did not specifically address the claims against Mary Matthews, Charles Wallace, Margaret Conners, and Rose Jackson. [1]

**FOOTNOTES**

1 Ms. Morris reached a settlement with Judge Davis.

Ms. Morris filed her notice of appeal on October 11, 1990, appealing from (1) the district court's June 6, 1984 order dismissing the claims against the Michigan defendants; (2) the district court's December 26, 1985 order, dismissing the claims against Amurcon, P.M. One, Kimberly DeHaan, and John Boone; (3) the district court's March 20, 1989 order denying reconsideration of the January 30, 1989 order; and (4) the district court's September 12, 1990 order, dismissing the balance of the case.

II

A

We hold that the district court properly dismissed the claims against [*8] the Michigan State Housing Development Authority on Eleventh Amendment grounds. HN1 The sovereign immunity doctrine, of which the Eleventh Amendment is an affirmation, prevents a federal court from ordering a state to pay damages to compensate for past injuries. *Edelman v. Jordan,* 415 U.S. 651 (1974). A suit against a state agency is a suit against the state for purposes of the Eleventh Amendment. See *Florida Dept. of Health & Rehabilitative Services v. Florida Nursing Home Assn.,* 450 U.S. 147 (1981).

Ms. Morris' claims against the former directors of the Authority are likewise barred by the Eleventh Amendment. The HN2 claims against these officials are, in essence, claims against the state. See *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464 (1945).

Nothing in Mich. Comp. Laws § 125.1422(a) can be construed as a waiver of Michigan's Eleventh Amendment immunity, see *Edelman,* 415 U.S. at 673, and nothing in the Fair Housing Act, 42 U.S.C. § 3601 *et seq.,* can be construed as a congressional abrogation of Michigan's Eleventh Amendment immunity. See *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 242 (1985). [*9]

B

The district court also properly dismissed Ms. Morris' claims against Amurcon, P.M. One,

Kimberly DeHaan, and John Boone. <sup>HN3</sup> 42 U.S.C. § 1981 prohibits racial discrimination in the making and enforcing of contracts. Ms. Morris has not alleged discrimination as far as her entering into a contract with Northwind is concerned, and the Michigan court's finding that she violated the terms of her lease precludes her from succeeding on the charge that she was discriminated against with respect to the enforcement of her contract.

*Barnes v. McDowell*, 848 F.2d 725, 738 (6th Cir. 1988), *cert. denied*, 488 U.S. 1007 (1989), teaches that <sup>HN4</sup> federal courts must give a state court judgment the same preclusive effect that the judgment would be given by the state in which it was rendered. In Michigan, a party may not relitigate an issue that has already been decided in an prior proceeding. *Topps-Toeller, Inc. v. City of Lansing,* 47 Mich. App. 720, 209 N.W.2d 843, 847 (Mich. Ct. App. 1973). Here the Michigan court found that Ms. Morris was evicted because she violated the lease; she may not relitigate that issue.

The decision of the [*10] Michigan court also precludes Ms. Morris from prevailing on her § 1982 claim. <sup>HN5</sup> Section 1982 prohibits racial discrimination in the sale or rental of property. Given the findings of the Michigan court, it is clear that no violation of § 1982 occurred.

<sup>HN6</sup> To prevail on her § 1983 claims, Ms. Morris must show, among other things, that she was deprived a right by someone acting under color of state law. Northwind is privately owned, and Ms. Morris' complaint is devoid of any hint that either the State of Michigan or the federal government was involved in Northwind's day-to-day operation. See *Miller v. Hartwood Apartments, Ltd,* 689 F.2d 1239 (5th Cir. 1982) <sup>HN7</sup> (private apartment's involvement with Section 8 program does not create a sufficient nexus between the private actor and the government to transform private action into state action). Because Northwind is a private actor, the district court properly dismissed Ms. Morris' § 1983 claims.

The district court also properly dismissed Morris' Fair Housing Act claims. Ms. Morris cannot recover under § 3604 because this section simply prohibits discrimination in the sale or rental of housing, and Ms. Morris has not alleged that [*11] she was discriminated against when she signed her lease or that the terms of her lease were less advantageous than those offered other tenants. The findings of the Michigan District Court preclude Ms. Morris from relitigating the question of whether her eviction was discriminatory.

C

The assignments of error regarding the district court's March 20, 1990, denial of the motion to reconsider the order of January 30, 1989, are without merit. The 1989 order denied Ms. Morris' motion to have the Michigan Summary Proceedings Act, the Michigan District Court Rules, and Northwind's tenant code declared unconstitutional and dismissed Morris' complaint against defendants Babcock Berman, Bisig, Draper, Erb, Hayes, Larivee, Lydeck and Wilkins (all employees of either Amurcon or P.M One). With one exception, Ms. Morris asserted the same claims against these nine that she asserted against defendants Amurcon, P.M. One, DeHaan, and Boone; we reject her assignments of error as to the nine defendants for the same reasons that we rejected the claims against Amurcon, P.M. One, DeHaan, and Boone.

The claims against the nine defendants also included a charge that they conspired to violate her civil rights [*12] in violation of 42 U.S.C. § 1985. We affirm the dismissal of the § 1985 allegation for the reasons stated in the district court's order of January 30, 1989. We have reviewed Ms. Morris' challenge to the other apsects of this order and find them to be without merit.

We also agree with the district court's determination that the statutes and rules are not unconstitutionally vague or overbroad. Because Northwind's tenant rules are promulgated by

a private actor, they are not subject to constitutional scrutiny. As for the Michigan Summary Proceedings Act and the rules of the Michigan District Court, HN8 a statute is unconstitutionally overbroad if it prohibits constitutionally protected conduct. *Village of Hoffman Estates v. Flipside,* 455 U.S. 489, 494 (1982). A statute is unconstitutionally vague if a reasonably intelligent person would not know what conduct is prohibited. *Grayned v. City of Rockford,* 408 U.S. 104, 108 (1972). After careful review, we find no error in the district's determination that the statutes at issue are not unconstitutionally overbroad or vague.

D

We turn, finally, to the district court's dismissal of the remainder of Ms. Morris' [*13] complaint. With regard to Process Server Behrens and Attorney Payne, we find no error in the court's determination that the doctrine of collateral estoppel and the failure to plead and prove inadequacy of post-deprivation remedies justified dismissal. When the district court dismissed the claims against Behrens and Payne, however, it assumed that they were the only remaining defendants -- and nowhere in the record have we been able to find an evaluation of the claims against defendants, Conners, Jackson, Matthews, Wallace.

Accordingly, the judgement of the district court is AFFIRMED except insofar as it relates to these four defendants. As to them the case is REMANDED to the district court for further proceedings not inconsistent with this opinion.

Service: **Get by LEXSEE®**
Citation: **1991 U.S. App. LEXIS 22135**
View: Full
Date/Time: Monday, January 5, 2009 - 9:26 AM EST

* Signal Legend:
● - Warning: Negative treatment is indicated
▣ - Questioned: Validity questioned by citing refs
▲ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
Ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.



About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2009 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.