# EXHIBIT H

LexisNexis® Total Research System

Switch Client | Preferences | Sign Out | [?] Help

Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector | Dossier | History |

FOCUS™ Terms [                    ]  Search Within [Original Results (1 - 1)]  Go →  Advanced...

Service: Get by LEXSEE®
Citation: 1999 U.S. App. LEXIS 4751

*1999 U.S. App. LEXIS 4751, **

CYNTHIA D. JOHNSON-BROWN, Plaintiff-Appellant, v. WAYNE STATE UNIVERSITY, Employees and Agents doing business as Detroit Medical Center (DMC), Defendant-Appellee.

No. 98-1001

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

1999 U.S. App. LEXIS 4751

March 17, 1999, Filed

**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 206 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 206 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 1999 U.S. App. LEXIS 12547.

**PRIOR HISTORY:** Eastern District of Michigan. 97-70243. Cook, Jr. 11-18-97.

**DISPOSITION:** Affirmed.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff appealed from a judgment of the United States District Court for the Eastern District of Michigan that dismissed her civil rights complaint filed pursuant to 42 U.S.C.S. § 2000e and 42 U.S.C.S. § 1881 and refused to exercise supplemental jurisdiction over plaintiff's claim made under the Michigan Elliott-Larsen Civil Rights Act.

**OVERVIEW:** Plaintiff employee filed suit against defendant state university that alleged she was fired because of race and disability in violation of 42 U.S.C.S. § 2000e and 42 U.S.C.S. § 1881. Defendant's motion to dismiss with prejudice was granted because the 42 U.S.C.S. § 1881 claim was time-barred and the court refused to exercise supplemental jurisdiction. The court affirmed because Mich. Comp. Laws § 691.1401 provided defendant university was part of the state and was entitled to immunity under U.S. Const. amend. XI. The court noted that defendant did not waive its right to immunity, thus, suit was properly dismissed. Plaintiff's 42 U.S.C.S. § 2000e claim was time-barred because plaintiff did not file suit within the allowed 90-day time period from which the Equal Opportunity Employment Commission (EEOC) gave notice of plaintiff's right to sue, pursuant to 42 U.S.C.S. § 2000e-5(f)(1). Actual receipt of the right to sue letter was not required to start the 90-day limitations period, as long as it was mailed to plaintiff's address of record. The court found no compelling reason to toll the time limitation because plaintiff failed to notify the EEOC of her change of address.

**OUTCOME:** Judgment of the lower court that dismissed plaintiff's suit was affirmed because defendant employer did not waive its right to immunity and plaintiff failed to file her claims within 90 days from the date the Equal Employment Opportunity Commission issued a right to sue letter.

**CORE TERMS:** right-to-sue, limitations period, civil rights, equitable tolling, time-barred, immunity, notify, state law claims, properly dismissed, charging party, supplemental, requisite, deadline, mailing, deliver, mailed

**LEXISNEXIS® HEADNOTES**                                     ⊟ **Hide**

> Civil Procedure > Jurisdiction > Jurisdictional Sources > Constitutional Sources
> Civil Procedure > Federal & State Interrelationships > Sovereign Immunity > State Immunity
> Constitutional Law > State Autonomy > Abrogation of Immunity
> **HN1** ⤓ U.S. Const. amend. XI bars federal court jurisdiction over a suit between an unconsenting State and one of its citizens unless Congress has effectively abrogated the State's U.S. Const. amend. XI immunity. More Like This Headnote

Governments > State & Territorial Governments > Claims By & Against
**HN2** Mich. Comp. Laws § 691.1401(c) provides that public universities are part of the state. More Like This Headnote

Governments > Legislation > Statutes of Limitations > Time Limitations
Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Time Limitations > General Overview
**HN3** 42 U.S.C.S. § 2000e-5(f)(1) provides that the Equal Employment Opportunity Commission (EEOC) shall notify the person aggrieved of his rights to sue and that within 90 days after the giving of such notice, a civil action may be brought. More Like This Headnote | Shepardize: Restrict By Headnote

Governments > Legislation > Statutes of Limitations > Time Limitations
Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Time Limitations > General Overview
**HN4** As long as a right-to-sue letter is correctly mailed by the Equal Employment Opportunity Commission to the charging party's address of record, a presumption exists that the 90 day limitations period begins to run five days after the date of mailing. More Like This Headnote | Shepardize: Restrict By Headnote

Labor & Employment Law > Discrimination > Title VII of the Civil Rights Act of 1964 > Statutes of Limitations > Estoppel, Tolling & Waiver
Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Time Limitations > General Overview
**HN5** The time limits for filing Title VII, 42 U.S.C.S. § 2000e, actions are not jurisdictional and may be tolled. But equitable tolling, or waiver is available only in compelling cases which justify a departure from established procedures. More Like This Headnote | Shepardize: Restrict By Headnote

**COUNSEL:** CYNTHIA D. JOHNSON-BROWN, Plaintiff - Appellant, Pro se, Detroit, MI.

For WAYNE STATE UNIVERSITY, Defendant - Appellee: Sean P. FitzGerald, Detroit, MI.

**JUDGES:** Before: MERRITT, KENNEDY, and JONES, Circuit Judges.

**OPINION**

ORDER

Cynthia D. Johnson-Brown, a Michigan litigant proceeding pro se, appeals a district court order dismissing her civil rights complaint filed pursuant to 42 U.S.C. § 2000e, 42 U.S.C. § 1981 and the Michigan Elliott-Larsen Civil Rights Act. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

On January 21, 1997, Johnson-Brown, an African-American, filed a civil rights complaint alleging that the defendant, [*2] Wayne State University ("University"), through its Board of Trustees, fired her because of her race and disability (depression).

