# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MICAH FIALKA-FELDMAN,**

      Plaintiff,

                                                  Case No 08-CV-14922

**v.**                                                Hon. Patrick J. Duggan

**OAKLAND UNIVERSITY BOARD OF TRUSTEES,**

      Defendant.

_____

| | |
|---|---|
| MICHIGAN PROTECTION & | BUTZEL LONG |
| ADVOCACY SERVICE, INC. | By: Robert A. Boonin (P38172) |
| By: Chris E. Davis (P52159) | 350 S. Main Street, Suite 300 |
|      Gabrielle S. Frampton (P59499) | Ann Arbor, MI 48104 |
| 29200 Vassar Blvd., Suite 200 | (734) 995-3110 |
| Livonia, MI 48152 | Attorneys for Defendant |
| (248) 473-2990 | boonin@butzel.com |
| Attorneys for Plaintiff | |
| Email: cdavis@mpas.org | |
| Email: gframpt@mpas.org | |

---

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION
### FOR PRELIMINARY INJUNCTION

The Plaintiff in reply to Defendant's response states as follows:

The Plaintiff relies on the brief in support of his motion. However there are three issues the Defendant raised that Plaintiff will address in this reply; Standing issues of "injury-in-fact," "redressability" and the 11th Amendment.

**1.    Standing Issue Concerning "Injury-In-Fact"**

The Defendant in its response did not address the reasonable accommodation claim of the Plaintiff. The standing argument fundamentally ignores that a discrimination claim based on a refusal to provide a reasonable accommodation does not require a

showing of animus. *Good Shepherd Manor Foundation, Inc. v City Momence*, 323 F.3d 557, 562 (7th Cir.203). The fact the Defendant denied the requested accommodation for non-discriminatory reasons is completely irrelevant.

A person with a disability can make a reasonable accommodation request under the Fair Housing Act or Section 504 to change "rules, policies, practices or services" if the accommodation is necessary to provide an "equal opportunity to use and enjoy" the dwelling. 42 U.S.C. § 3604(f)(3)(B). This includes eligibility policies. The only issue is whether the requested accommodation is "reasonable." An accommodation is reasonable if it does not (1) fundamentally alter the nature of the program, (2) create an undue financial burden, or (3) create an undue administrative burden. In this case, since there is no fundamental alteration of the program or undue financial or administrative burden, the University would be required to grant the accommodation requested by Mr. Fialka-Feldman. See, Docket Item #4, *Plaintiff' Brief In Support Of The Motion For Preliminary Injunction*, p7-10. The Defendant's failure to grant the reasonable accommodation request was in violation of law, both Fair Housing Act and the Rehabilitation Act.

None of the cases relied on by the defendant in its standing argument are reasonable accommodation claims.[1] They are disparate treatment equal protection claims, freedom of speech, procedural and substantive due process claims. All of which can be defeated when a defendant has a legitimate non-discriminatory reason for its action. The analysis of a discrimination claim based on a refusal to provide reasonable

---

[1] *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 473 (1982) (Violation of Establishment Clause.). *Wilson v. Glenwood Intermountain Properties, Inc.* 98 F.3d 590, 592 (10th Cir. 1996). (Violation Equal Protection claim - gender). *Woods v. Milner*, 955 F.2d 436 (6th Cir. 1992)(Procedural due process claim). *Midwest Media Property, L.L.C. v. Symmes Twp., Ohio,* 503 F.3d 456, 461-63 (6th Cir. 2007)(Violation Freedom of speech claim). Bashir v. Supreme Court of Ohio, 652 F.2d 641, 643 (6th Cir. 1981)(Violation Equal Protection Claim - National origin). *Beztak Land Co. v. City of Detroit,* 298 F.3d 559, 565-568 (6th Cir. 2002) (Violation Equal Protection Claim - Race and Due Process Fifth Amendment Claim).

2

accommodations is different because it seeks a change in a policy or procedures which will allow the person with a disability an equal opportunity to use or access housing. The cases cited by the defendant therefore are not relevant to the analysis of a discrimination claim based on a refusal to provide a reasonable accommodation. The Defendant's refusal to provide Mr. Fialka-Feldman with the reasonable accommodation he was entitled to under the law constitutes an "injury-in-fact." He therefore has standing to seek remedy from this court for the injury he has suffered.

**2.     Standing Issue Concerning "Redressability"**

The second part of the defense's standing claim is that the court is not able to fashion a remedy and Plaintiff therefore lacks standing based on the holding in *Midwest Media Property, LLC v. Symmes Twp., Ohio*, 504 F.3d 456 (6th Cir.2007). The argument seems predicated upon the requirement that students must maintain a certain grade-point average and since Plaintiff does not receive grades he could not meet this requirement. See Docket Item #8, Defendant Brief in Response, p 11-12.

This "requirement" has never ever been raised prior to the Defendant's response. It's completely new. Furthermore, the documented evidence suggests it is not only a new requirement but that it never has existed prior to this case.

In neither of the letters from Vice President Mary Beth Snyder denying Mr. Fialka-Feldman housing did she mention a grade-point average requirement. Plaintiff's Motion Brief, EXHIBITS # 8, 9. Additionally, neither of the letters from Victor Zambardi denying the reasonable accommodation requests mention a grade-point average requirement. Plaintiff's Motion Brief EXHIBITS # 11, 13. All four letters give only one

reason for why he would not be allowed to live on campus and that was because he is not enrolled in a program leading toward a degree.

