# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MICAH FIALKA-FELDMAN,**

    Plaintiff,

v.

Case No. 08-CV-14922
Hon. Patrick J. Duggan

**OAKLAND UNIVERSITY BOARD OF TRUSTEES,**

    Defendant.

---

| | |
|---|---|
| Chris E. Davis (P52159) | BUTZEL LONG |
| Michigan Protection & Advocacy Service, Inc. | By: Robert A. Boonin (P38172) |
| 29200 Vassar Blvd., Suite 200 | 350 S. Main Street, Suite 300 |
| Livonia, MI 48152 | Ann Arbor, MI 48104 |
| (248) 473-2990 | (734) 995-3110 |
| Attorney for Plaintiff | Attorneys for Defendant |
| cdavis@mpas.org | boonin@butzel.com |

---

**DEFENDANT OAKLAND UNIVERSITY'S BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

# TABLE OF CONTENTS

**BRIEF** ............................................................................................................................... 1

**INTRODUCTION** ........................................................................................................... 1

**ARGUMENT** .................................................................................................................... 2

    The Legal Standard: a Plaintiff may not Amend his Complaint when Doing So Would be Futile ..... 2

    Plaintiff's Amendments to the Original Complaint ................................................................ 2

    Counts I and IV of Plaintiff's Amended Complaint are Futile ............................................. 3

    It Would be Futile for Plaintiff to Add Individual Defendants to Counts I and II .............. 5

    It Would be Futile for Plaintiffs to Name the University as a Defendant to Counts I and II Because the University Enjoys Eleventh Amendment Immunity ........................................... 6

    Counts I, II, III and IV of Plaintiff's Amended Complaint are Futile ................................. 6

**CONCLUSION** ............................................................................................................... 10

**Certificate of Service** ..................................................................................................... 10

# ISSUES PRESENTED

1. Is Plaintiff's Amended Complaint futile, such that his Motion for Leave to File Amended Complaint should be denied?

    Answer: Yes.

# INDEX OF AUTHORITIES

**Cases**

*Barnes v. Gorman*, 536 U.S. 181, 189 (2002) .............................................................................. 6
*Burns v. City of Columbus*, 91 F.3d 836, 841 (6th Cir. 1996) ..................................................... 7
*Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F3d 1412, 1416 (6th Cir. 1996) .................. 5
*Dover Steel Co., Inc. v. Hartford Acc. & Indem. Co.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993) ................. 2
*Foman v. Davis*, 371 U.S. 178, 182 (1962) .................................................................................. 2
*Graoch Assocs. # 33, L.P. v. Louisville/Jefferson County Metro Human Rels. Comm'n*, 508 F.3d 366, 374 (6th Cir. 2007) ............................................................................................................... 8
*Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419 (6th Cir. 1999) .................................................. 2
*Maddox v. University of Tennessee*, 62 F.3d 843, 846 (6th Cir. 1995) ........................................ 7
*Matthews v. Jones*, 35 F.3d 1046, 1050 (6th Cir. 1994) .............................................................. 2
*Nat'l Audubon Society v. Davis*, 307 F.3d 835, 846-47 (9th Cir. 2002) ....................................... 5
*Okpalobi v. Foster*, 244 F.3d 405, 417 (5th Cir. 2001) ............................................................ 5, 6
*Patmon v. Michigan Supreme Court*, 1998 U.S. Dist. LEXIS 20042, at *12-13 (E.D. Mich Nov. 19, 1998) .................................................................................................................................. 5
*Prebble v. Hinson*, 825 F. Supp. 185, 186 (S.D. Ohio 1993) ....................................................... 2
*Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) ................................. 2
*Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293, 301 (2d Cir. 1998) ..................... 3
*Schanz v. Village Apartments*, 998 F. Supp. 784, 791 (E.D. Mich. 1998) .................................... 3
*Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041 (6th Cir. 1991) ....................................... 2
*Social Aid and Pleasure Club Task Force v. City of New Orleans*, 2007 WL 763241, at *3 (E.D. La. March 9, 2007) ................................................................................................................... 5

**Statutes**

29 USC § 794 ................................................................................................................................ 7
29 USCS § 705(20) ....................................................................................................................... 6

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 2

**BRIEF**

Defendant Oakland University Board of Trustees ("Oakland University" or the "University") responds to Plaintiff's Motion for Leave to File Amended Complaint. The proposed amendments by Plaintiff Micah Fialka-Feldman ("Plaintiff" or "Feldman") would be futile, and leave should therefore be denied.

