# Exhibit 1



LEXSEE 1998 U.S. DIST. LEXIS 20042



Positive
As of: Mar 10, 2009

**FREDERICK A. PATMON, Plaintiff, vs. THE MICHIGAN SUPREME COURT;
CONRAD L. MALLET, JR., Chief Justice; CORBIN R. DAVIS, Clerk; STATE
BAR OF MICHIGAN; EDMUND M. BRADY, JR. President; ATTORNEY
DISCIPLINE BOARD; MILES A. HURWITZ, Chairperson; JOHN F. VAN BOLT,
Executive Director; MICHIGAN ATTORNEY GRIEVANCE COMMISSION;
PHILIP J. THOMAS, Grievance Administrator. Defendants.**

**CASE NO.: 98-CV-71470-DT**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
MICHIGAN, SOUTHERN DIVISION**

*1998 U.S. Dist. LEXIS 20042*

**November 19, 1998, Decided**

**DISPOSITION:** [*1] Plaintiff's motion for preliminary injunction DENIED, and motions to dismiss and/or for summary judgment brought by all defendants GRANTED, and plaintiff's complaint DISMISSED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendants, state supreme court, state bar, attorney discipline boar, and attorney grievance commission, filed motions to dismiss or motions for summary judgment in an action filed by plaintiff attorney under *42 U.S.C.S. § 1983*, challenging disciplinary proceedings that resulted in his suspension. The attorney sought declaratory and injunctive relief.

**OVERVIEW:** The attorney had disciplinary proceedings initiated against him by the Attorney Grievance Commission (AGC). The attorney was found guilty of professional misconduct and had his license to practice suspended. The attorney was also disciplined for practicing law while his license was suspended. The attorney brought a *42 U.S.C.S. § 1983* action against the AGC, the state bar, the state supreme court, attorney discipline board (ADB) and associated individuals. The court granted defendants motions to dismiss and/or for summary judgment and dismissed the attorney's action. The court found that the state supreme court, state bar, and ADB and ADB were immune from the action under *U.S. Const. amend. XI*. The court also found that the individual defendants were immune because the state had a special sovereignty interest in the regulation of its legal profession The court also granted summary judgment as to a number of individual defendants because the attorney failed to demonstrate that they had the requisite personal involvement in any of the events or decisions regarding the disciplinary proceedings which gave rise to this action.

**OUTCOME:** The court denied the attorney's preliminary injunction and granted the motions of the state supreme court, state bar, attorney discipline boar, and attorney

grievance commission to dismiss and/or for summary judgment in the § 1983 action brought by the attorney challenging his suspension from the practice of law.

**LexisNexis(R) Headnotes**

*Civil Procedure > Federal & State Interrelationships > Sovereign Immunity > Federal Judicial Limitations*
*Civil Procedure > Federal & State Interrelationships > Sovereign Immunity > State Immunity*
*Governments > State & Territorial Governments > Claims By & Against*
[HN1] *U.S. Const. amend. XI* is an explicit limitation of the judicial power of the United States. The *Eleventh Amendment to the United States Constitution* states that the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state. In the absence of consent, a suit in which the state or one of its departments or agencies is named as a defendant is proscribed by the *Eleventh Amendment*. Moreover, suits against state officials in their official capacity are treated as suits against the state. The Amendment provides immunity to the state, as well as its departments and agencies, from all suits, whether for declaratory, injunctive, or monetary relief.

*Governments > State & Territorial Governments > General Overview*
[HN2] "State" means the state of Michigan and its agencies, departments, commissions, courts. *Mich. Comp. Laws § 691.1401(c)*.

*Civil Procedure > Federal & State Interrelationships > Sovereign Immunity > Federal Judicial Limitations*
*Civil Procedure > Federal & State Interrelationships > Sovereign Immunity > State Immunity*
*Governments > State & Territorial Governments > Claims By & Against*
[HN3] The Michigan Supreme Court is immune from suit for both injunctive and monetary relief pursuant to *U.S. Const. amend. XI*. The State Bar of Michigan is organized under *M.C.L. § 600.901*, and regulated by the Michigan Supreme Court pursuant to *M.C.L. § 600.904*. The State Bar of Michigan is an integrated bar association, and as such, to be licensed in Michigan an attorney must be a member of the State Bar. The Michigan Supreme Court possesses inherent power to regulate the Bar. The State Bar is immune because it is under the control and authority of the Supreme Court. Similarly, the Attorney Disciplinary Board acts as an "arm" of the Michigan Supreme Court, and thus it is also entitled to *Eleventh Amendment* immunity in discharging its "exclusive constitutional responsibility" to supervise and discipline attorneys.

