# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MICAH FIALKA-FELDMAN,**

        Plaintiff,

                                        Case No. 2:08-cv-14922-PJD-VMM

**v.**                                        Hon. Patrick J. Duggan

**OAKLAND UNIVERSITY BOARD OF TRUSTEES,**

        Defendant.
_____

| | |
|---|---|
| MICHIGAN PROTECTION & <br> ADVOCACY SERVICE, INC. <br> By:  Chris E. Davis (P52159) <br>     Gabrielle S. Frampton  (P59499) <br> 29200 Vassar Blvd., Suite 200 <br> Livonia, MI  48152 <br> (248) 473-2990 <br> Attorneys for Plaintiff <br> Email: cdavis@mpas.org <br> Email: gframpt@mpas.org | BUTZEL LONG <br> By:  Robert A. Boonin (P38172) <br> 350 S. Main Street, Suite 300 <br> Ann Arbor, MI  48104 <br> (734) 995-3110 <br> Attorneys for Defendant <br> boonin@butzel.com |

_____

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION
### FOR LEAVE TO FILE AN AMENDED COMPLAINT

The Plaintiff in reply to defendant's response brief states:

**1.    Fair Housing Act Claims, Counts I & II.**

The Court in its order of February 5, 2009, dismissed the Plaintiff's Fair Housing Act claims against Oakland University pursuant to the 11th Amendment.  Plaintiff in the amended complaint seeks to sue the three newly named defendants, Gary D. Russi, Mary Beth Snyder, and Lionel Maten, in their official capacity under the Fair Housing Act in Counts I & II.

The defendant's claim the amended complaint is ambiguous is without merit. The amended complaint states that Count I is specifically against these three new defendants. See ¶ 51. Additionally, the amended complaint further states Count II is specifically against these three new defendants. See ¶ 56.

**2.    Reasonable Accommodation, Counts I & IV.**

The Court previously denied plaintiff's motion for a preliminary injunction for Oakland University's failure to provide a reasonable accommodation pursuant to the Fair Housing Act. That decision was based on the Defendant's 11th Amendment immunity. See, February 5, 2009, opinion pp. 9-12, Docket Item # 12. The Court's opinion discussed the eventual likelihood of success of Plaintiff's reasonable accommodation claim and determined the claims were not likely to succeed. *Id.* at pp. 13–16 relying on *Schanz v. Village Apartments*, 998 F. Supp. 784. (E.D. Mich. 1998). However, the Court's opinion is based on the information it had before it at the time. This litigation is in its early stages. It is impossible to know the eventual outcome, particularly when there has been no discovery in the matter. The opinion given by the Court is not a final decision on the actual merits of the reasonable accommodation claims. The defendant's argument, that plaintiff's case is futile, is therefore without merit.

**3.    Specific Allegations Relating to Proposed Defendants Russi and Maten**

Finally, there are specific allegations concerning the responsibility and the decision making authority of proposed defendants Gary D. Russi and Lionel Maten and how their authority relates to this case. Gary D. Russi as President of the University has decision making authority regarding the rules and policies of the university and has maintained the housing policy that is the issue in this case, without an accommodation

2

being provided to the plaintiff. *See Proposed Amended Complaint*, ¶¶ 15, 34, 38, 51 and 56. Additionally, as stated in the Proposed Amended Complaint Lionel Maten is responsible for the university's on-campus housing facilities and for administration and enforcement of its housing policies. Id. ¶¶ 17, 51 and 56.

Courts are clear that bringing an action against a state official merely to test whether a policy or statute violates federal law or is constitutional is not the purpose behind the *Young Doctrine. Children's Healthcare is a Legal Duty, Inc. v. Deters,* 92 F3d 1412 (6th Cir. 1996), 1414-1416, citing *In re Young*, 209 U.S. 123 (1908), 157; 28 S.Ct. 441, 452-53. There must be some action enforcing the statute or policy. All three officials named are involved in maintaining and enforcing the policy in question. In the present case, the officials have enforced the housing policy and denied the plaintiff the requested accommodation.

## CONCLUSION

Based on the motion and brief previously filed and on the foregoing, Plaintiff respectfully requests this Honorable Court to grant the Plaintiff's Motion for Leave to File an Amended Complaint and order the issuance of a Summons for each of the new defendants, Gary D. Russi, Mary Beth Snyder, and Lionel Maten.

Respectfully submitted,

Dated: March 18, 2009
s/Chris E. Davis
MICHIGAN PROTECTION &
ADVOCACY SERVICE, INC.
By: Chris E. Davis
29200 Vassar Blvd., Suite 200
Livonia, MI 48152

Attorneys for Plaintiff
(248) 473-2990
cdavis@mpas.org
P52159

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Robert A. Boonin.

    s/Chris E. Davis
    MICHIGAN PROTECTION &
    ADVOCACY SERVICE, INC.
    Attorney for Plaintiffs
    29200 Vassar Blvd., Suite 200
    Livonia, MI  48152
    Phone: (248) 473-2990
    Fax: (248) 473-4104
    E-mail: cdavis@mpas.org
    P52159