UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKAH FIALKA-FELDMAN,

      Plaintiff,

v.                                       Case No. 08-14922
                                       Honorable Patrick J. Duggan

OAKLAND UNIVERSITY
BOARD OF TRUSTEES,

      Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 20, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

Plaintiff initiated this lawsuit against Defendant on November 25, 2008, claiming that Defendant's denial of his request for housing in one of its on-campus dormitory living spaces violates the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B), and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). Presently before the Court is Plaintiff's motion for leave to file an amended complaint. The motion has been fully briefed and on April 15, 2009, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the motion pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).

In his pending motion, Plaintiff seeks leave to add Gary Russi, Mary Beth Snyder,

and Lionel Maten as defendants (collectively "University officials"). According to Plaintiff's proposed amended complaint, Mr. Russi is the President of Oakland University, Ms. Snyder is Vice President of Student Affairs and Enrollment Management, and Lionel Maten is the Director of University Housing. (Doc. 13 ¶¶ 15-17.) Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely granted where justice so requires. *See* Fed. R. Civ. P. 15(a). However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Defendant contends that Plaintiff's proposed amendment would be futile and therefore opposes his motion.

## Factual and Procedural Background

Plaintiff is a twenty-four year old male with cognitive impairments that substantially limit a major life activity, specifically his ability to learn. Plaintiff has been attending classes at Oakland University (hereafter "Oakland" or "University") since 2003. He has been enrolled in the University's OPTIONS program since the Fall of 2007, when the University established the program ". . . to provide a fully inclusive, age appropriate post-secondary education experience for students with mild cognitive disabilities." (Doc. 12 at 3.) Participants in the program are required to take a minimum of twelve credits per semester and pay the regular University tuition rate for undergraduate students; however, the program is not a degree-granting program.

Since his enrollment in the OPTIONS program, Plaintiff has been attempting to

secure housing on Oakland's campus. In late 2007, the University informed Plaintiff that he could begin living in a room in one its dormitories beginning January 2008; however, the University subsequently informed Plaintiff that he in fact is not eligible for student housing. University officials have explained to Plaintiff that the University's housing policy limits on-campus housing to students enrolled in degree-granting programs. When the University refused Plaintiff's request for a waiver of this policy as a "reasonable accommodation" of his disability, Plaintiff filed this lawsuit.

In his initial and proposed amended complaints, Plaintiff alleges the following claims:

> (I) Violation of the Fair Housing Act based on Defendant's Denial of a Requested Accommodation, 42 U.S.C. § 3604(f)(3)(B);
>
> (II) Violation of the Fair Housing Act based on discrimination and disparate impact, 42 U.S.C. §§ 3604(f)(1) and (2);
>
> (III) Violation of Section 504 of the Rehabilitation Act of 1973 based on discrimination, 29 U.S.C. § 794;
>
> (IV) Violation of Section 504 of the Rehabilitation Act of 1973 based on Defendant's denial of a reasonable accommodation, 29 U.S.C. § 794.

Relying on his Fair Housing Act ("FHA") claims, Plaintiff previously filed a motion for a preliminary injunction which this Court denied on February 5, 2009. In the opinion and order denying the motion, the Court concluded that Defendant is entitled to sovereign immunity with respect to Plaintiff's FHA claims. The Court further found that Plaintiff is not likely to succeed on his "reasonable accommodation" claims.

In response to the Court's sovereign immunity determination, Plaintiff filed the pending motion for leave to amend his complaint to name the University officials as defendants. Plaintiff indicates that he is suing these defendants their official capacities.

**Defendant's Arguments**

Defendant raises several arguments in support of its claim that Plaintiff's proposed amendment to his complaint would be futile. First, Defendant argues that this Court already has found that Plaintiff is not likely to succeed with respect to the "reasonable accommodation" claims set forth in Counts I and IV of his proposed amended complaint. Defendant next argues that, in Counts I and II of the proposed amended complaint, Plaintiff fails to set forth allegations linking the individual defendants to the enforcement of the University's housing policy and therefore does not state a viable claim against them. Third, Defendant argues that it is futile for Plaintiff to continue naming it as a defendant in Counts I and II of the proposed amended complaint, as the Court previously concluded that it is entitled to Eleventh Amendment immunity from Plaintiff's FHA claims. Lastly, Defendant argues that Plaintiff cannot state a prima facie case for violation of the Rehabilitation Act or the FHA because he is not "otherwise qualified" to live in on-campus University housing.

