UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MICAH FIALKA-FELDMAN                         Case Number 08-CV-14922

        Plaintiff,                                    Hon. Patrick J. Duggan

v.

OAKLAND UNIVERSITY BOARD
OF TRUSTEES, GARY D. RUSSI, MARY BETH
SNYDER, and LIONEL MATEN, in their
official capacity,
        Defendants.
_____/

| | |
|---|---|
| Michigan Protection & Advocacy Service, Inc. | BUTZEL LONG |
| Chris E. Davis (P52159) | By: Robert A. Boonin (P38172) |
| Gabrielle S. Frampton (P59499) | 350 S. Main Street, Suite 300 |
| 29200 Vassar Blvd., Suite 200 | Ann Arbor, MI 48104 |
| Livonia, MI 48152 | (734) 995-3110 |
| Phone: (248) 473-2990 | Attorneys for Defendant |
| Email: cdavis@mpas.org | boonin@butzel.com |
| Attorney for Plaintiff | |

_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT

    Plaintiff, through his counsel, respectfully requests this court to grant him leave to file a second amended complaint. This request is based upon newly discovered evidence which supports claims of disparate treatment discrimination in violation of Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act and the Fair Housing Act as Amended. This request is made pursuant to Fed. R. Civ. P., Rules 15 and 18.

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

In support of his motion, Plaintiff states:

Defendants have maintained that OU has a long held policy, and therefore they did not discriminate against the Plaintiff, specifically that on-campus student housing is reserved only for matriculated students taking courses leading to a degree ("matriculated student policy"). In support of their position, Defendants point to the terms and conditions for on-campus housing outlined on the back of the housing application.

On or about April 13, 2009, Plaintiff's father discovered a front-and-back copy of the original Contract for Residence Hall Services ("application") that Plaintiff completed in the Fall of 2007. The application does not require that a student be matriculated in coursework leading to a degree to be eligible for on-campus housing. Plaintiff maintains that those terms and conditions, specified in the above paragraph, are not on the back page of the housing application he completed in the Fall 2007.

Additionally, Plaintiff's father located the original letter denying Plaintiff's housing application. This letter has no reference to the matriculating student policy. Instead Defendant Maten rescinded Plaintiff's acceptance to housing because; "You are not an admitted Oakland University student and are not registered for Winter 2008 classes."

In March 2008, Defendants changed OU's application's terms and conditions to now include the matriculated student policy. Defendants made this change well after Plaintiff applied and was accepted for on-campus housing.

Plaintiff believes these documents show that Defendants' matriculated student policy is a pretext to conceal their disparate treatment of the Plaintiff. This new evidence supports a claim of disparate treatment discrimination in violation of Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act and the Fair Housing Act as Amended.

Fed. R. Civ. P., Rule 15 (a)(2) of the Federal Rules of Civil Procedure provides the court should freely and liberally give leave when justice so requires. Where Plaintiff has been denied student housing solely due to his disability, justice requires that Plaintiff have an opportunity to plead and prove his case. As one legal treatise has noted:

> While the provision of the Federal Rules of Civil Procedure governing amendments to pleadings before trial states that leave to amend is to be freely given when justice so requires, this does not require that leave to amend must be granted in all cases. The courts have developed a number of factors to be considered in determining whether to grant leave to amend, and among the reasons for denying leave to amend are undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure the deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. According to some authority, in the absence of substantial or undue prejudice to the nonmoving party, denial of leave to amend must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or the futility of the amendment. 27A Fed.Proc.,L.Ed. § 62:277 (2008). *citations omitted*.

The Defendants would suffer no undue prejudice or delay should the Court grant Plaintiff's motion. The statute of limitations is not an issue, Plaintiff is still well within the allowed time to bring this claim. Formal discovery has not begun and the Defendants will not be forced to repeat discovery, such as the retaking of depositions and such. In fact, the three new Defendants, Russi, Maten and Snyder, have not answered the First Amended Complaint.

There was no undue delay on the part of the Plaintiff. After receipt of this new evidence, Plaintiff attempted to addend his first motion to amend before the Court rendered its decision on April 20, 2009. However, the Court's order was filed before Plaintiff could file his Motion to Addend.

Additionally, Plaintiff's motion is consistent with Fed. R. Civ. P. 18(a); "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

Attached to this motion is the proposed amended complaint to be filed if leave is granted replacing the previously filed proposed amended complaint. [Exhibit #1]

Plaintiff's counsel attempted but was unable to obtain concurrence from defense counsel in this matter on April 29, 2009.

WHEREFORE, Plaintiff respectfully requests this honorable court to grant leave to file his amended complaint and to serve it upon Defendants.

Respectfully submitted,

Dated: April 30, 2009

s/Chris E. Davis
MICHIGAN PROTECTION &
ADVOCACY SERVICE, INC.
By:    Chris E. Davis
          Gabrielle S. Frampton
 29200 Vassar Blvd., Suite 200
 Livonia, MI  48152
Attorneys for Plaintiff
(248) 473-2990
cdavis@mpas.org
gframpt@mpas.org
P52159

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2009, I electronically filed the foregoing Plaintiff's Motion for Leave to File Second Amended Complaint and Brief in Support with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Robert A. Boonin.

                                                  s/Chris E. Davis
                                                  MICHIGAN PROTECTION &
                                                  ADVOCACY SERVICE, INC.
                                                  29200 Vassar Blvd., Suite 200
                                                  Livonia, MI  48152
                                                  248-473-2990
                                                  cdavis@mpas.org
                                                  P52159