# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MICAH FIALKA-FELDMAN,**

     Plaintiff,

                            Case No. 08-CV-14922

v.                            Hon. Patrick J. Duggan

**OAKLAND UNIVERSITY BOARD OF TRUSTEES,**
**GARY D. RUSSI, MARY BETH SNYDER,**
**and LIONEL MATEN, in their official capacities,**

     Defendants.

---

| | |
|---|---|
| Chris E. Davis (P52159) | BUTZEL LONG |
| Michigan Protection & Advocacy Service, Inc. | By: Robert A. Boonin (P38172) |
| 29200 Vassar Blvd., Suite 200 | 350 S. Main Street, Suite 300 |
| Livonia, MI 48152 | Ann Arbor, MI 48104 |
| (248) 473-2990 | (734) 995-3110 |
| Attorney for Plaintiff | Attorneys for Defendants |
| cdavis@mpas.org | boonin@butzel.com |

---

# DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
# LEAVE TO FILE SECOND AMENDED COMPLAINT

**TABLE OF CONTENTS**

**INTRODUCTION** ..................................................................................................................... 1

**ARGUMENT** ........................................................................................................................... 1

    **PLAINTIFF'S REQUEST FOR LEAVE TO AMEND IS UNTIMELY AND UNWARRANTED** ..................................................................................................... 1

    **PLAINTIFF'S FHA DISPARATE TREATMENT CLAIM IS FUTILE** ................................... 3

    **ALLOWING THE AMENDED COMPLAINT WOULD BE FUTILE BECAUSE PLAINTIFF'S NEWEST COMPLAINT FAILS TO STATE A CLAIM** ........................... 3

    **ALLOWING THE AMENDED COMPLAINT WOULD BE FUTILE BECAUSE PLAINTIFF'S NEWEST COMPLAINT FAILS TO STATE A CLAIM** ........................... 3

**CONCLUSION** ......................................................................................................................... 5

**CERTIFICATE OF SERVICE** ........................................................................................... - 7 -

# INDEX OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ..................................................................... 5

***Foman v. Davis*, 371 U. S. 178, 182 (1962)**............................................................................ 1, 3

*Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419 (6th Cir. 1999)............................................................ 5

*Papasan v. Allain*, 478 U.S. 265, 286 (1986) .......................................................................................... 5

*Prebble v. Hinson*, 825 F. Supp. 185, 186 (S.D. Ohio 1993) .................................................................. 5

*Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) ......................................... 5

*Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041 (6th Cir. 1991) ................................................ 3

**Statutes**

29 U.S.C. § 12131(2)............................................................................................................................... 4

**Regulations**

26 CFR § 31.3121(b)(10)-2 ..................................................................................................................... 2

## ISSUES PRESENTED

1.      Should the Court deny Plaintiff leave to file his third Complaint based on evidence in his possession since before this case was filed?

        Answer:   Yes.

2.      Should the Court deny Plaintiff leave to file an amended Complaint where the proposed amendments would be futile?

        Answer:   Yes.

## INTRODUCTION

Defendants Oakland University Board of Trustees ("Oakland University" or the "University"), Gary D. Russi, Mary Beth Snyder, and Lionel Maten (collectively, "Defendants") hereby respond to Plaintiff's Motion for Leave to File Second Amended Complaint (the "Motion). The proposed amendments by Plaintiff Micah Fialka-Feldman ("Plaintiff" or "Feldman") should not be permitted because Plaintiff has unduly delayed in seeking the amendment and because the amendment would be futile.

## ARGUMENT

### I.  PLAINTIFF'S REQUEST FOR LEAVE TO AMEND IS UNTIMELY AND UNWARRANTED

Plaintiff asserts in his Motion that an amendment is required due to "newly discovered evidence." (Motion at p. 1) However, Plaintiff admits that the "newly discovered evidence" (a housing contract signed by Plaintiff and letter he received in 2007) has been in his possession since the fall of 2007. (Motion at p. 2) Plaintiff's one and a half year delay in asserting claims based on this "new" document precludes the granting of his leave to file. *Foman v. Davis*, 371 U. S. 178, 182 (1962) (noting that amendment should not be allowed if there is "undue delay . . . [or] repeated failure to cure deficiencies by amendments previously allowed."). Plaintiff has also failed to attach the signed housing contract or letter to his Motion, so the Motion is not properly predicated. As a result, Plaintiff's Motion should be denied.

