UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MICAH FIALKA-FELDMAN

        Plaintiff,

v.

OAKLAND UNIVERSITY BOARD
OF TRUSTEES, GARY D. RUSSI, MARY BETH
SNYDER, and LIONEL MATEN, in their
official capacity,
        Defendants.

Case Number 08-CV-14922

Hon. Patrick J. Duggan

_____/

Michigan Protection & Advocacy Service, Inc.
Chris E. Davis (P52159)
Gabrielle S. Frampton (P59499)
29200 Vassar Blvd., Suite 200
Livonia, MI 48152
Phone: (248) 473-2990
Email: cdavis@mpas.org
Attorney for Plaintiff

BUTZEL LONG
By: Robert A. Boonin (P38172)
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 995-3110
Attorneys for Defendant
boonin@butzel.com

_____/

**PLAINTIFF'S REPLY BRIEF ON MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

The Plaintiff requests this court to reject the arguments raised by the Defendants in their response brief. As will be explained in more detail below, there was no undue delay in bringing this motion and the claims Plaintiff seeks to add are well plead and are not futile.

**I. THERE WAS NO UNDUE DELAY BY THE PLAINTIFF IN BRINGING THIS MOTION**

The factors a court should look at in deciding a motion to grant leave to amend are in *Foman v. Davis*, 317 U.S. 178,182; 83 S.Ct. 227; 9 L.Ed. 2d 222 (1962). Defendants claim that the relevant factor here is undue delay. However, Defendants cite

to no cases that would support such a finding in this case. Cases where Courts have found undue delay usually involve requests filed years after the original complaint or where there is some prejudice to the non-moving party. *See*: *Leary v. Daeshner*, 349 F.3d 888 (6th Cir.2003) (Amendment sought after deadline for amendments specified in the scheduling order.); *U.S. v. Midwest Suspension and Brake*, 49 F.3d 1197 (6th Cir.1995) (Defendant request to amend answer two years after original answer and was prejudicial because it would have subjected Plaintiff to an additional round of discovery.) *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452 (6th Cir. 2001) (Amendment sought one and half years after original complaint and after completion of discovery.) In *Tefft v. Seward*, 696 F.2d 637, 638 (6th Cir.1982), the 6th Circuit found it was an abuse of discretion for the trial court to deny a Plaintiff's motion to amend when it caused no prejudice to the Defendant and despite the fact that leave was sought four years after the original complaint.

In the present case, there is no undue delay. This second request for leave to amend was brought within six months of the original complaint. The delay was due to the fact that the documents which support the new claims were misplaced. EXHIBITS #1, Feldman Aff., and #2, Fialka-Feldman Aff.. When they were located, we sought leave to amend in less than three weeks.

Additionally, Plaintiff requested the documents from the University but his request was denied. EXHIBIT #2. Plaintiff's counsel sought these records from defense counsel and was denied. EXHIBITS #3, 4. The denial by defense counsel violates Fed. R. Civ. P. 16, which states ". . .a party must, without awaiting a discovery request, provide to the other parties . . ." copies of the documents it intends to rely upon. It is

clear that the actions of the Defendants and their counsel have contributed to the delay in bringing this amended complaint.

Defendants' response brief provides no explanation of how granting leave to amend would prejudice them. At present, there is no scheduling order in place and discovery has not begun. Their refusal to consent to the amendment was solely for the purpose of delay, to drive up the cost of litigation, is without merit and is wasteful of the Court's time.

## II. BECAUSE OF NEW EVIDENCE PLAINTIFF'S FHA DISPARATE TREATMENT CLAIM IS NOT FUTILE

The Court, in its order of April 20, 2009, declared that Plaintiff's FHA Disparate Treatment claim futile, saying ". . . he is not enrolled in a degree-granting program, Plaintiff is not "qualified for" University on-campus housing . . ." and therefore lacks a necessary element of his prima facie case. [April 20, 2009, Order, pp 7-8.] That was before the new evidence was presented to the Court. The Plaintiff's housing application and the original denial letter indicate that at the time Plaintiff applied for housing, there was no requirement that he be in a degree-granting program. Plaintiff, based on the new evidence, claims he was qualified and that the rule he be enrolled in a degree-granting program was created after the fact to justify the Defendants' discriminatory practice, in other words a pretext. The original application does not contain any requirement that Plaintiff be in a degree-granting program. It only requires that he be an enrolled student. EXHIBIT #5. The Plaintiff was enrolled in the OPTIONS program, an educational program at the University, at the time he applied. The reason given for denying his application was that he was not enrolled. EXHIBIT #6. This is clearly false. Additionally, the University changed it application on March 6, 2008, adding the new

requirement that applicants must be matriculating students. [*See,* Docket Item #10, Reply Brief Re: Motion for Preliminary Injunction: Exhibit #1, p.2. In the bottom right hand corner is the revision date, 3/6/08.] These documents show that the Defendants changed the University's policy after denying Plaintiff admission to housing.

