UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKAH FIALKA-FELDMAN,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Case No. 08-14922
　　　　　　　　　　　　　　　　　　　　　　　　Honorable Patrick J. Duggan

OAKLAND UNIVERSITY BOARD
OF TRUSTEES, GARY D. RUSSI,
MARY BETH SNYDER, and LIONEL
MATTEN,

    Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 17, 2009.

PRESENT:　THE HONORABLE PATRICK J. DUGGAN
　　　　　　　U.S. DISTRICT COURT JUDGE

Plaintiff initiated this lawsuit against Defendant Oakland University Board of Trustees on November 25, 2008, claiming that Defendant's denial of his request for housing in one of Oakland University's ("University") on-campus dormitory living spaces violates the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(f)(3)(B), and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). On April 20, 2009, this Court granted Plaintiff leave to file an amended complaint that added University officials Gary D. Russi, Mary Beth Snyder, and Lionel Maten as defendants and set forth the following claims: (I) disparate impact discrimination in violation of the FHA; (II) discrimination in

violation of the Rehabilitation Act; and (III) violation of the Rehabilitation Act based on a failure to provide a reasonable accommodation. Presently before the Court is Plaintiff's motion for leave to file a second amended complaint. The motion has been fully briefed and this Court held a motion hearing on June 16, 2009.

## Parties' Arguments

In his pending motion, Plaintiff seeks leave to add two counts to his pending first amended complaint: (1) disparate treatment discrimination in violation of the FHA and (2) disparate treatment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213. Plaintiff indicates that newly discovered evidence warrants the amendment because it shows that Defendants' stated policy for denying him on-campus housing is a pretext to conceal a discriminatory reason for their decision.[1]

Specifically, Plaintiff indicates that on April 13, 2009, his father discovered a front-and-back copy of the original Contract for Residence Hall Services ("application") that Plaintiff completed in Fall 2007 in his attempt to secure on-campus housing and a November 28, 2007 letter from Defendant Maten rejecting his application ("rejection

---

[1]As this Court set forth in its April 20 opinion and order, the three-part burden shifting test established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973), applies to a disparate treatment claim under the FHA. *Graoch Assoc. #33 v. Louisville/Jefferson County*, 508 F.3d 366, 371-72 (6th Cir. 2007). First, a plaintiff must set forth a prima facie case of discrimination. *Id*. Then, the defendant must articulate a legitimate, non-discriminatory basis for the challenged decision. *Id*. Third, if the defendant proffers such a basis, the plaintiff must establish that the articulated reason is pretextual. *Id*. To state a prima facie case, Plaintiff must show that he is a member of a protected class, that he applied for and was qualified for on-campus housing, that he was rejected, and that housing remained available thereafter. *Id*.

letter"). Plaintiff states that the back page of the application, which sets forth the eligibility requirements for on-campus housing, does not indicate that a student must be enrolled in a degree granting program– the reason Defendants now assert for why he is not "otherwise qualified" for on-campus housing and thus cannot prevail on his disparate treatment claims. (Pl.'s Reply Ex. 5.) In the rejection letter, Defendant Maten states that Plaintiff is not eligible for on-campus housing because he is "not an admitted Oakland University student and [is] not registered for Winter 2008 classes." (*Id*. Ex. 6.) Plaintiff indicates that Defendants only added the matriculated student policy to its application in March 2008, which was after Plaintiff first applied for housing and the University initially informed him that he could begin living in one of its on-campus dormitories.[2]

Defendants raise three primary arguments in response to Plaintiff's motion. First Defendants argue that Plaintiff's request is untimely and unwarranted. With respect to the timeliness of Plaintiff's request, Defendants argue that the application and rejection letter are not "newly discovered" evidence because both documents have been in Plaintiff's possession since Fall 2007. Defendants thus maintain that Plaintiff has delayed asserting his claims for a year and a half, which they argue is an "undue delay" that justifies a denial of his motion. Defendants further argue that an amendment is not warranted in light of the application and rejection letter because Plaintiff also did not

---

[2]The University subsequently informed Plaintiff that he in fact is not eligible for student housing and has refused Plaintiff's requests for an accommodation of its asserted housing policy, thus leading to this lawsuit.

meet the requirements for housing as set forth on the back-side of the 2007 application. Specifically, Defendants indicate that the 2007 application states that, to live in on-campus housing, an application "must be enrolled as a student at the University . . ." (Pl.'s Reply Ex. 5 ¶ I.) Defendants argue that "'enrolled' means that one is seeking academic credit toward a degree." (Defs.' Resp. at 2.)

