UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MICAH FIALKA-FELDMAN

        Plaintiff,

v.

OAKLAND UNIVERSITY BOARD
OF TRUSTEES, GARY D. RUSSI, MARY BETH
SNYDER, and LIONEL MATEN, in their
official capacity,
        Defendants.
_____/

Case Number 08-CV-14922

Hon. Patrick J. Duggan

**JURY DEMAND**

Michigan Protection & Advocacy Service, Inc.
Chris E. Davis (P52159)
Gabrielle S. Frampton (P59499)
29200 Vassar Blvd., Suite 200
Livonia, MI 48152
Phone: (248) 473-2990
Email: cdavis@mpas.org
Attorney for Plaintiff
_____/

BUTZEL LONG
By: Robert A. Boonin (P38172)
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 995-3110
Attorneys for Defendant
boonin@butzel.com

## **PLAINTIFF'S SECOND AMENDED COMPLAINT**

### I.    INTRODUCTION

1. This is an action for declaratory and injunctive relief as well as damages under the Fair Housing Act (FHA), 42 U.S.C. §1301 et seq.; the Americans With Disabilities Act, Title II 42 U.S.C. §12131 et seq.; and, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a).

2. The Plaintiff is a person with a disability who applied to live in Oakland University's on-campus housing.

3. The application, after initially being approved, was denied. The Defendants' claimed the reason for their action was that the Plaintiff was not "an admitted Oakland University student."

4. Several months later Oakland University changed the reason for denial claiming that the reason was the plaintiff was not enrolled in a program leading to a degree.

5. Because of his disability, Plaintiff cannot enroll in one of the University's programs leading to a degree.

6. Plaintiff is enrolled as a full-time student in the University's OPTIONS program, which does not offer a degree or certificate of completion.

7. The actions of the Defendants indicate the reasons given for denying the Plaintiff's housing application were a pretext for discriminatory actions.

8. Additionally, if the policy is not a pretext, the policy of the University, that residents be matriculating students, has a disparate impact on students with cognitive impairments who are students of the OPTIONS program because it prohibits them from living in on-campus housing.

9. Plaintiff, through his counsel, requested as a reasonable accommodation that the policy be waived or modified for him. The request was denied.

## II. JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiff's claim for declaratory and injunctive relief are authorized under 28 U.S.C. § 2201-2202. Damages are allowed pursuant to the aforementioned statutes under which this action is brought and under 42 U.S.C. §

1983. At all times relevant to this action, Defendants have acted under color of state law.

11. Venue is proper in this U.S. District Court under 28 U.S.C. § 1391(b), because it is the district where the Defendant resides and a substantial part of the events or omissions giving rise to the Plaintiff's claim arose here.

### III. PARTIES

12. The Plaintiff, Micah Fialka-Feldman, is a 24-year-old man, from Huntington Woods, Oakland County, Michigan.

13. Micah Fialka-Feldman has a cognitive impairment which substantially limits one or more major life activities, specifically, but not limited to, learning.

14. Micah Fialka-Feldman is a student in the OPTIONS program at Oakland University.

15. The Defendant, OAKLAND UNIVERSITY BOARD OF TRUSTEES, is the governing body of Oakland University (OU) located in Rochester, Oakland County, Michigan.

16. The Board's authority to act is done pursuant to state law, MCL 390.151 et. seq., which grants the board full authority to make all decision relevant to this matter.

17. Defendant Gary D. Russi is Oakland University's President since 1996 who also has decision making authority for the University and is sued here in his official capacity.

18. Defendant Mary Beth Snyder is Vice President of Student Affairs and Enrollment Management at Oakland University. In that capacity, Ms. Snyder is responsible for student service programs such as housing. Defendant Snyder is sued in her official capacity.

19. Defendant Lionel Maten is the Director of University Housing at Oakland University. In that capacity he is responsible for the operation of the University's dormitory and apartment facilities including the administration of its policies for student housing eligibility and is sued in his official capacity.