On August 12, 1997, the University filed a motion to dismiss or, in the alternative, motion for summary judgment. The district court dismissed, with prejudice, Johnson-Brown's Title VII claim as time-barred. The court dismissed, with prejudice, Johnson-Brown's § 1981 claim. The court held that the defendant was entitled to Eleventh Amendment immunity on the § 1981 claim. The court declined to exercise supplemental jurisdiction over Johnson-Brown's state law claims. This timely appeal followed.

Upon review, we conclude that the district court properly dismissed Johnson-Brown's complaint. Johnson-Brown undoubtedly can prove no set of facts in support of her claims which would entitle her to relief. See Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996), cert. denied, 520 U.S. 1251, 117 S. Ct. 2409, 138 L. Ed. 2d 175 (1997); Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993). The Eleventh Amendment bars Johnson-Brown's § 1981 claim. **HN1** The Eleventh Amendment bars federal court jurisdiction over a suit between an unconsenting State [*3] and one of its citizens unless Congress has effectively abrogated the State's Eleventh Amendment immunity. See Edelman v. Jordan, 415 U.S. 651, 662-63, 39 L. Ed. 2d 662, 94 S. Ct. 1347 (1974). The University is considered to be the "state" for government liability purposes. See **HN2** Mich. Comp. Laws § 691.1401(c) (public universities part of "state"); Hall v. Medical College of Ohio at Toledo, 742 F.2d 299, 307 (6th Cir. 1984), cert. denied, 469 U.S. 1113 (1985). There is nothing in the record to indicate that the University has waived its immunity under the Eleventh Amendment.

Johnson-Brown's Title VII claim is time-barred. **HN3** Title VII provides that the Equal Employment Opportunity Commission (EEOC) shall notify the person aggrieved of his rights to sue and that within ninety days after the giving of such notice, a civil action may be brought. 42 U.S.C. § 2000e-5(f)(1); see Hunter v. Stephenson Roofing, Inc., 790 F.2d 472, 474 (6th Cir. 1986). The actual receipt of a right-to-sue letter by the charging party is not required to start the ninety-day limitations period. Banks v. Rockwell Int'l N. Am. Aircraft Operations, 855 F.2d 324, 326 (6th Cir. 1988); Hunter, [*4] 790 F.2d 472 at 475. **HN4** As long as the right-to-sue letter is correctly mailed by the EEOC to the charging party's address of record, a presumption exists that the ninety-day limitations period begins to run five days after the date of mailing. Banks, 855 F.2d at 326; Cook v. Providence Hosp., 820 F.2d 176, 179 n.3 (6th Cir. 1987); Hunter, 790 F.2d at 475.

The EEOC's two attempts to mail right-to-sue letters to Johnson-Brown at "P.O. Box 02895, Detroit, Michigan 49202," were legally sufficient bases upon which to initiate the ninety-day limitations period within which Johnson-Brown was required to file her Title VII claim with a court of competent jurisdiction. Consequently, Johnson-Brown's ninety-day limitations period began to run, at the earliest, five days after the October 1995 right-to-sue letter was mailed by the EEOC, and, at the latest, five days after the November 29, 1995, mailing to her. Without regard to which of these dates is used in calculating the requisite ninety-day period, Johnson-Brown's filing of the Title VII complaint in this case over a year later, i.e., January 21, 1997, was well past the deadline.

HN5 The time limits for filing Title VII actions are not [*5] jurisdictional and may be tolled. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 71 L. Ed. 2d 234, 102 S. Ct. 1127 (1982); Banks, 855 F.2d at 326. But "equitable tolling, or waiver, . . . is available only in compelling cases which justify a departure from established procedures." Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1488 (6th Cir. 1989). This is not a compelling case that justifies equitable tolling. Johnson-Brown has neither explained nor justified the inability of the United States Postal Service to deliver any of the right-to-sue letters to her EEOC address of record. Under existing Sixth Circuit law, a party who filed an EEOC charge has an affirmative duty to notify the EEOC of any address change. Banks, 855 F.2d at 327; Hunter, 790 F.2d at 474-75. A review of the complaint and attached material indicates that Johnson-Brown changed her address on several occasions. In addition, the address that she listed on the complaint in this case is different from the three addresses that were found on those EEOC charges. Also, there is no indication or contention by Johnson-Brown that the changes of address were reported to the EEOC by her. Thus, [*6] given this evidence, this court concludes that the EEOC's inability to deliver its right-to-sue letters to Johnson-Brown is an indication that she did not notify the federal agency of her changed addresses. Because the University raised the issue of whether Johnson-Brown complied with the requisite ninety-day filing deadline, Johnson-Brown had the burden of showing that waiver, estoppel, or equitable tolling is applicable to her case. Saltz v. Lehman, 217 U.S. App. D.C. 354, 672 F.2d 207, 209 (D.C. Cir. 1982) (per curiam). This, she failed to do. Consequently, her Title VII claim was properly dismissed as time-barred.

Finally, the district court properly refrained from considering Johnson-Brown's supplemental state law claims after it determined that it lacked jurisdiction to consider her federal claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 726, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966); Wal-Juice Bar, Inc. v. Elliott, 899 F.2d 1502, 1503 (6th Cir. 1990).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Service: **Get by LEXSEE®**
Citation: **1999 U.S. App. LEXIS 4751**
View: **Full**
Date/Time: **Monday, January 5, 2009 - 9:28 AM EST**

\* Signal Legend:
● - Warning: Negative treatment is indicated
▣ - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
◉ - Citing Refs. With Analysis Available
◉ - Citation information available
\* Click on any *Shepard's* signal to *Shepardize®* that case.



Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Out | Help

LexisNexis®  About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2009 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.