Additional documents indicate this is not merely an oversight on the part of Ms. Snyder and Mr. Zambardi but that no such requirement exists. The contract the University has students sign upon entering student housing makes no mention of a grade-point requirement. ATTACHED EXHIBIT #1. (Contract can be found on the internet at http://www4.oakland.edu/?id=272&sid=3 ) On the second page of the contract under "Terms and Conditions," I. Eligibility, it mentions the requirement of being enrolled in a degree program but nothing about a grade-point requirement. Also, under the section IX. "Rules and Termination of Contract by the University" it lists eight grounds upon which the university can terminate the contract and remove a student from housing. None of the eight reasons involve a grade-point requirement. If this is a requirement for housing and grounds for terminating the housing contract, it would have to be in the housing contract the university signs with the student. Also, in reviewing the Housing Student Handbook 2008-9, there does not appear to be any mention of a grade-point requirement. See http://www4.oakland.edu/upload/docs/Housing/Student%20Housing%20Handbook.pdf EXHIBIT #2.

Once Mr. Fialka-Feldman is admitted to student housing, as long as he remains enrolled and in good standing with the OPTIONS program he is a student of the University and should be allowed to continue living in the dorms. The court is able to fashion a remedy which would grant the relief sought by Mr. Fialka-Feldman. The University's standing argument is therefore without merit.

### 3.     11th Amendment

The 11th Amendment bars suits in federal court against states and their departments and agencies.  However, there are exceptions one of which is *Ex Parte Young*, 209 US 123 (1908), which allows suits against state officers for injunctive relief if their actions violate the Federal Laws or U.S. Constitution. *Id* at 159-60.  This action was brought against the Board of Trustees of Oakland University not the University itself.  While the defense cites several cases from other Circuit Courts the only 6th Circuit cases cited were unpublished opinions and each was brought against the University directly not their officers or their governing boards. Defendant's Brief, p. 13 Exhibits G, H.  Plaintiff would concede that monetary damages under the Fair Housing Act would be barred by the 11th Amendment but injunctive relief is still available against the board members under the *Ex Parte Young* Doctrine.

However should the Court disagree, Plaintiff would request leave of the court to name Mary Beth Snyder Vice President Student Affairs and Enrollment Management at Oakland University as an additional defendant in this case.  She is the person who made the decision to rescind the previous approval of housing. (Snyder Aff. ¶16).  She has also denied numerous requests to reconsider her decision. (Snyder Aff. ¶ 17).  Therefore, Plaintiff would ask leave to amend the complaint to name Vice President Snyder in her official capacity in order to seek injunctive relief under the Fair Housing Act and Section 504 of the Rehabilitation Act.  We would also add Gary Rossi, President of Oakland University, and Lionel Maten, Director of University Housing, each in their official capacity.  Each of them have been involved in the decision making process and have

authority over housing decisions at the University. A proposed First Amended Complaint is attached. EXHIBIT #3.

Additionally, by accepting federal funds Oakland University and its Board of Trustees have waived their 11th Amendment immunity pursuant to Section 504 of the Rehabilitation Act. 42 U.S.C. § 2000d-7. The defense's request to dismiss all claims therefore should be denied because the 11th Amendment would not apply to the Section 504 claims.

Finally, Plaintiff would request the Court grant its motion for a preliminary injunction pursuant to the Rehabilitation Act, even if it dismisses the Plaintiff's claims under the Fair Housing Act. "Because the Fair Housing Act adopted the concept of "reasonable accommodation" from § 504 of Rehabilitation Act, 29 U.S.C. § 791, cases interpreting the term under the Rehabilitation Act also apply to claims under the Fair Housing Act" *Groner v. Golden Gate Gardens Apartments*, 250 F.3d 1039, 1044. (6th Cir.2001), citing *Smith & Lee Assocs., Inc. v. City of Taylor*, 102 F.3d 781, 795. (6th Cir.1996). The analysis is the same under both Acts for refusal to provide reasonable accommodations. The Rehabilitation Act also allows for equitable relief. 42 U.S.C. § 2000d-7. Plaintiff therefore requests the Court grant a preliminary injunction pursuant to Section 504.

**Conclusion**

Plaintiff requests the Court grant its motion for a preliminary injunction and order the Defendant to admit him to on-campus housing immediately. Additionally, Plaintiff requests leave to amend complaint to add Mary Beth Snyder, Gary Rossi, and Lionel

Maten, each in their official capacity as Defendants to this case. Finally, Plaintiff requests the court deny Defendant's request to dismiss his claims.

                                        Respectfully submitted,

Dated: January 8, 2009                    s/Chris E. Davis
                                                  MICHIGAN PROTECTION &
                                                  ADVOCACY SERVICE, INC.
                                                  By:  Chris E. Davis
                                                  29200 Vassar Blvd., Suite 200
                                                  Livonia, MI  48152
                                                  Attorneys for Plaintiff
                                                  (248) 473-2990
                                                  cdavis@mpas.org
                                                  P52159

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2009, I electronically filed the foregoing Plaintiff's Reply Brief in Support of Its Motion for Preliminary Injunction with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Robert A. Boonin.

                                                  s/Chris E. Davis
                                                  MICHIGAN PROTECTION &
                                                  ADVOCACY SERVICE, INC.
                                                  29200 Vassar Blvd., Suite 200
                                                  Livonia, MI  48152
                                                  248-473-2990
                                                  cdavis@mpas.org
                                                  P52159