## I.     INTRODUCTION

The Court's order in this case just over a month ago weighs against Plaintiff's motion. This Court, in denying Plaintiff's Motion for Preliminary Injunction, made several legal findings that foreclose the possibility of Plaintiff recovering on his Complaint. As a result, Plaintiff now seeks leave to file an Amended Complaint.

Instead of curing all the deficiencies noted by the Court, however, Plaintiff made only minor changes to the Complaint. In essence, the Amended Complaint adds parties, presumably to address the immediate problem that some of Plaintiff's original claims were barred by the Eleventh Amendment.

Unfortunately, no amount of tinkering with the pleadings will bestow Plaintiff with a viable cause of action. A new complaint cannot alter the reality, for instance, that Plaintiff is not eligible to live in University housing because he's not enrolled in a degree-granting program – and not because he has a disability. In fact, Plaintiff admits and acknowledges this reality in the proposed Amended Complaint, which is why it must not be allowed; as a whole, the Amended Complaint is futile.

Defendant Oakland University therefore respectfully requests that this Court deny Plaintiff's Motion for Leave to File Amended Complaint, and to award any other relief the Court may deem appropriate.

## II. ARGUMENT

### A. The Legal Standard: a Plaintiff may not Amend his Complaint when Doing So Would be Futile

The liberal amendment policy prescribed by the Federal Rules of Civil Procedure does not mean that leave to amend should be granted in all cases. *Dover Steel Co., Inc. v. Hartford Acc. & Indem. Co.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Although federal courts are generally inclined to grant leave to amend, amendment will not be allowed where the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that "futility of [the] amendment" should prevent amendment); *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041 (6th Cir. 1991).

A proposed amendment is futile if the amendment could not withstand a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000); *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419 (6th Cir. 1999); *Matthews v. Jones*, 35 F.3d 1046, 1050 (6th Cir. 1994). Indeed, "[i]f a proposed amendment would be vulnerable to a motion to dismiss or to strike, 'it would be an idle move for the Court to allow an amendment over the objection of the opposing party who could simply make a formal motion to dismiss or strike after leave to amend is granted.'" *Prebble v. Hinson*, 825 F. Supp. 185, 186 (S.D. Ohio 1993) (citations omitted).

### B. Plaintiff's Amendments to the Original Complaint

Plaintiff proposes few amendments to the Complaint. As a whole, however, the proposed amendments are inappropriate.

While Plaintiff's original Complaint named only the University as a defendant, Plaintiff now seeks to add three individual defendants through his proposed Amended Complaint. They include: (1) Gary D. Russi ("Russi"), President of Oakland University; (2) Mary Beth Snyder ("Snyder"), Vice President of Student Affairs and Enrollment Management for Oakland University; and (3) Lionel

Maten ("Maten"), Director of University Housing for Oakland University (collectively, the "Individual Defendants"). The Individual Defendants are named in their official capacities.

### C. Counts I and IV of Plaintiff's Amended Complaint are Futile (No Reasonable Accommodation Under the Fair Housing Act; No Reasonable Accommodation Under the Rehabilitation Act) Since the Accommodation Sought is Unreasonable as a Matter of Law

Plaintiff seeks to sue the University as well as the Individual Defendants under Counts I and IV, which assert that they failed to make a reasonable accommodation to Plaintiff. This Court, however, has already ruled on the issue of reasonable accommodation, finding that Plaintiff's claims lack merit. *See* Feb. 5, 2009 Order.

Counts I and IV of Plaintiff's Amended Complaint assert that failure to waive the University's housing policy amounted to denial of a reasonable accommodation. Plaintiff persists with his approach even though he admits that the housing policy is based on purely legitimate criteria; Plaintiff's Amended Complaint recognizes the University's policy. Amended Complaint at ¶ 35. That policy dictates that students not pursing a college degree are not eligible for on-campus housing. Amended Complaint at ¶ 35.