*Governments > State & Territorial Governments > Claims By & Against*
*Governments > State & Territorial Governments > Employees & Officials*
[HN4] In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act.

*Civil Procedure > U.S. Supreme Court Review > State Court Decisions*
[HN5] *28 U.S.C.S. § 1257* provides that final judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the United States Supreme Court by writ of certiorari.

*Civil Procedure > Appeals > Motions on Appeal*
[HN6] *Mich. Ct. R. 7.302* requires the party seeking leave to appeal to set forth among other things the questions presented for review related in concise terms to the facts of the case; a concise statement of the material proceedings and facts; and, a concise argument in support of the appellate's position on each of the stated questions.

*Civil Procedure > U.S. Supreme Court Review > State Court Decisions*
[HN7] A decision by the Michigan Supreme Court denying leave constitutes judicial review sufficient to satisfy any constitutional requirement of a judicial review.

*Civil Procedure > U.S. Supreme Court Review > State Court Decisions*
*Legal Ethics > Sanctions > Disciplinary Proceedings > Appeals*

[HN8] The United States Supreme Court has not mandated that an appeal in an attorney discipline proceeding be as of right.

*Civil Procedure > U.S. Supreme Court Review > State Court Decisions*
[HN9] A decision by the Michigan Supreme Court is a "final judgment" reviewable by the United States Supreme Court under *28 U.S.C.S. § 1257*.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview*
*Civil Procedure > Appeals > Appellate Jurisdiction > State Court Review*
*Legal Ethics > Sanctions > Disciplinary Proceedings > Appeals*
[HN10] District courts may have jurisdiction over general challenges to state bar rules, so long as such challenges do not require review of a final state-court judgment in a particular case.

COUNSEL: For FREDERICK A. PATMON, plaintiff: Clarence B. Tucker, Sr., Tucker & Hughes, Hallison Young, Patmon & Young, Detroit, MI.

For MICHIGAN SUPREME COURT, CONRAD L. MALLET, JR., CORBIN R. DAVIS, ATTORNEY DISCIPLINE BOARD FOR THE STATE OF MICHIGAN, MILES A. HURWITZ, JOHN F. VAN BOLT, defendants: Margaret A. Nelson, Michigan Department of Attorney General, Lansing, MI.

For STATE BAR OF MICHIGAN, EDMUND M. BRADY, JR., defendants: Thomas K. Byerley, Lansing, MI.

For MICHIGAN ATTORNEY GRIEVANCE COMMISSION, PHILLIP J. THOMAS, defendants: Richard L. Cunningham, Attorney Grievance Commission, Detroit, MI.

JUDGES: PRESENT: HONORABLE PATRICK J. DUGGAN, U.S. DISTRICT COURT JUDGE.

OPINION BY: PATRICK J. DUGGAN

OPINION

**OPINION AND ORDER**

At a session of said Court, held in the U.S. District Courthouse, City of Detroit, County of Wayne, State of Michigan, on NOV 19 1998.

PRESENT: THE HONORABLE PATRICK J. DUGGAN

U.S. DISTRICT COURT JUDGE

Plaintiff, an attorney who has practiced law in the State of Michigan [*2] since 1966, challenges disciplinary proceedings initiated against him by the Attorney Grievance Commission ("AGC") which resulted in his suspension from the practice of law. In this action brought pursuant to *42 U.S.C. § 1983*, plaintiff contends that the various disciplinary rules and procedures applied to him are unconstitutional and he seeks an order reinstating his license to practice law and an injunction prohibiting defendants from enforcing various rules and statutes. Currently before the Court are motions to dismiss and/or for summary judgment brought by defendants and plaintiff's motion for a temporary restraining order and preliminary injunction. A hearing was held on September 24, 1998.