**Applicable Law and Analysis**

**Whether the Claims in Plaintiff's Proposed Amended Complaint are Futile**

In the opinion and order denying Plaintiff's motion for preliminary injunction, this Court found Plaintiff's likelihood of succeeding on his reasonable accommodation claim

under the FHA unlikely. Plaintiff argues, however, that the Court's decision was rendered early in this litigation, before any discovery was conducted. The Court does not believe that discovery will impact its earlier analysis.

As set forth in this Court's February 5, 2009 opinion and order, to prevail on his "reasonable accommodation" claim under the FHA, Plaintiff must demonstrate that an accommodation is necessary to afford him an "equal opportunity to use and enjoy" on-campus housing and that the requested accommodation is "reasonable." (Doc. 12 at 13); *see also Smith & Lee Assoc., Inc. v. City of Taylor*, 102 F.3d 781, 795 (6th Cir. 1996). Regardless of what discovery in this litigation may uncover, it is a matter of fact that Plaintiff is not enrolled in a degree-granting program and that students must be enrolled in a degree-granting program to be eligible for on-campus University housing. Thus disabled and non-disabled students, alike, who are not enrolled in degree-granting programs are ineligible for on-campus housing. For that reason, Plaintiff's requested accommodation is not necessary to ameliorate the effects of his disability and to afford him an opportunity *equal to* non-disabled students.

The Court therefore concludes that it would be futile for Plaintiff to amend his complaint to assert an FHA reasonable accommodation claim against the University officials (Count I). Contrary to what the Court noted in its earlier opinion and order (Doc. 12 at 11 n.2), however, it does not believe this conclusion necessarily applies to Plaintiff's reasonable accommodation claim under the Rehabilitation Act. The elements of the two claims are not identical.

To prove his reasonable accommodation and discrimination claims under § 504 of the Rehabilitation Act, Plaintiff must prove the following: (1) he is a "handicapped person" under the Act; (2) he is "otherwise qualified"; (3) he "is being excluded from participation in, or being denied the benefits of, or being subjected to discrimination under the program solely by reason of the handicap;" and (4) the University receives federal financial assistance. *See Doherty v. Southern College of Optometry*, 862 F.2d 570, 573 (6th Cir. 1988). "A handicapped or disabled person is 'otherwise qualified' to participate in a program if [he] can meet its *necessary* requirements with reasonable accommodation.'"[1] *Kaltenberger v. Ohio College of Podiatric Med.*, 162 F.3d 432, 435 (6th Cir. 1998) (citations omitted) (emphasis added). Defendant argues that Plaintiff cannot satisfy the "otherwise qualified" element because he is not enrolled in a degree granting program– a requirement Defendant maintains is "necessary" to its on-campus housing program.

At this stage of the litigation, however, this Court cannot conclude that this requirement is in fact *necessary*. The University's determination of the criteria necessary to qualify for on-campus housing is entitled to deference. *See Kaltenberger*, 152 F.3d at 436. Nevertheless, the Court believes that the degree of deference it should afford the University's determination ultimately will depend upon the facts presented in this

---

[1] After reviewing various cases addressing the Rehabilitation Act, the Court questions whether there are distinct "reasonable accommodation" and "discrimination" claims under the statute, particularly as the analysis of whether an individual is "otherwise qualified" includes the consideration of a "reasonable accommodation."

litigation and that the issue of whether a requirement is "necessary" involves a fact-intensive analysis.

Thus, at this time, the Court cannot conclude that Plaintiff's proposed Rehabilitation Act claims (Counts III and IV) are futile.

In Count II of his proposed amended complaint, Plaintiff asserts disparate treatment *and* disparate impact discrimination in violation of the FHA. The three-part burden shifting test established in *McDonnell Douglas Corporation v. Green* applies to both types of claims.[2] *Graoch Assoc. #33 v. Louisville/Jefferson County*, 508 F.3d 366, 371-72 (6th Cir. 2007). First Plaintiff must state a prima facie case of discrimination. *Id*. at 371. Next, Defendant must articulate a legitimate, non-discriminatory basis for the challenged decision. *Id*. Third, if Defendant proffers such a basis, Plaintiff must establish that the articulated reason is pretextual or, in a disparate impact case, "that there exists an alternative . . . practice that would achieve the same . . . ends with a less discriminatory impact." *Id*. at 371-72.