Moreover, there is nothing "new" that can be learned from these documents – both of which Plaintiff has always had in his possession. In the end, this case will turn on the fact that Plaintiff does not meet the requirements for student housing according to the University's housing policy. The University's policy is that on-campus housing is reserved for students

1

enrolled in a course or courses for credit and recognized by the University as seeking a degree (Maten Aff., Ex. 1, at ¶ 3)[1]  While the University's standard form housing contract has not always captured all of the eligibility details, the same housing policy has remained intact for several years.  (Maten Aff., Ex. 1, at ¶ 9)

Even the older version of the housing contract contains requirements that Plaintiff does not meet.  The contract Plaintiff apparently signed in 2007 requires that, to live in on-campus housing, one ". . . must be *enrolled* as a *student* at the University . . . ."  (Maten Aff., Ex. 1, at ¶ 5) (emphasis supplied)   In the world of higher education, the industry or trade usage of the term "enrolled" means that one is seeking academic credit toward a degree.  For example, federal regulations define "enrolled" as "registered for a course or courses creditable toward an educational credential," such as "a degree, certificate, or other recognized educational credential granted [by the school or university]."  26 CFR § 31.3121(b)(10)-2.  Also, the United States Department of Education, which requires the University to file a Fiscal Operations Report annually, defines "student" (for the purposes of that report) as "a person enrolled or accepted for enrollment in an eligible program at an eligible postsecondary institution for the purpose of obtaining a degree or certificate offered by that institution."  (USDOE Definitions, Ex. 2)  These explanations of who constitutes an "enrolled student" reveal how Plaintiff is not qualified to live in on-campus housing, even under the signed housing contract he which he now claims to have recently "discovered."   Plaintiff, though, wishes the Court to read no meaning to the terms – i.e., both adjective and the noun – and to instead read the contract without those combined terms, which is contrary to black-letter rules of contract construction.  Plaintiff's claim that his "new found" evidence warrants his request, therefore, is just a "red-herring."

---

[1] Those in hostel programs or summer programs may also live in the dormitories, but these criteria are not applicable to the instant matter. (*Id.*) Also, as explained in Mr. Maten's Affidavit, the University added a minimum number of credits requirement to become effective a year later, in the fall of 2008. (*Id.* at ¶ 9)

## II. PLAINTIFF'S FHA DISPARATE TREATMENT CLAIM IS FUTILE.

Plaintiff's Motion also flagrantly ignores the Court's Opinion and Order of April 20, 2009 declaring that Plaintiff's FHA (Disparate Treatment) claim has no legal basis. (April 20, 2009 Order, at pp. 7-8) The "newly discovered" documents described in Plaintiff's Motion do not alter this conclusion.

Specifically, in the proposed amendment Plaintiff still alleges that he "is otherwise qualified for on-campus housing." (Second Amended Complaint at ¶ 67) Also, Plaintiff still admits that the current "housing policy of OU . . . reserves on-campus housing only for those students enrolled in programs leading to a degree." (*Id*. at ¶ 69) Therefore, the Court is still correct that "[b]ecause he is not enrolled in a degree-granting program, Plaintiff is not 'qualified for' University on-campus housing." (April 20, 2009 Order, at p. 8) As a result, the Court should declare that Count II of the proposed Second Amended Complaint is futile. *Foman*, 371 U.S. at 182 (stating that "futility of [the] amendment" should prevent amendment); *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041 (6th Cir. 1991).

## III. ALLOWING THE AMENDED COMPLAINT WOULD BE FUTILE BECAUSE PLAINTIFF'S NEWEST COMPLAINT FAILS TO STATE A CLAIM

Plaintiff's amendment should also be rejected because Plaintiff repeatedly and merely asserts in his Second Amended Complaint that he is "otherwise qualified" (or similar allegation) to live in on-campus housing at Oakland University. (Second Amended Complaint at ¶¶ 58, 67, 77, 86, 96) Nowhere in the Second Amended Complaint, however, does Plaintiff state: (1) the qualifications necessary to live in on-campus housing; or (2) that Plaintiff possesses those qualifications. His omission shows its futility; Plaintiff cannot, as a matter law, establish that he

is "otherwise qualified" for housing since housing is reserved for students enrolled in the University's regular, degree granting programs. Housing is not a University "program or activity" which stands in isolation. *See, e.g.,* 29 U.S.C. § 12131(2). No facts are pled which remotely suggest that to be the case. The dormitories are not hotel rooms open to the general public, nor does the University rent the rooms as if its housing is akin to a typical apartment complex. Instead, the housing is a part of its regular academic and degree granting programs of which Plaintiff is not.[2] Plaintiff's right to be in University housing is no different than his right to be on a University inter-collegiate athletic team. That is, he cannot do either because he is not otherwise qualified to do either; he is not otherwise qualified because he is not pursuing credits as an enrolled student in a degree granting program.