The Defendants' counter this evidence with the self-serving statement of one of the Defendants, Lionel Maten. His statements are clearly contradicted by the documentary evidence. Additionally, Mr. Rich Feldman, in his previous affidavit, said he was never informed of a matriculating student rule prior to Micah filing his housing application. [*See,* Docket Item #11, Request to File Supplemental Exhibits, Exhibit # 1.]

Also, Defendants can't settle on what exactly is their policy. On page two of the Defendants' response brief, they provide no less than three different articulations of the policy on one page.

- "enrolled in a course or courses for credit and recognized by the University as seeking a degree"
- "one is seeking academic credit toward a degree"
- "registered for a course or courses creditable toward an educational credential" citing 26 C.F.R. § 31.3121(b)(10)-2[1]

If the Defendants could actually articulate their policy or point to its location in some document, it would assist everyone involved in trying to understand what exactly the policy is and whether it was merely a pretext or not.

The Court was not aware when it issued its order, and could not have been aware, that new evidence would come forth that changed the circumstances on which it based its

---

[1] The Regulation cited by defense counsel is from the Department of Treasury and is an IRS regulation covering types of employment that are exempt from the collection of FICA taxes. Plaintiff's counsel is not clear on how or why this regulation would have any relation to this case or the issues before the court.

4

earlier opinion. Because of this evidence, Plaintiff's disparate treatment claim is not futile.

### III. PLAINTIFF'S CLAIMS ARE WELL PLEAD AND STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED

Defendants claim that Plaintiff has failed to state a claim because Plaintiff did not demonstrate or properly allege in his Second Amended Complaint that he is "otherwise qualified." This argument completely lacks merit, beginning with fact that the Court addressed and rejected this argument, for the most part, in its order of April 20, 2009. (See p.10. In its Order, the Court allowed the FHA disparate impact claim and the Section 504 Rehabilitation Claims.)

In the Proposed Second Amended Complaint, Counts I and III are disparate impact claims and Plaintiff asserts he is "otherwise qualified."(¶¶ 58 and 77) Plaintiff is qualified because the policy regarding the matriculating student requirement, due to its discriminatory effect on persons with disabilities, is not a legitimate requirement for on-campus housing. In other words, a disparate impact claim attacks the legitimacy of the matriculating student requirement. [April 20th Order p. 8.] This requirement should not be allowed to exclude Plaintiff because of its discriminatory effect. As the Court pointed out in its Order, Plaintiff will, after he has had the opportunity through discovery, have to prove this effect with statistical evidence in order to prevail on the claim.

Counts II and V are disparate treatment claims under FHA and Title II of the ADA, respectively. Plaintiff has plead he is "otherwise qualified" in ¶¶ 67 and 96. How he is "otherwise qualified" under a disparate treatment claim was explained in the preceding section and for brevity will not be repeated here.

Counts III and IV are under Section 504 of the Rehabilitation Act of 1973. Plaintiff has asserted, in ¶¶ 77 and 86, he is "otherwise qualified" as defined in the relevant regulation, 34 C.F.R. § 104.3(l), which states:

> (l) Qualified handicapped person means:
> (3) With respect to postsecondary and vocational education services, a handicapped person who meets the academic and technical standards requisite to admission or participation in the recipient's education program or activity;

The OPTIONS program does not grant a certificate or degree but it certainly is an educational program or activity of the University. There is no dispute, Plaintiff has met the requirements for admission into this program and in fact been admitted to the program.

**IV.  CONCLUSION**

For the reasons stated in the Plaintiff's brief in support of his motion and expanded upon herein, Plaintiff respectfully requests this Court grant his request for leave to file the Second Amended Complaint. Plaintiff requests, pursuant to Local Rule 7.1(a)(3), that Defendants or their counsel be taxed costs for unreasonably withholding their consent to this motion.

Respectfully submitted,

Dated:  May 21, 2009
s/Chris E. Davis
Michigan Protection & Advocacy Service, Inc.
29200 Vassar Blvd., Suite 200
Livonia, MI  48152
Phone:  (248) 473-2990
E-mail: cdavis@mpas.org
P52159

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2009, I electronically filed the foregoing Plaintiff's Reply Brief on Motion for Leave to File Second Amended Complaint with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Robert A. Boonin.

            s/Chris E. Davis
            MICHIGAN PROTECTION &
            ADVOCACY SERVICE, INC.
            29200 Vassar Blvd., Suite 200
            Livonia, MI 48152
            248-473-2990
            cdavis@mpas.org
            P52159