Defendants next argue that Plaintiff's "newly discovered" documents do not alter the Court's conclusion in its April 20, 2009 opinion and order, that his FHA disparate treatment claim fails as a matter of law. (Doc. 18 at 7-8.) In the Court's previous decision, it held that, because Plaintiff is not enrolled in a degree granting program, he is not "otherwise qualified" for University housing– an element necessary to establish his prima facie case of disparate treatment under the FHA. *See supra* at n. 1. This leads to Defendants' final argument as to why Plaintiff's motion should be denied.

Defendants argue that Plaintiff's proposed Second Amended Complaint fails to allege sufficient facts to support a claim upon which relief can be granted. Specifically, Defendants contend that Plaintiff does not allege the qualifications necessary to live in on-campus housing and that he meets those qualifications. Defendants therefore argue that Plaintiff fails to allege sufficient facts to support his legal conclusion that he is "otherwise qualified" for University housing, as necessary to prevail on his disparate treatment claim under the FHA.

## Discussion

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give

leave when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). It is well-established, however, "that delay alone is not a sufficient reason for denying leave." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) (citation omitted). The party opposing the motion to amend also must demonstrate "[s]ome significant showing of prejudice" as a result of the delay. *Id.*; *see also Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

Defendants fail to identify any prejudice that they will suffer if Plaintiff is allowed to file his proposed Second Amended Complaint. In any event, this Court cannot find any undue delay by Plaintiff. While the application and rejection letter may have been in the possession of Plaintiff's parents since Fall 2007, they did not realize that they had the documents until the weekend of April 11, 2009, even though Plaintiff had previously looked for them.[3] (Pl.'s Reply Ex. 1 ¶¶ 1-3; Ex. 2 ¶¶ 2-3.) Plaintiff's motion to amend was filed on April 30, 2009. Moreover, the Court believes that the length of the delay in

---

[3]In fact, according to Plaintiff, he went to the University's housing department in early 2009, asking for a copy of his original housing application but was told that he or his attorney had to request it from the legal department. (Pl.'s Reply Ex. 2 ¶ 4.) Plaintiff's attorney sent a letter to Defendants' attorney requesting a copy of the application and Plaintiff's housing file on April 6, 2009. (*Id.* Ex. 3.) In a letter dated April 8, 2009, Defendants' counsel denied the request, indicating that the documents "will be provided in the normal course of discovery which, under the court rules, is still not formally underway." (*Id.* Ex. 4.)

seeking an amendment is measured from when the case was initiated or the reason for the amendment was discovered, whichever date is later, and when the amendment was sought. The Court therefore does not agree with Defendants that Plaintiff delayed a year and a half in asserting his claims based on the "new evidence." (Defs.' Resp. at 1.)

The Court cannot conclude that Defendants are correct in their assertion that an amendment is not warranted by the "new" documents. The Court is not convinced that Plaintiff is not "enrolled as a student at the University," as Defendants argue. If the University previously restricted on-campus housing only to individuals enrolled as students at the University and it is determined that Plaintiff meets that criteria, the documents may show that Defendants discriminated against Plaintiff (by nevertheless rejecting his application) or that Defendants' claim that on-campus housing is restricted to students in degree-granting programs is pretextual. For the same reason, the Court also cannot find that it would be futile to allow Plaintiff to amend his complaint to assert his proposed disparate treatment claim.

Finally, the Court concludes that the factual allegations in Plaintiff's proposed Second Amended Complaint are sufficient to state a viable disparate treatment claim under the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Plaintiff alleges that he was otherwise qualified for on-campus housing. (Compl. ¶ 67.) He further alleges that the application he completed for on-campus housing in late 2007 did not list among its terms and conditions that residents be matriculating students and, in fact, the reason given for rejecting his application was that he was "not an admitted

6

Oakland University student and [was] not registered for Winter 2008 classes." (*Id*. ¶¶ 31, 35.) Plaintiff alleges that he in fact was enrolled in the University's OPTIONS program in Fall 2007, that as a student in the program he is required to take a minimum of 12 credit-hours of courses each semester and pay full tuition, and that when he applied for housing in late Fall 2007, he was enrolled in the program and had or intended to register for Winter classes in 2008. (*Id*. ¶¶ 24, 36.) These factual allegations provide more than "a formulaic recitation of the elements of [his] cause of action." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

## Conclusion

For the above reasons, the Court concludes that Plaintiff's proposed amendment should be allowed because "justice so requires." Fed. R. Civ. P. 15(a).

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for leave to file a second amended

complaint is **GRANTED** and Plaintiff shall file the second amended complaint within ten

(10) days.

                s/PATRICK J. DUGGAN
                UNITED STATES DISTRICT JUDGE

Copies to:
Chris E. Davis, Esq.
Robert A. Boonin, Esq.