## IV. FACTUAL ALLEGATIONS

20. Mr. Fialka-Feldman began attending classes at OU in the winter term of 2004.

21. Beginning in the fall term of 2007, OU launched the OPTIONS Program and admitted Mr. Fialka-Feldman as a student.

22. The OPTIONS program is an activity or program of OU.

23. The OPTIONS program was designed for students with cognitive impairments that could not be admitted to OU through the regular admissions process.

24. OU admitted Mr. Fialka-Feldman as a student to the OPTIONS program. The OPTIONS program requires each student, among other responsibilities, to take a minimum of 12 credit-hours of courses each semester and pay full tuition.

25. Additionally, Mr. Fialka-Feldman as a student at OU participates in numerous school activities, the same as do other students admitted to other programs at OU, including: attending over 25 courses at the University, member of Alpha Phi Omega fraternity, member of Hillel student organization, member of the leadership retreats at OU, Up Until Dawn, Peace Group, active in the student government election 2008, and Social Work Club.

26. Mr. Fialka-Feldman must take several buses each day from his home in Huntington Woods, Michigan, to OU's campus in Rochester, Michigan. Upon information and belief his commute is approximately three hours per day.

27. Because of the long commute and because he wanted a complete university experience as do other persons his age, Mr. Fialka-Feldman began making inquires about living on-campus in the spring of 2006.

28. Mr. Fialka-Feldman is capable of living on his own in a dormitory setting and if any supports are needed, a local agency, MORC, is ready and able to provide assistance.

29. In the spring of 2007, Micah Fialka-Feldman and his father, Rich Feldman, took a pre-arranged tour of the dormitory housing at OU that was arranged and conducted by the Director of Housing, Defendant Lionel Maten. As previously stated, Defendant Maten is responsible for the administration of OU's policies for student housing eligibility.

30. In the Fall of 2007, Micah Fialka-Feldman applied for on-campus housing in the dormitories at OU.

31. The application, "Contract for Residence Halls Services," that Micah completed listed on the backside the "term and conditions." The terms and conditions did not contain a requirement that he be a matriculating student.

32. On October 6, 2007, Rich Feldman submitted a check for $100.00 to OU for deposit on a dormitory room for Micah Fialka-Feldman.

33. On November 14, 2007, Rich Feldman received e-mail confirming Micah Fialka-Feldman was approved and he could begin living in a dorm room on-campus on January 6, 2008.

34. Then, on November 29, 2007, Micah Fialka-Feldman and his family were informed, by e-mail, that he was not eligible to live in the dorm. The e-mail was not specific as to why he was not eligible.

35. On or about November 29, 2007, Micah received a letter from Defendant Maten dated, November 28, 2007, which denied his application for housing. The reason given by Defendant Maten was "you are not an admitted Oakland University student and are not registered for Winter 2008 classes."

36. At the time of this letter Micah Fialka-Feldman was a student admitted to Oakland University and had or intended to register for the Winter classes in 2008.

37. On December 3, 2007, the $100.00 deposit was refunded to Rich Feldman from the student account.

38. On April 25, 2008, Mr. Fialka-Feldman's parents paid his tuition for the Winter Term 2008 to OU.

39. In March 2008, Oakland University changed its "Contract for Residence Halls Services." The back-side of which included the "terms and conditions" which now included a requirement that residents be enrolled as matriculating students.

40. On May 5, 2008, Mr. Fialka-Feldman and his family provided OU officials, specifically Defendant Russi, with numerous letters of support, which resulted in a meeting being arranged with OU's Vice President for Student Affairs, Defendant Mary Beth Snyder.

41. The meeting took place on May 22, 2008, and Defendant Snyder sent a letter the following day, which stated the reason for the denial of his application now was that; "The University maintains resident halls for individuals who meet our admissions requirements and are enrolled in coursework leading to a degree. From time to time we do house students from other universities who are earning credits for transfer to another institution. . ."

42. Upon information and belief, OU has provided on-campus housing to students taking courses when they are not admitted to degree programs, including but not limited to, students in the English-As-A-Second-Language program.

43. In August 2008, Mr. Fialka-Feldman's parents met with Defendant Snyder but were unable to persuade her to change her mind.

44. At a meeting of the Board of Trustees on September 17, 2008, Mr. Fialka-Feldman presented a petition asking the Board to change its decision and allow him to live on campus.