Plaintiff's requested accommodation – waiving the University's housing policy – is not one that is required by law. *See* Feb. 5, 2009 Order, at 12-16 (citing *Schanz v. Village Apartments*, 998 F. Supp. 784, 791 (E.D. Mich. 1998) and *Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293, 301 (2d Cir. 1998)). Plaintiff's allegations in the Amended Complaint reveal that he would not be able to prove an essential element of Counts I and IV, that "accommodation of [his] handicap is necessary to afford the plaintiff an equal opportunity to use and enjoy the housing in question." *Id.* at 13.

Despite Plaintiff's attempt through his Amended Complaint to assert "reasonable accommodation" claims, this Court has already held that "it is not Plaintiff's disability but the fact that he is not enrolled in a degree-granting program that prevents him from securing University on-campus

3

housing." *Id*. at 14. In other words, the Court concluded that "Plaintiff's requested accommodation is not necessary to ameliorate the effects of his disability and to afford him an opportunity equal to non-disabled students to use and enjoy University on-campus housing." *Id*. at 15-16.

As a result of the Court's previous holdings, Plaintiff cannot possibly prevail on the allegations in his Amended Complaint. In the Amended Complaint, Plaintiff admits: (1) the nature of his disability (Amended Complaint at ¶ 11, alleging a "cognitive impairment"); (2) his recognition of the University's housing policy, which is based on enrollment in a degree-granting program, and has nothing to do with cognitive impairment (Amended Complaint at ¶ 35); and (3) his requested accommodation that the housing policy be waived or modified. (Amended Complaint at ¶ 7). However, the Court has already foreclosed the possibility that someone with a cognitive impairment could demand a waiver of the University's housing policy, which is based on enrollment in a degree-granting program. Feb. 5, 2009 Order, at 12-16. Based on the allegations in the Amended Complaint, Plaintiff has no chance of success on Counts I and IV, with or without the addition of the Individual Defendants.

Finally, with regard to whether the University and Individual Defendants fulfilled the "reasonable accommodation" requirement, the Court has stated that the analysis is the same under the Fair Housing Act and the Rehabilitation Act. The Court's Feb. 5, 2009 Order explained that "the Fair Housing Act adopted the concept of 'reasonable accommodation' from Section 504 of the Rehabilitation Act, and thus the analysis of Plaintiff's claims under the two statutes is the same." Feb. 5, 2009 Order, at 11 n.2. Plaintiff admits that the analysis is the same for the two statutes. *Id.*

Because Counts I and IV of Plaintiff's Amended Complaint are futile, this Court should deny Plaintiff's Motion for Leave to File an Amended Complaint.

**D.     It Would be Futile for Plaintiff to Add Individual Defendants to Counts I and II (No Reasonable Accommodation Under the Fair Housing Act; Discrimination and Disparate Impact Under the Fair Housing Act) Since Plaintiff has Failed to State Claims Against Two Individuals as a Matter of Law**

The Court noted in its Feb. 5, 2009 Order that "the Eleventh Amendment would not bar Plaintiff from pursuing injunctive relief against University officials . . . ." While it might be possible for Plaintiff to sue the Individual Defendants in their official capacities (which is what the Amended Complaint attempts to do), Plaintiff must also make allegations tying each new Individual Defendant to the enforcement of the University's housing policy. Plaintiff has not done so, meaning that he has not pled allegations necessary to establish an exception to the Eleventh Amendment. Because Plaintiff's Amended Complaint would be prone to a motion to dismiss on this issue, his Amended Complaint is futile.

Even though the Eleventh Amendment may allow suits against state employees in their official capacities, one must make allegations with regard to each such official. Specifically, a plaintiff must make allegations with respect to: "(1) the ability of the official to enforce the statute at issue under his statutory or constitutional powers, and (2) the demonstrated willingness of the official to enforce the statute." *Okpalobi v. Foster*, 244 F.3d 405, 417 (5th Cir. 2001). It is improper to sue a state official simply because that person has general control over a state institution or the state itself. *Patmon v. Michigan Supreme Court*, 1998 U.S. Dist. LEXIS 20042, at *12-13 (E.D. Mich Nov. 19, 1998) (dismissing case because "Plaintiff's complaint is devoid of any specific substantive allegations of fact against" the state officials) (opinion attached hereto as Exhibit 1); *see also Okpalobi v. Foster*, 244 F.3d at 417 (dismissing case against Governor and Attorney General of Louisiana, who were sued over enforcement of abortion statute); *Nat'l Audubon Society v. Davis*, 307 F.3d 835, 846-47 (9th Cir. 2002) (holding that suit against California Governor and Secretary of Resources should be barred); *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F3d 1412, 1416 (6th Cir. 1996) (holding that,

in order have a claim against a state official that avoids the 11th Amendment, it is required that "the official threaten and be about to commence" action); *Social Aid and Pleasure Club Task Force v. City of New Orleans*, 2007 WL 763241, at *3 (E.D. La. March 9, 2007) (dismissing case against Governor of Louisiana due to insufficient allegations that she was personally involved in carrying out certain local policies) (opinion attached hereto as Exhibit 2).