**Background**

Beginning in 1985, plaintiff has had three disciplinary proceedings initiated against him by the Attorney Grievance Commission ("AGC"). The first complaint, initiated on October 15, 1985, alleged that plaintiff had failed to return funds to a client when requested. In 1989, a hearing panel of the Attorney Disciplinary Board ("ADB") found plaintiff guilty of professional misconduct and entered an order suspending his license to practice law for ninety days. The ADB denied [*3] plaintiff's subsequent appeal on May 14, 1990, and the Michigan Supreme Court denied plaintiff's application for leave to appeal on May 31, 1991. The Michigan Supreme Court denied plaintiff's motions for reconsideration and a stay on August 5, 1991.

On March 29, 1993, the AGC filed a second complaint against plaintiff alleging that he practiced law while his license was suspended and that he failed to notify third parties of his suspension. On August 18, 1994, the AGC filed a third complaint against plaintiff. This complaint alleged that he practiced law while his license was suspended. These proceedings were

subsequently consolidated.

On January 3, 1995, while the 1993 and 1994 complaints were pending, plaintiff filed a complaint in this Court against several defendants (including several defendants in the instant action). This complaint alleged, *inter alia*, that the defendants had violated the Due Process Clause and denied him his right to equal protection under the law. On March 6, 1995, this Court issued an order dismissing his complaints without prejudice. In an opinion issued that same day, the Court stated that plaintiff's claims based on the 1985 grievance were barred [*4] by the statute of limitations and that his remaining claims were not ripe for review. Plaintiff appealed the decision, and the Sixth Circuit affirmed the dismissal with prejudice of any claim based on the 1985 grievance and affirmed the dismissal without prejudice of his remaining claims under the *Younger* Abstention Doctrine. [1]

> 1 *Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).*

On June 12, 1996, an ADB hearing panel issued a report finding plaintiff guilty of the misconduct charged in the 1993 and 1994 complaints. (AGC Ex. H.) On October 7, 1996, the panel issued an order suspending plaintiff's license for 180 days. (AGC Ex. I.) On April 24, 1997, the ADB affirmed the hearing panel's order of suspension and subsequently denied plaintiff's motion for reconsideration. On September 16, 1997, the Michigan Supreme Court denied plaintiff's application for leave to appeal, and on November 7, 1997, the court denied plaintiff's complaint for mandamus, which it treated as a motion for reconsideration.

[*5] Plaintiff filed the instant complaint, seeking declaratory and injunctive relief, on April 3, 1998. This complaint seeks, *inter alia*, a declaration that various disciplinary rules and procedures are unconstitutional, an order reinstating plaintiff's license *nunc pro tunc* to October 6, 1997, and an injunction prohibiting defendants from enforcing various court rules and statutes and from interfering with plaintiff's constitutional rights and his right to practice law. [2]

> 2 Plaintiff's counsel disclosed to the Court at oral argument that plaintiff's suspension has expired but he has chosen not make application for reinstatement.

## Discussion

Defendants present several arguments for the dismissal of plaintiff's complaint. The Court will address the *Eleventh Amendment* immunity and *Rooker-Feldman* arguments *infra*. [3]

> 3 Defendants also asserted the defense of statute of limitations. The Court finds this defense to be without merit. The statute of limitations has not run on any claims based on the 1993 and 1994 grievances because plaintiff's cause of action did not accrue with respect to these grievances until the "termination" of the disciplinary proceedings in November, 1997. Plaintiff's complaint was filed on April 3, 1998, well within the statute of limitations period.

[*6] **1. *Eleventh Amendment* Immunity**

[HN1] "The *Eleventh Amendment* is an explicit limitation of the judicial power of the United States." *Missouri v. Fiske, 290 U.S. 18, 25, 54 S. Ct. 18, 20, 78 L. Ed. 145 (1933).* The *Eleventh Amendment to the United States Constitution* states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." *U.S. CONST. amend. XI.* In the absence of consent, a suit in which the State or one of its departments or agencies is named as a defendant is proscribed by the *Eleventh Amendment*. *Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984)* (citing *Florida Dep't of Health and Rehab. Serv. v. Florida Nursing Home Ass'n, 450 U.S. 147, 101 S. Ct. 1032, 67 L. Ed. 2d 132 (1981)).* Moreover, suits against state officials in their official capacity are treated as suits against the state. *Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361, 116 L. Ed. 2d 301 (1991).* Whether *Eleventh Amendment* immunity applies is a question [*7] of law. *Timmer v. Michigan Dep't of Corrections, 104 F.3d 833, 836 (6th Cir. 1997).*