To state a prima facie case of disparate treatment under the FHA at the first step, Plaintiff must show that he is a member of a protected class, that he applied for and *was qualified for* on-campus housing, that he was rejected, and that housing remained available thereafter. *Id*. (citing *Maki v. Laakko*, 88 F.3d 361, 364 (6th Cir. 1996)). Plaintiff's proposed disparate treatment claim under the FHA is futile for the same reason

---

[2] 411 U.S. 792, 93 S. Ct. 1817 (1973).

as his reasonable accommodation claim under the FHA. Because he is not enrolled in a degree-granting program, Plaintiff is not "qualified for" University on-campus housing. Disparate-impact cases under the FHA, however, require proof of different evidence at the prima facie stage.

To state a prima facie case of disparate impact discrimination, Plaintiff must show that the challenged aspect of the University's housing policy has "an adverse effect by offering statistical evidence of a kind or degree sufficient to show that the practice in question has caused the adverse effect in question." *Graoch*, 508 F.3d at 372 (citing *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 830 (6th Cir. 2000)). This Court does not believe that such evidence generally is available to a plaintiff before discovery is conducted. Additionally, Defendant has not argued that Plaintiff cannot demonstrate a prima facie case of disparate impact discrimination.[3] Thus, at this time, the Court cannot conclude that it would be futile for Plaintiff to amend his complaint to assert a disparate impact claim under the FHA against the University officials.

### Sufficiency of the Allegations as to the University Officials' Personal Involvement

Defendant argues that Plaintiff's proposed amended complaint is devoid of allegations necessary to establish Mr. Russi's and Mr. Maten's involvement with the challenged University housing policy sufficient to bring his FHA claims under the

---

[3]In fact, Defendant does not address the merits of Plaintiff's disparate impact claim in response to the pending motion and it did not address this claim in its earlier response to Plaintiff's motion for preliminary injunction.

exception to Eleventh Amendment immunity set forth in *Ex Parte Young*, 209 U.S. 123, 23 S. Ct. 441 (1908).[4] As the Supreme Court provided in *Young*: "In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act . . . ." 209 U.S. at 157, 28 S. Ct. 453.

In his proposed amended complaint, Plaintiff alleges that Mr. Russi, as the University's President, has decision making authority for the University. (Doc. 13-2 ¶ 15.) He alleges that Mr. Maten, as Director of University Housing, "is responsible for the operation of the University's dormitory and apartment facilities including the administration of its policies for student housing eligibility . . ." (*Id*. ¶ 17; *see also* ¶ 27.) The Court finds these allegations sufficient at the pleading stage to connect Mr. Russi and Mr. Maten to the challenged University housing policy.

## Eleventh Amendment Immunity and Counts I and II of the Proposed Amended Complaint

Defendant argues that Plaintiff should not be allowed to amend his complaint as proposed because, it appears, Plaintiff still is asserting his FHA claims (Counts I and II) against Defendant. In his reply brief, Plaintiff does not clarify whether he continues to assert his FHA claims against Defendant in his proposed amended complaint. As this Court concluded in its February 5, 2009 opinion and order, sovereign immunity extends

---

[4]Pursuant to 42 U.S.C. § 2000d-7, Eleventh Amendment immunity does not bar Plaintiff's Rehabilitation Act claims as the University receives federal funds.

9

to States sued under the FHA and several courts have concluded that the governing bodies of state universities, such as Defendant, are state agencies also entitled to Eleventh Amendment immunity. (Doc. 12 at 10-11.) Nevertheless, because Plaintiff must revise his amended complaint before it is filed to comply with the rulings in this Opinion and Order, he can clarify the defendant(s) against whom he is asserting his FHA disparate impact claim.[5]

## Conclusion

In summary, the Court concludes that it is futile for Plaintiff to amend his complaint to assert a reasonable accommodation claim or disparate treatment claim under the FHA against the University officials. The Court, however, cannot conclude that Plaintiff's disparate impact claim under the FHA or his claims under the Reorganization Act are futile. Plaintiff's proposed amended complaint contains sufficient allegations with respect to the University officials to connect them to the challenged University policy and make them defendants in this action.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for leave to file an amended complaint is **GRANTED IN PART AND DENIED IN PART** and Plaintiff shall file an amended complaint consistent with the rulings in this Opinion and Order within seven (7) days.

---

[5]As a practical matter, to this Court there does not appear to be any reason for Plaintiff to continue including the University Board of Trustees as a defendant once he amends his complaint to name the University officials in their official capacities as defendants.

s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Chris E. Davis, Esq.
Robert A. Boonin, Esq.