In other words, unless Plaintiff can be a part of the regular academic, credit earning and degree granting program at the University, housing is not available to him. There are no allegations which suggest that he can meet those qualifications with or without reasonable accommodations. Further, the pleadings and facts only suggest that Plaintiff is fully able to participate in the program in which he may be qualified to participate and in which he is fully participating – the OPTIONS Program. The OPTIONS Program's participants, as with participants in other University programs who are not a part of the regular, degree granting academic program, do not qualify for University housing.

Further, Plaintiff's omission of facts suggesting that he is otherwise qualified is not inconsequential; rather, it is fatal. Simply declaring that Plaintiff is "otherwise qualified" is

---

[2] The Integrated Postsecondary Education Data System (IPEDS) is a system of interrelated surveys of postsecondary education institutions conducted annually by the U.S. Department of Education's National Center for Education Statistics (NCES). The IPEDS defines "on-campus housing" as "[a]ny residence halls owned or controlled by an institution within the same reasonably contiguous geographic area and used by the institution in direct support of or in a manner related to, the institution's education purposes." (USDOE Definitions, Ex. 2) Hence, it could be said that residence halls are, by definition, part of a university's academic program.

merely a legal conclusion and fails to meet applicable pleading requirements. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a formulaic recitation of the elements of a cause of action will not do"); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Since there is no basis from the Complaint (as amended, or otherwise) to conclude that Plaintiff is otherwise qualified for the regular academic program, his motion should be denied.

Plaintiff admits that on-campus housing is reserved "only for those students enrolled in programs leading to a degree." (*Id*. at ¶ 69) Plaintiff also admits that he is participating in the OPTIONS program, which is not a degree-granting program. (*Id*. at ¶ 6) As a result, Plaintiff's Second Amended Complaint fails to state a claim, is futile, and the Court should deny Plaintiff's Motion. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) (finding it futile to permit leave to file amended complaint that fails to state a claim); *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419 (6th Cir. 1999) (same); *Matthews v. Jones*, 35 F.3d 1046, 1050 (6th Cir. 1994) (same); *Prebble v. Hinson*, 825 F. Supp. 185, 186 (S.D. Ohio 1993) (same).

## CONCLUSION

Defendants have expended significant time, effort and expense responding to various defective pleadings filed by Plaintiff. This case has been proceeding for months, and the parties have not even had the opportunity to begin discovery yet. Plaintiff now wishes to submit his third Complaint, with additional causes of action, based on documents that he had and should have reviewed prior to filing his lawsuit. Additionally, Plaintiff fails to allege how he is "qualified" and also attempts to plead a cause of action that the Court has already foreclosed. Plaintiff's Motion for leave to amend should be denied. Defendants should also be awarded their reasonable attorneys' fees expended in responding to Plaintiff's Motion, and if the Motion is

granted in part, it should be conditioned on Plaintiff paying Defendant's attorneys fees incurred while responding to defects in his pleading that the University has pointed out to him from the outset (i.e., the 11th Amendment defects), the futility of his claims, and now having to respond to yet another version based on documents he has always had in his possession.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion for Leave to File Second Amended Complaint and award reasonable attorneys' fees for Defendants' response thereto.

Respectfully submitted,

**BUTZEL LONG**

By:  /s/ Robert A. Boonin
     Robert A. Boonin (P38172)
     350 S. Main Street, Suite 300
     Ann Arbor, MI 48104
     (734) 995-3110
     **Attorneys for Defendants**
     boonin@butzel.com

Dated:   May 15, 2009

## <u>CERTIFICATE OF SERVICE</u>

I, Robert A. Boonin, hereby certify that on May 15, 2009, I electronically filed the foregoing papers with the Clerk of the court using the ECF system, which will send notification of such filing to the following counsel of record:

Chris E. Davis
Michigan Protection & Advocacy Service, Inc.
29200 Vassar Blvd., Ste. 200
Livonia, MI  48152
(248) 473-2990
cdavis@mpas.org
Attorney for Michah Fialka-Feldman

Respectfully submitted,

**BUTZEL LONG**

By:  /s/ Robert A. Boonin
Robert A. Boonin (P38172)
300 South Main Street, Suite 300
Ann Arbor, Michigan  48104
(734) 995-3110
boonin@butzel.com

**Attorneys for Defendants**

Dated:  May 15, 2009