45. The matter, according to the meeting's minutes, was referred by the Board to the administration to consider.

46. On September 24, 2008, Defendant Snyder sent a letter to Mr. Fialka-Feldman informing him that she would not change her decision.

47. On October 7, 2008, legal counsel for Mr. Fialka-Feldman, Chris E. Davis, contacted legal counsel for OU, Victor A. Zimbardi, by letter advising him that it was Plaintiff's belief that OU's housing policy was discriminatory due to its disparate impact on persons with disabilities, specifically persons with cognitive impairments.

48. Additionally, Plaintiff's counsel requested as a reasonable accommodation that the University waive the policy for Mr. Fialka-Feldman because he could not enroll in a program leading to a degree due to his disability.

49. In a letter on November 7, 2008, OU's legal counsel denied the request for reasonable accommodation and denied that the housing eligibility policy was discriminatory.

50. In a letter dated and faxed on November 14, 2008, Plaintiff's counsel repeated the request for a reasonable accommodation on behalf of Mr. Fialka-Feldman.

51. OU's legal counsel again denied the requested reasonable accommodation by letter dated November 17, 2008.

52. Upon information and belief, Defendant Russi as President of the OU acquiesced, condoned or otherwise ratified and/or approved the decisions of Defendants Snyder and Maten by failing to intervene, alter or reverse the pertinent decisions they made in this matter when he had the authority to do so.

53. Mr. Fialka-Feldman has been extended most or all of the privileges of an OU student except housing.

54. At all pertinent times the Defendants, Oakland Board of Trustees, Russi, Snyder, and Maten, were aware that Plaintiff was a person with a handicap/disability.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FAIR HOUSING ACT
### DISPARATE IMPACT

55. Paragraphs 1 through 54 are incorporated by reference herein.

56. The dormitory housing at OU is considered a dwelling pursuant to 42 U.S.C. § 3602(b).

57. The Plaintiff, Micah Fialka-Feldman, is a person with a handicap (disability) as defined in to 42 U.S.C. § 3602(h).

58. The Plaintiff applied for and is otherwise qualified for on-campus housing at OU.

59. Plaintiff's application was rejected and housing remained available after he was rejected.

60. The housing policy of OU, enforced by Russi, Snyder and Maten, which reserves on-campus housing only for those students enrolled in programs leading to a degree, has a disparate impact for it caused an adverse effect on persons with handicap,

8

specifically students with cognitive impairments, by excluding the Plaintiff and his fellow students in the OPTIONS program from on-campus housing in violation of 42 U.S.C. § 3604 (f)(1) and (2).

61. As a result of Defendants Russi, Snyder and Maten's actions, Mr. Fialka-Feldman has suffered significant injury for which there is no adequate remedy at law.

62. 42 U.S.C. §3613 allows a court to enjoin the discriminatory actions of the aforementioned defendants.

63. In all of this, the Defendants, Russi, Snyder and Maten, have under color of state law, regulation, usage or ordinance, deprived Plaintiff of his rights, privileges or immunities secured to him by the Constitution or laws of the United States in violation of 42 U.S.C. § 1983.

## COUNT II: VIOLATION OF THE FAIR HOUSING ACT
## DISPARATE TREATMENT

64. Paragraphs 1 through 63 are incorporated by reference herein.

65. The dormitory housing at OU is considered a dwelling pursuant to 42 U.S.C. § 3602(b).

66. The Plaintiff, Micah Fialka-Feldman, is a person with a handicap (disability) as defined in to 42 U.S.C. § 3602(h).

67. The Plaintiff applied for and is otherwise qualified for on-campus housing at OU.

68. Plaintiff's application was rejected and housing remained available after he was rejected.

69. The housing policy of OU, enforced by Russi, Snyder and Maten, which reserves on-campus housing only for those students enrolled in programs leading to a degree, was

a pretext in that it was not the policy of the OU when the Plaintiff was denied housing and appears to have been created afterward to justify said Defendants' actions.

70. As a result of Defendants Russi, Snyder and Maten's actions, Mr. Fialka-Feldman has suffered significant injury for which there is no adequate remedy at law.