Plaintiff has failed to plead that Russi, President of Oakland University, had anything to do with the housing policy at issue in this case. With respect to Maten, Plaintiff's only specific allegation is that he once arranged a tour of University dorms for Plaintiff. Plaintiff, however, has not made any allegations about how either Russi or Maten "demonstrated" their "willingness . . . to enforce" the housing policy. *Okpalobi v. Foster*, 244 F.3d at 417. As a result, this Court should deny Plaintiff leave to file his Amended Complaint.

### E. It Would be Futile for Plaintiffs to Name the University as a Defendant to Counts I and II Because the University Enjoys Eleventh Amendment Immunity

The Court has recognized, and Plaintiff has conceded, that the Eleventh Amendment bars Plaintiffs' Fair Housing Act claims against the University. Feb. 5, 2009 Order, at 12. However, Plaintiff's Amended Complaint is unclear as to whether the University is named in Counts I and II (the Fair Housing Act claims). *See* Amended Complaint at ¶¶ 52 (mentioning "Defendants"), 55. Plaintiff should not be granted leave to file his Amended Complaint in its current, ambiguous state.

### F. The Claims in the Proposed Amended Complaint are Futile Because the Amended Complaint Fails to Allege a Prima Facie Case

Plaintiff's Amended Complaint fails to allege a prima facie case for violation of the Rehabilitation Act (Counts III and IV). For the same reasons, Plaintiffs' Amended Complaint also fails to allege a prima facie claim under the Fair Housing Act (Counts I and II). As a result, Counts I through IV of Plaintiff's Amended Complaint are futile.

The Rehabilitation Act of 1973, provides that "[n]o otherwise qualified individual with a disability in the United States, as defined in section 7(20) [29 USCS § 705(20)], shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 USC § 794. In other words, to recover under the Rehabilitation Ace, a plaintiff must show:

> (1) The plaintiff is a 'handicapped person' under the Act; (2) The plaintiff is 'otherwise qualified' for participation in the program; (3) The plaintiff is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely by reason of his handicap; and (4) The relevant program or activity is receiving Federal financial assistance.

*Maddox v. University of Tennessee*, 62 F.3d 843, 846 (6th Cir. 1995).

Plaintiff has failed to allege that he is "otherwise qualified," 29 USC § 794, to live in on-campus University housing, *i.e.* that he "is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely by reason of his handicap." *Maddox*, 62 F.3d at 846 (upholding District Court dismissal against individual who was fired for misconduct rather than the disability of alcoholism that potentially caused the misconduct).

Quite the contrary, Plaintiff's Amended Complaint acknowledges that the University's housing policy only permits students enrolled in degree-granting programs to be eligible for student housing. Amended Complaint at ¶ 35. Plaintiff also acknowledges that he is not enrolled in a degree-granting program. Amended Complaint at ¶5. Thus, Plaintiff realizes that he is not "otherwise qualified" to receive housing. 29 USC § 794.[1]

According to the Sixth Circuit, Plaintiff's case is therefore a "straightforward handicap discrimination claim." *Burns v. City of Columbus*, 91 F.3d 836, 841 (6th Cir. 1996) (in Title VII

---

[1] Plaintiff's proposed Amended Complaint is problematic in other ways as well. For instance, Plaintiff requests punitive damages, Amended Complaint at p. 10, even though the United States Supreme Court has ruled that punitive damages are not recoverable under Section 504 of the Rehabilitation Act. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002).

parlance, this is a "pretextual disparate treatment" claim). In other words, this is a case "where the grantee or employer disclaims any reliance on the impermissible attribute (race, gender, disability, etc.) in making its decision and no other direct evidence of discriminatory intent exists." *Id*. Plaintiff has not even alleged that the University had any discriminatory intent. In addition, *Burns* makes it clear that the accommodation Plaintiff seeks (waiver of the University's housing policy) is misguided. An accommodation cannot consist of changing of the applicable requirements for a program. Instead, an "accommodation" is instead an act that *helps* one qualify under a given policy's requirements. *Id*. at 841 n.5 ("disabled individual must be otherwise qualified for the job or program with or without the grantee making a reasonable accommodation").