The Amendment provides immunity to the state, as well as its departments and agencies, from all suits, whether for declaratory, injunctive, or monetary relief. *See Thiokol Corp. v. Department of Treasury, 987 F.2d 376, 381 (6th Cir. 1993).* This Court finds that the Michigan Supreme Court, the State Bar of Michigan, and the ADB are agencies of the state. [4]

4 [HN2] "'State means the state of Michigan and its agencies, departments, commissions, courts . . . .'" *MICH. COMP. LAWS § 691.1401(c)*. This Court has dismissed plaintiff's prior action against the Michigan Supreme Court on *Eleventh Amendment* immunity grounds. *Patmon v. Thomas*, No. 95-70005, slip op. at 4 (E.D. Mich. Mar. 6, 1995).

[HN3] The Michigan Supreme Court is immune from suit for both injunctive and monetary relief pursuant to the *Eleventh Amendment. See Alia v. Michigan Supreme Court 906 F.2d 1100 (6th Cir. 1990); see also Abick v. State of Michigan, 803* [*8] *F.2d 874 (6th Cir. 1986).* The State Bar of Michigan is organized under *M.C.L. § 600.901*, and regulated by the Michigan Supreme Court pursuant to *M.C.L. § 600.904*. The State Bar of Michigan is an integrated bar association, and as such, to be licensed in Michigan an attorney must be a member of the State Bar. *See Falk v. State Bar of Michigan, 411 Mich. 63, 305 N.W.2d 201 (1981)*.

The Michigan Supreme Court possesses inherent power to regulate the Bar. *Johnson v. DiGiovanni, 347 Mich. 118, 127, 78 N.W.2d 560 (1956)*. The State Bar is immune because it is under the control and authority of the Supreme Court. *See Kish v. Michigan State Bd. of Law Examiners, 999 F. Supp. 958, 962 (E.D. Mich. 1998)* (explaining State Bar of Michigan immunity); *see also Thiel v. State Bar of Wisconsin, 94 F.3d 399 (7th Cir. 1996); accord Lewis v. Louisiana State Bar Ass'n, 792 F.2d 493 (5th Cir. 1986), Bishop v. State Bar of Texas, 791 F.2d 435 (5th Cir.1986)*, and *Ginter v. State Bar of Nevada, 625 F.2d 829 (9th Cir. 1980)*. Similarly, the ADB acts as an "arm" of the Michigan Supreme Court, and thus it is also entitled to *Eleventh Amendment* immunity in discharging its "exclusive constitutional [*9] responsibility" to supervise and discipline attorneys. *See* MCR 9.110(A); *see also Patmon v. Thomas, 1997 U.S. App. LEXIS 13235*, Nos. 95-1505, 95-1569, 1997 WL 299377, at *1 (6th Cir. June 4, 1997) (describing ADB as an adjudicative agency of Michigan Supreme Court).

Accordingly, plaintiff's suit against defendants Michigan Supreme Court, State Bar of Michigan, and ADB is barred by Michigan's *Eleventh Amendment* immunity. Suit against the individual defendants is also barred, unless it falls within the narrow exception the Supreme Court carved out for certain suits praying for declaratory and injunctive relief against state officials.

*See Ex parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).* In *Idaho v. Coeur d' Alene Tribe, 521 U.S. 261, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997)*, the Court stated pointedly in narrowing the *Young* exception:

> To interpret *Young* to permit a federal court-action to proceed in every case where prospective declaratory and injunctive relief is sought against an officer, named in his individual capacity, would be to adhere to an empty formalism and to undermine the principle . . . that *Eleventh Amendment* immunity represents a real limitation on a federal court's federal-question [*10] jurisdiction.