71. 42 U.S.C. §3613 allows a court to enjoin the discriminatory actions of the aforementioned defendants.

72. In all of this, the Defendants, Russi, Snyder and Maten, have under color of state law, regulation, usage or ordinance, deprived Plaintiff of his rights, privileges or immunities secured to him by the Constitution or laws of the United States in violation of 42 U.S.C. § 1983.

## COUNT III: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 DISPARATE TREATMENT

73. Paragraphs 1 through 72 are incorporated by reference herein.

74. OU is a recipient of federal funds.

75. OU is a college or university and as such all operations of OU are "programs or activities" covered by Section 504 of the Rehabilitation Act of 1973. 29 U.S.C. § 794 (b) (2) (A).

76. Plaintiff is a person with a handicap (disability) as defined under the Rehabilitation Act.

77. Pursuant to the regulations of U.S. Department of Education, Mr. Fialka-Feldman, is capable of meeting the necessary requirements to live in a dormitory setting, and is therefore a qualified handicapped person. 34 C.F.R. § 104.3(l).

78. The housing policy of OU, enforced by Russi, Snyder, Maten, and Oakland University Board of Trustees which reserves on-campus housing only for those

10

students enrolled in programs leading to a degree, was a pretext in that it was not the policy of the OU when the Plaintiff was denied housing and appears to have been created afterward to justify said Defendants' actions.

79. As a result of the actions of all four of the Defendants, Mr. Fialka-Feldman has suffered significant emotional distress, embarrassment and humiliation.

80. 42 U.S.C. § 2000d-7 allows this court to grant all remedies both at law and in equity for violation of the aforementioned statute.

81. In all of this, the Defendants, Russi, Snyder, Maten and Oakland University Board of Trustees, have under color of state law, regulation, usage or ordinance, deprived Plaintiff of his rights, privileges or immunities secured to him by the Constitution or laws of the United States in violation of 42 U.S.C. § 1983.

**COUNT IV: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 DENIAL OF REASONABLE ACCOMMODATION**

82. Paragraphs 1 through 81 are incorporated by reference herein.

83. OU is a recipient of federal funds.

84. OU is a college or university and as such all operations of OU are "programs or activities" covered by Section 504 of the Rehabilitation Act of 1973. 29 U.S.C. § 794 (b) (2) (A).

85. Plaintiff is a person with a handicap (disability) as defined under the Rehabilitation Act.

86. Plaintiff, with or without, reasonable accommodations is otherwise qualified to live in on-campus housing at OU.

87. The refusal by the Defendants, Oakland University Board of Trustees, Russi, Snyder, and Maten, to waive or modify OU's housing policy as a reasonable accommodation

11

denies the Plaintiff the choice of housing by excluding him from participation in, or being denied the benefits of, or being subjected to discrimination under the housing program solely by reason of his handicap. This failure to accommodate is in violation of 29 U.S.C. § 794 and 34 CFR 104.45(a).

88. As a result of all four of the Defendants' actions, Mr. Fialka-Feldman has suffered significant emotional distress, embarrassment and humiliation.

89. 42 U.S.C. § 2000d-7 allows this court to grant all remedies both at law and in equity for violation of the aforementioned statute.

90. In all of this, the Defendants, Oakland University Board of Trustees, Russi, Snyder and Maten, have under color of state law, regulation, usage or ordinance, deprived Plaintiff of his rights, privileges or immunities secured to him by the Constitution or laws of the United States in violation of 42 U.S.C. § 1983.

## COUNT V: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – TITLE II, DISPARATE TREATMENT

91. Paragraphs 1 through 90 are incorporated by reference herein.

92. Plaintiff is a person with a disability pursuant to 42 U.S.C. § 12102.

93. Oakland University Board of Trustees knew or should have known Plaintiff is a person with a disability.

94. Oakland University Board of Trustees is a public entity as defined in 42 U.S.C. § 12131(1).

95. Plaintiff applied for housing and was unlawfully denied housing, by Defendant Oakland University Board of Trustees actions and inaction as described above, because of his disability in violation of 42 U.S.C. § 12132.