In a "straightforward handicap discrimination claim" such as this one, a plaintiff must at the very least make out a prima facie case. *Id*. at 842-43. To allege a prima facie case here, Plaintiff must show that he is "otherwise qualified," or that "despite his . . . qualifications" he was refused student housing. *Id*. at 842, 843 n.8 (using Title VII analysis). Plaintiff, however, has simply not alleged that he is qualified for student housing at all. *See* Amended Complaint at *passim*. As a result, Plaintiff's Rehabilitation Act claims (Counts III and IV of Plaintiff's Amended Complaint) are futile, and the Motion for Leave to File Amended Complaint should be denied.[2]

The Fair Housing Act Claims in Plaintiff's Amended Complaint (Counts I and II) fail for the same reason. As with the Rehabilitation Act, the Sixth Circuit has borrowed from Title VII in

---

[2] Unlike Title VII, the Rehabilitation Act even permits grantees [of federal funds] to make adverse decisions based on a handicapped person's physical or mental attributes, so long as there is a legitimate basis. *Burns*, 91 F.3d at 841-42. For instance, in the employment context:

> [T]he Rehabilitation Act permits an employer to make a decision because of a handicap if the handicap is not the sole reason for the decision. 'The Rehabilitation Act forbids discrimination based on stereotypes about a handicap, but it does not forbid decisions based on the actual attributes of the handicap.' A federal grantee may make an employment decision adverse to a handicapped person if, for example, the person's handicap causes him or her to be unable to perform an essential function of the job."

*Id*. at 842. As far as this case is concerned, even if Plaintiff alleges that his handicap (a cognitive impairment) prevented his enrollment in a degree-granting program, that would not be enough to allege a prima facie case and thus avoid dismissal.

establishing a standard analysis of Fair Housing Act claims. *Compare Burns*, 91 F.3d at 841-43 (borrowing from Title VII in analyzing Rehabilitation Act claims) *with Graoch Assocs. # 33, L.P. v. Louisville/Jefferson County Metro Human Rels. Comm'n*, 508 F.3d 366, 374 (6th Cir. 2007) ("The same analysis [used in Title VII] justifies the existence of disparate-impact liability under the FHA."). Using the Title VII analysis explained *supra*, the Fair Housing Act claims from Plaintiff's Amended Complaint would be subject to dismissal. As a result, Counts I through IV of Plaintiff's Amended Complaint are futile, and his Motion for Leave to File Amended Complaint should be denied.

## IV.     CONCLUSION

Based on the foregoing, Oakland University respectfully requests that this Court deny Plaintiff's Motion for Leave to File Amended Complaint, and to award any other relief the Court may deem appropriate.

                                                  Respectfully submitted,

                                                  BUTZEL LONG

                                                  By:  /s/ Robert A. Boonin
                                                      Robert A. Boonin (P38172)
                                                350 S. Main Street, Suite 300
                                                Ann Arbor, MI 48104
                                                (734) 995-3110
                                                Attorneys for Defendant
                                                boonin@butzel.com

Dated:   March 11, 2009

# Certificate of Service

I, Robert A. Boonin, hereby certify that on March 11, 2009, I electronically filed the foregoing papers with the Clerk of the court using the ECF system, which will send notification of such filing to the following counsel of record:

>Chris E. Davis
>Michigan Protection & Advocacy Service, Inc.
>29200 Vassar Blvd., Ste. 200
>Livonia, MI 48152
>(248) 473-2990
>cdavis@mpas.org
>Attorney for Michah Fialka-Feldman

>Respectfully submitted,
>
>**BUTZEL LONG**
>
>By: /s/ Robert A. Boonin
>Robert A. Boonin (P38172)
>300 South Main Street, Suite 300
>Ann Arbor, Michigan 48104
>(734) 995-3110
>boonin@butzel.com
>
>**Attorneys for Defendant Oakland**
>**University Board of Trustees**

Dated: March 11, 2009