*Idaho v. Coeur d' Alene Tribe, 521 U.S. 261, 117 S. Ct. 2028, 2034, 138 L. Ed. 2d 438 (1997)*. The genuine interests served by the *Eleventh Amendment* should not be sacrificed to the tactics of creative and blanket case captions and pleadings. *Id.*

An allegation of a continuing violation of federal law seeking prospective relief is ordinarily sufficient to invoke the *Young* fiction; however, when the action implicates special sovereignty interests, as in the case *sub judice* and in *Coeur d'Alene*, the *Eleventh Amendment* provides immunity from suit. *117 S. Ct. at 2040*. Further, a federal court is powerless to award retrospective relief, designed to remedy past violations of federal law. *Id. at 2043* (O'Connor, J., concurring) (citing *Green v. Mansour, 474 U.S. 64, 68-69, 106 S. Ct. 423, 425-26, 88 L. Ed. 2d 371 (1985))*.

The state of Michigan's interest in the case at bar is in its right to govern, regulate and license attorneys, via the Michigan Supreme Court, the State Bar of Michigan, and the ADB, pursuant to the criteria it determines to be in the best interests of the citizens and lawyers of the state of Michigan. *See Kish, 999 F. Supp.* [*11] *at 964*. "The interest of the State in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been 'officers of the courts.'" *Goldfarb v. Virginia State Bar, 421 U.S. 773, 792, 95 S. Ct. 2004, 2016, 44 L. Ed. 2d 572 (1975)*. Hence, Michigan has a special sovereignty interest in the regulation of its legal profession. *Kish, 999 F. Supp. at 964; see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 434, 102 S. Ct. 2515, 2522, 73 L. Ed. 2d 116*

*(1982)*. Accordingly, the exceptions to *Eleventh Amendment* immunity, as delineated in *Young*, do not apply to the instant case. Therefore, this Court finds that dismissal as to state defendants Michigan Supreme Court, State Bar of Michigan, and the ADB is proper. [5]

[5] See *Kish, 999 F. Supp. at 964* (dismissing State Bar of Michigan, Board of Law Examiners itself, as well as its members individually).

The Court will also enter summary judgment [*12] as to plaintiff's claims against defendants Mallet, Davis, Brady, Hurwitz, and Van Bolt. Plaintiff has failed to demonstrate that these individual defendants had the requisite personal involvement in any of the events or decisions regarding the disciplinary proceedings which gave rise to this action. See *Ortman v. Thomas, 894 F. Supp. 1104 (E.D. Mich. 1995)* (granting summary judgment to defendant Van Bolt as director of ADB on strikingly similar facts), *aff'd, 99 F.3d 807 (6th Cir. 1996)*. [6] Moreover, plaintiff should be ever mindful of the language of *Young*, a decision upon which he has relied heavily as his authority for commencing this suit. The language is especially poignant with respect to defendants Brady and Davis. [HN4] "In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act . . . ." *Ex parte Young, 209 U.S. at 157, 28 S. Ct. at 453*. Plaintiff's complaint is devoid of any specific substantive allegations of fact against the individual defendants. [7] The Court believes these defendants were singled out solely [*13] due to the offices they held and not as to their conduct in them. Summary judgment is proper as to individual defendants Mallet, Davis, Brady, Hurwitz, and Van Bolt.

[6] Plaintiff Ortman sought injunctive relief against instant defendants ADB, AGC, Thomas and Van Bolt, pursuant to § 1983, based upon attorney discipline proceedings instituted against the plaintiff. Similar to plaintiff Patmon, Ortman indicted the entire Michigan attorney discipline system as unconstitutional, and violative of his *First, Second, Fourth, Fifth, Sixth, Eighth*, and *Fourteenth Amendment* rights. *Ortman, 894 F. Supp. at 1111*.

[7] The Court also notes that plaintiff did not, at oral argument, inform the Court of any allegations against the individual defendants.

Dismissal of plaintiff's claims does not foreclose all avenues of review however. Plaintiff may still petition for a writ of certiorari to the Supreme Court. The United States Supreme Court has authority to review this matter pursuant to *28 U.S.C. § 1257*.

### 2. [*14] Subject Matter Jurisdiction

Defendants argue, and nothing presented to the Court at oral argument persuades this Court to the contrary, that plaintiff's complaint essentially seeks review of the attorney grievance proceedings outlined previously and is therefore barred under the *Rooker-Feldman* [8] doctrine because they arise out of state court proceedings. This Court agrees. In *District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983)*, the Supreme Court noted that *28 U.S.C. § 1257* provides that review of state court proceedings can only be had by the Supreme Court. [9]

[8] *Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983)*.
[9] [HN5] *28 U.S.C. § 1257* provides in pertinent part. "Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari."