12

96. The Plaintiff is a qualified individual with a disability, as defined in 42 U.S.C. § 12131 (2), and is otherwise able to participate in the housing program at OU.

97. As a result of Defendant Oakland University Board of Trustees actions and inaction, Mr. Fialka-Feldman has suffered significant emotional distress, embarrassment and humiliation resulting from this discrimination.

98. The housing policy of OU, enforced by Oakland University Board of Trustees, which reserves on-campus housing only for those students enrolled in programs leading to a degree, is a pretext in that it was not the policy of the OU when the Plaintiff was denied housing and appears to have been created afterward to justify said Defendant's actions.

99. 42 U.S.C. § 2000d-7 allows a court to enjoin a discriminatory action, and award the aggrieved party actual and punitive damages, fees, costs and reasonable attorney fees.

100. In all of this, the Defendant Oakland University Board of Trustees has under color of state law, regulation, usage or ordinance, deprived Plaintiff of his rights, privileges or immunities secured to him by the Constitution or laws of the United States in violation of 42 U.S.C. § 1983.

### COUNT VI: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 DISPARATE IMPACT

101. Paragraphs 1 through 100 are incorporated by reference herein.

102. OU is a recipient of federal funds.

103. OU is a college or university and as such all operations of OU are "programs or activities" covered by Section 504 of the Rehabilitation Act of 1973. 29 U.S.C. § 794 (b) (2) (A).

104. Plaintiff is a person with a handicap (disability) as defined under the Rehabilitation Act.

105. Pursuant to the regulations of U.S. Department of Education, Mr. Fialka-Feldman, is capable of meeting the necessary requirements to live in a dormitory setting, and is therefore a qualified handicapped person. 34 C.F.R. § 104.3(l).

106. The housing policy of OU, enforced by Oakland University Board of Trustees, Russi, Snyder and Maten, which reserves on-campus housing only for those students enrolled in programs leading to a degree, has a disparate impact for it caused an adverse effect on persons with handicap, specifically students with cognitive impairments, by excluding the Plaintiff and his fellow students in the OPTIONS program from on-campus housing in violation of 29 U.S.C. § 794.

107. As a result of the actions of all four of the Defendants, Mr. Fialka-Feldman has suffered significant emotional distress, embarrassment and humiliation.

108. 42 U.S.C. § 2000d-7 allows this court to grant all remedies both at law and in equity for violation of the aforementioned statute.

109. In all of this, the Defendants, Russi, Snyder, Maten and Oakland University Board of Trustees, have under color of state law, regulation, usage or ordinance, deprived Plaintiff of his rights, privileges or immunities secured to him by the Constitution or laws of the United States in violation of 42 U.S.C. § 1983.

## VI. JURY DEMAND

110. Plaintiff hereby requests a trial by jury in this matter.

## VII. REQUESTED RELIEF

The Plaintiff, Micah Fialka-Feldman, requests this Honorable Court grant the following relief:

a. A declaratory judgment that the actions of the Defendants violated the relevant sections of the Fair Housing Act and Section 504 of the Rehabilitation Act of 1973; and

b. Injunctive relief ordering Defendants to immediately provide on-campus dormitory housing for the Plaintiff Micah Fialka-Feldman; and

c. Award compensatory and punitive damages to Plaintiff; and

d. Attorney fees and costs; and

e. Any and all other relief deemed equitable and just by this Court.

Respectfully submitted,

Dated: June 19, 2009

s/Chris E. Davis
MICHIGAN PROTECTION &
ADVOCACY SERVICE, INC.
Attorney for Plaintiff
29200 Vassar Blvd., Suite 200
Livonia, MI 48152
(248) 473-2990
cdavis@mpas.org
P52159

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2009, I electronically filed the foregoing Second Amended Complaint with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Robert A. Boonin.

                                          s/Chris E. Davis
                                          MICHIGAN PROTECTION &
                                          ADVOCACY SERVICE, INC.
                                          29200 Vassar Blvd., Suite 200
                                          Livonia, MI  48152
                                          248-473-2990
                                          cdavis@mpas.org
                                          P52159