[*15] Plaintiff first argues that the state proceedings of the ADB and the Michigan Supreme Court, which resulted in the suspension of his license, were not "judicial" and did not result in a "final judgment." Plaintiff emphasizes the fact that the Michigan Supreme Court did not "review" the determination of the ADB, but simply declined his application for appeal.

In *Feldman*, the Supreme Court held that the character and effect of the proceedings. not their form, was the controlling factor in determining whether proceedings were judicial rather than legislative or ministerial. *Feldman, 460 U.S. at 482, 103 S. Ct. at 1314*. The linchpin of this inquiry is whether the state proceedings "involved a 'judicial inquiry' in which the court was called upon to investigate, declare, and enforce 'liabilities as they [stood] on present or past facts and under laws supposed already to exist.'" *Id. at 479, 103 S. Ct. at 1313* (quoting *Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 226, 29 S. Ct. 67, 69, 53 L. Ed. 150 (1908)*). Based on these criteria, the *Feldman* court held

that the District of Columbia Court of Appeals' cursory order denying the plaintiff's petition to waive [*16] a court rule relating to bar admission was judicial in nature. It is a question of federal law whether a particular proceeding before another tribunal was truly "judicial" for purpose of subject matter jurisdiction. *Feldman*, 460 U.S. at 476 n.13, 103 S. Ct. 1311 n.13.

In this Court's opinion, the state proceedings were judicial in nature. There is no dispute that the grievance proceedings undertaken by the ADB were adversarial in nature with the ultimate question being whether plaintiff violated the Michigan Court Rules by practicing law during his suspension. [10] Thus, it clearly involved a determination of liabilities based on facts and law existing at the time. *See Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996) (citing *Prentis*, 211 U.S. at 226, 29 S. Ct. at 69). Furthermore, this process involves the ability to seek leave to appeal to the Michigan Supreme Court (*See* MCR 9.122(a), and MCR 7.302.) [HN6] MCR 7.302 requires the party seeking leave to appeal to set forth among other things "(b) the questions presented for review related in concise terms to the facts of the case; (d) a concise statement of the material proceedings and facts . . . and (e) a concise argument [*17] . . . in support of the appellate's position on each of the stated questions."

> 10 In these proceedings, both the ADB and the AGC were acting as arms of the Michigan Supreme Court. *See* MCR 9.108(A) and 9.110(A).

In his application for leave to appeal plaintiff presumably complied with these requirements which gave the Supreme Court an opportunity to consider whether or not the issues involved warranted review. In its order of September 16, 1997, denying plaintiff's application for leave to appeal, the Court stated:

"On Order of the Court, the application for leave to appeal is considered, and it is DENIED because we are not persuaded that the questions presented should be reviewed by this Court." (Pl.'s Ex. 33) (Emphasis added).

While it is true that a full review was not given by the Michigan Supreme Court, nevertheless, the process permits an appellant to seek leave to appeal to the Michigan Supreme Court and, in this Court's opinion, [HN7] a decision by the Michigan Supreme Court denying leave constitutes [*18] judicial review sufficient to satisfy any constitutional requirement of a judicial review. [HN8] The United States Supreme Court has not mandated that an appeal in an attorney discipline proceeding be as of right. *Fieger*, 74 F.3d at 748 (analyzing *Middlesex*). Further, the fact that review was discretionary did not bar presentation of plaintiff's federal claims - plaintiff was permitted to raise such claims in his motion for leave. *Id. at 749* (citing *Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708, 713 (9th Cir. 1995)). [HN9] The decision by the Michigan Supreme Court is a "final judgment" reviewable by the United States Supreme Court under *section 1257*. *See Richardson v. District of Columbia Court of Appeals*, 317 U.S. App. D.C. 465, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *Local No. 438 Constr. & Gen. Labor Union, AFL-CIO v. Curry*, 371 U.S. 542, 549, 83 S. Ct. 531, 536, 9 L. Ed. 2d 514 (1963)).

Plaintiff next contends that he is not seeking review of his suspension, but rather his complaint "asserts a general challenge to the constitutionality bar and court procedural rules and Defendants' administrative and ministerial customs and practices." (Pl.'s Br. [*19] in Resp. to Defs.' Mot. to Dismiss or Alternatively for Summ. J. at 2-3.) In *Feldman*, the Supreme Court recognized that [HN10] district courts may have jurisdiction over general challenges to state bar rules, so long as such challenges "do not require review of a final state-court judgment in a particular case." *See Feldman*, 460 U.S. at 486, 103 S. Ct. at 1317.

The Court rejects plaintiff's claim, raised throughout his pleadings and repeatedly by counsel at oral argument, that he is bringing a general challenge to such rules and procedures. Plaintiff's complaint alleges, *inter alia*, that defendants unconstitutionally applied certain provisions of the Michigan Court Rules in the disciplinary proceedings against plaintiff and deprived him of his due process and equal protection rights. Plaintiff further asserts that the allegedly unconstitutional court rules and practices were being enforced in a way that violated plaintiff's constitutional rights. (Compl. PP 20(c); 23(a).) By way of relief, his complaint seeks, among other things, a declaration that Patmon's rights have been violated and that Patmon's conduct as a lawyer is protected by the United States Constitution. Plaintiff [*20] also seeks orders restoring plaintiff's license and purging his disciplinary records. (Compl. PP 26(C), (G).) Such averments indicate that plaintiff is challenging his license suspension, and his claims are therefore inextricably intertwined with the grievance process. *See*

*Feldman, 460 U.S. at 486-87, 103 S. Ct. at 1317.* Accordingly, plaintiff's claims against the AGC and Phil Thomas are dismissed.

**Lack of Federal Constitutional Issue**

The Court has a serious question whether or not plaintiff is even asserting a federal constitutional question. At the hearing on this motion, petitioner identified his federal constitutional issue as a denial of his due process rights because he was not given a 21-day stay after the Michigan Supreme Court, on May 31, 1991, denied his application for leave to appeal. Plaintiff received notice of this order on or about June 3, 1991. The disciplinary proceedings that are the subject of this lawsuit charged Patmon with "practicing law" on June 11, 1991 while his license was suspended. Plaintiff contends that "due process" requires a "21-day stay" from the date of the Supreme Court order. Plaintiff avers that a 21-day stay of proceedings was granted [*21] by the ADB following its orders of discipline, and if the Michigan Supreme Court had granted a 21-day stay in its order of May 31, 1991, his conduct on June 11, 1991 would not have constituted any violation. MCR 7.317 provides that, "Unless otherwise ordered by the Court, an order or judgment is effective when it is issued." The Court does not believe that plaintiff has any "federally protected" constitutional right to a 21-day stay of the Michigan Supreme Court's order of May 31, 1991.

Plaintiff also contends that MCR 7.119A is "unconstitutional" because it requires that an attorney whose license is revoked or suspended "shall, within seven days of the effective date of the order of discipline" fulfill certain requirements. Plaintiff interprets the phrase, "within 7 days of the effective date of the order of discipline" to mean seven days before the effective date of the revocation, and, plaintiff argues that this rule, if applied to the order of the Supreme Court of May 31, 1991, requires an "impossibility" - because petitioner would not even know of the order until it was entered. Therefore, he could not have complied with the requirements seven days before the order.

[*22] The Court is satisfied that plaintiff misinterprets the meaning of "within seven days of the effective date of the order of discipline." The only reasonable interpretation of that language is that the rule requires that not more than seven days after the effective date of the order of discipline, the attorney must comply with the requirements set forth in MCR 9.119.

Therefore, the Court is not persuaded that plaintiff has identified a federal constitutional right of which he has been deprived.

For the reasons set forth above.

**IT IS ORDERED**, that plaintiff's motion for preliminary injunction is DENIED, and

**IT IS FURTHER ORDERED**, that the motions to dismiss and/or for summary judgment brought by all defendants are **GRANTED**, and plaintiff's complaint is **DISMISSED**.

A Judgment of Dismissal shall issue.

PATRICK J. DUGGAN

UNITED STATES DISTRICT JUDGE