**MICHAH FIALKA-FELDMAN,**

              Plaintiff,

v.

**OAKLAND UNIVERSITY BOARD
OF TRUSTEES, GARY D. RUSSI, MARY
BETH SNYER and LIONEL MATEN, in
their official capacities,**

              Defendants.

Case No. 2:08-cv-14922-PJD-VMM
Hon. Patrick J. Duggan

_____/

Chris E. Davis (P52159)
Michigan Protection & Advocacy
Service, Inc.
29200 Vassar Blvd., Ste. 200
Livonia, MI 48152
(248) 473-2990
cdavis@mpas.org
Attorney for Plaintiff

Robert A. Boonin (P38172)
Regan Dahle (P53975)
Butzel Long, a professional corporation
350 S. Main Street, Ste. 300
Ann Arbor, MI 48103
(734) 213-3601
boonin@butzel.com
dahle@butzel.com
Attorneys for Defendants

_____/

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES
## TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Oakland University Board of Trustees, as well as Defendants Gary D. Russi,

Mary Beth Snyder, and Lionel Maten, in their official capacities, through their attorneys Butzel

Long, a professional corporation, state as their Answer to Plaintiff's Second Amended Complaint

in the above-captioned matter, as follows:

# I.    INTRODUCTION

1. Answering Paragraph 1 of the Second Amended Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that the statements are not allegations of fact and therefore do not invite a response.

2. Answering Paragraph 2 of the Second Amended Complaint, Defendants admit that Plaintiff has requested to live in Defendant's on-campus housing. Further answering Paragraph 2, Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained therein, and/or state that those allegations are conclusions of law and not allegations of fact inviting a response, and therefore leave Plaintiff to his proofs as to those allegations.

3. Answering Paragraph 3 of the Second Amended Complaint, Defendants admits that Plaintiff's application, while initially mistakenly approved, was ultimately appropriately denied, and that among the reasons stated for that denial was that Plaintiff was not an admitted Oakland University student. Further answering Paragraph 3, Defendants deny the remaining allegations contained therein.

4. Answering Paragraph 4 of the Second Amended Complaint, Defendants deny that they changed the reason given for denying Plaintiff's housing application and state that the reason given was the same reason, simply expressed using different terminology.

5. Answering Paragraph 5 of the Second Amended Complaint, Defendants admit that Plaintiff is not enrolled in a University program leading to a degree. Further answering Paragraph 5, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore leave Plaintiff to his proofs as to those allegations.

6. Answering Paragraph 6 of the Second Amended Complaint, Defendants admit that Plaintiff is a participant in the University's OPTIONS program, which does not offer a degree or certificate of completion. Further answering Paragraph 6, Defendants deny the remaining allegations contained therein for the reason that they are untrue.

7. Answering Paragraph 7 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

8. Answering Paragraph 8 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue. Further answering Paragraph 8, Defendants admit that the University denied Plaintiff's application for on-campus housing. Further answering Paragraph 8, Defendants deny any remaining allegations in this Paragraph for the reason that they are untrue. Further answering Paragraph 8, Defendants aver that the University's housing policy does not discriminate against persons participating in the OPTIONS program, but rather, its housing policy appropriately limits student housing to students admitted to degree granting programs without regard to a student's disability.

9. Answering Paragraph 9 of the Second Amended Complaint, Defendants deny that Plaintiff's counsel sought any reasonable accommodation or that Plaintiff was entitled to a reasonable accommodation. Further answering Paragraph 9, Defendants aver that Plaintiff's counsel sought an unreasonable exception to the University's housing policies and a modification of the OPTIONS program to allow his client to live in the dormitory and that the University denied those requests.

## II.    JURISDICTION AND VENUE

10.    Answering paragraph 10 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that Plaintiff lacks the constitutionally required

standing necessary for maintaining this lawsuit. Further answering paragraph 10, Defendants also deny the allegations for the reason that Defendant Oakland University is immune from liability under the Eleventh Amendment of the United States Constitution. Further answering Paragraph 10, any remaining allegations in this Paragraph are legal conclusions of the pleader that do not require a response.

11.    Answering Paragraph 11 of the Second Amended Complaint, subject to Defendants' objections regarding jurisdiction and standing, Defendants do not contest the venue of this matter being before this Court.

## III.    PARTIES

12.    Answering Paragraph 12 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leave Plaintiff to his proofs of those allegations.

13.    Answering Paragraph 13 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leave Plaintiff to his proofs as to those allegations.

14.    Answering Paragraph 14 of the Second Amended Complaint, Defendants admit that Plaintiff is a participant in the OPTIONS program at Oakland University. Further answering Paragraph 14, Defendants deny the remaining allegations contained therein.

15.    Answering Paragraph 15 of the Second Amended Complaint, Defendants admit the allegations contained therein.

16.    Answering Paragraph 16 of the Second Amended Complaint, Defendants admit that the Board's authority to act is granted by the cited state law. Further answering Paragraph 16, Defendants aver that the Board has constitutional powers under Article VIII, § 6 of the

Constitution of the State of Michigan. Further answering Paragraph 16, Defendants neither admit nor deny the remaining allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

17.     Answering Paragraph 17 of the Second Amended Complaint, Defendants admit that Gary D. Russi has been Oakland University's President since 1996, his authority is as delegated by the Defendant Board, and Plaintiff is suing Mr. Russi in his official capacity. Further answering Paragraph 17, the remaining allegations in this Paragraph are legal conclusions of the pleader that do not require a response from Defendants.

18.     Answering Paragraph 18 of the Second Amended Complaint, Defendants admit that Mary Beth Snyder is Vice President of Student Affairs and Enrollment Management, she is sued in her official capacity, and she is responsible for some student programs, including student housing. Further answering Paragraph 18, Defendants deny the remaining allegations contained therein for the reason that they are untrue.

19.     Answering Paragraph 19 of the Second Amended Complaint, Defendants admit that the allegations contained therein were true at the time Plaintiff's housing application was made and considered by the University and that Defendant Maten is being sued in his official capacity as alleged, but denies that the allegations are still true because Defendant Maten is no longer an employee of the University.

## IV.     FACTUAL ALLEGATIONS

20.     Answering Paragraph 20 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue. Further answering Paragraph 20, Defendants aver that Plaintiff has participated in both the University's Transitions

program and OPTIONS program and has been coming to the University's campus since approximately 2004.

21.     Answering Paragraph 21 of the Second Amended Complaint, Defendants deny the allegations contained therein.  Further answering Paragraph 21, Defendants aver that beginning with the fall term of 2007, Plaintiff was permitted to participate in the OPTIONS program, a program launched at that time for the first time, and that the OPTIONS program was sponsored by the University's School of Education and Human Services.

22.     Answering Paragraph 22 of the Amended Complaint, Defendants admit the allegations contained therein.

23.     Answering Paragraph 23 of the Second Amended Complaint, Defendants admit that the OPTIONS program was designed for certain individuals with cognitive impairments.  Further answering Paragraph 23, Defendants deny the remaining allegations contained therein for the reason that they are untrue.

24.     Answering Paragraph 24 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.  Further answering Paragraph 24, Defendants aver that Plaintiff was permitted to participate in the OPTIONS Program and that participants are able to sit-in on courses each semester and to pay fees associated with sitting-in on those courses.

25.     Answering Paragraph 25 of the Second Amended Complaint, Defendants deny that allegations contained therein for the reason that they are untrue.  Further answering Paragraph 25, Defendants aver that the activities Plaintiff participates in at the University do not require a person to be a student.

26. Answering Paragraph 26 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leave Plaintiff to his proofs as to those allegations.

27. Answering Paragraph 27 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leave Plaintiff to his proofs as to those allegations.

28. Answering Paragraph 28 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leave Plaintiff to his proofs as to those allegations.

29. Answering Paragraph 29 of the Second Amended Complaint, Defendants admit that in the Spring of 2007, Plaintiff and his father, Rich Feldman, took the pre-arranged tour as alleged, and further admits that Defendant Maten was the Director of Housing at that time and had responsibilities with respect to the administration of the University's policies for student housing, including the policies regarding eligibility. Further answering paragraph 29, Defendants deny the allegation Defendant Maten currently holds that position and responsibility for the reason that it is untrue. Further answering Paragraph 29, Defendants aver that participating in pre-arranged tours of the University's dormitory housing may be arranged for anyone requesting same, including without limitation secondary education students, and that taking the tour does not indicate that one is eligible to live in University housing.

30. Answering Paragraph 30 of the Second Amended Complaint, Defendants admit the allegations contained therein.

31. Answering Paragraph 31 of the Second Amended Complaint, Defendants deny that the form does not limit housing to matriculated, i.e., enrolled students of the University.

Further answering Paragraph 31, Defendants neither admit nor deny the remaining allegations contained therein for the reason that the alleged form is the best evidence of its contents.

32.    Answering Paragraph 32 of the Second Amended Complaint, Defendants admit the allegations contained therein.

33.    Answering Paragraph 33 of the Second Amended Complaint, Defendants admit that an e-mail was sent on or near November 14, 2007 which generally advised Plaintiff as alleged, but aver that the that the alleged e-mail is the best evidence of its contents. Further answering Paragraph 33, Defendants also aver that the approval that Plaintiff could live in a dorm room on campus was an administrative error. Further answering Paragraph 33, Defendants deny the remaining allegations contained therein for the reason that they are untrue.

34.    Answering Paragraph 34 of the Second Amended Complaint, Defendants admit that an e-mail was sent on or near November 29, 2007 which generally advised Plaintiff as alleged, but aver that the that the alleged e-mail is the best evidence of its contents. Further answering Paragraph 34, Defendants deny the remaining allegations contained therein for the reason that they are untrue.

35.    Answering Paragraph 35 of the Second Amended Complaint, admit that a letter was sent on or near November 29, 2007 which generally advised Plaintiff as alleged, in part, but aver that the that the alleged e-mail is the best evidence of its contents. Further answering Paragraph 35, Defendants deny the remaining allegations contained therein for the reason that they are untrue.

36.    Answering Paragraph 36 of the Second Amended Complaint, Defendants deny that Plaintiff was a student admitted to Oakland University under its housing policies and practices, or otherwise. Further answering Paragraph 36, Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore leave Plaintiff to his proofs as to those allegations.

37.     Answering Paragraph 37 of the Second Amended Complaint, Defendants admit that on or about December 3, 2007, the $100.00 deposit was refunded to Rich Feldman. Further answering Paragraph 37, Defendants deny the remaining allegations contained therein for the reason that they are untrue.

38.     Answering Paragraph 38 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue. In further response to Paragraph 38, Defendants aver that on or about April 25, 2008, Plaintiff's parents paid the University the fees required for Plaintiff to participate in the OPTIONS Program during the University's winter 2008 term.

39.     Answering Paragraph 39 of the Amended Complaint, Defendants admit that housing contract form changed around the time alleged, that the form contains "terms and conditions" as well as other information, and that among the changes was an elaboration of the matriculation/enrollment policy and practice with respect to housing eligibility. Further answering Paragraph 39, Defendants aver that the alleged change did not change the requirement, but rather clarified or restated the requirement. Further answering Paragraph 39, Defendants deny the remaining allegations contained therein for the reason that they are untrue.

40.     Answering Paragraph 40 of the Second Amended Complaint, Defendants admit that on or about May 5, 2008, Plaintiff and his family provided the University (through President Russi) with numerous letters of support regarding Plaintiff's desire to live in University housing and that a meeting with the University's Vice President of Student Affairs, Mary Beth Snyder,

was later arranged. Further answering Paragraph 40, Defendants deny the remaining allegations contained therein.

41. Answering Paragraph 41 of the Second Amended Complaint, Defendants admit that a meeting was held on or near May 22, 2008 and that Defendant Snyder sent letter soon thereafter which included the quoted phrase, but aver that more was in that letter and that the that the alleged letter is the best evidence of its contents. Further answering Paragraph 41, Defendants deny the remaining allegations contained therein for the reason that they are untrue.

42. Answering Paragraph 42 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leave Plaintiff to his proofs as to those allegations. Further answering Paragraph 42, upon information and belief Defendants aver that some of its ESL students may have been permitted to live in the dorms, but that those students were conditionally admitted into a degree granting program or were international students pursuing a degree.

43. Answering Paragraph 43 of the Second Amended Complaint, Defendants admit the allegations contained therein.

44. Answering Paragraph 44 of the Second Amended Complaint, Defendants admit that a letter that Plaintiff addressed the Board but neither admit nor deny the remaining allegations contained therein for the reason that the alleged petition is the best evidence of its contents.

45. Answering Paragraph 45 of the Second Amended Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that the alleged minutes are the best evidence of their contents.

46.     Answering Paragraph 46 of the Second Amended Complaint, Defendants admit that on or near the date alleged Defendant Snyder sent a letter to Plaintiff and that the letter generally indicated her decision regarding Plaintiff's request to live in University housing remained as before, but aver that the that the alleged letter is the best evidence of its contents. Further answering Paragraph 46, Defendants deny the remaining allegations contained therein for the reason that they are untrue

47.     Answering Paragraph 47 of the Second Amended Complaint, Defendants admit that the University's General Counsel, Victor A. Zambardi, received a letter from Plaintiff's counsel dated October 7, 2008, but neither admit nor deny the remaining allegations contained therein for the reason that the alleged letter is the best evidence of its contents.

48.     Answering Paragraph 48 of the Second Amended Complaint, Defendants hereby incorporates by reference their answer to Paragraph 47 of the Second Amended Complaint. Further answering Paragraph 48, the allegation concerning the reasonableness of any alleged accommodation request is a legal conclusion of the pleader that does not require a response.

49.     Answering Paragraph 49 of the Amended Complaint, Defendants admit that the University's General Counsel, Victor A. Zambardi, sent a letter to Plaintiff's counsel dated November 7, 2008, but neither admit nor deny the remaining allegations contained therein for the reason that the alleged letter is the best evidence of its contents. Further answering Paragraph 49, Defendants aver that the letter speaks for itself and that it is not appropriate for the letter to be summarized in this pleading. Further answering Paragraph 49, Defendants aver that the University's General Counsel advised Plaintiff's counsel that his requests were not appropriate under applicable law and that Plaintiff was properly denied the opportunity to live in the University's dormitory due to his academic status – and not due to his alleged disability. Further

answering Paragraph 49, the allegation concerning the reasonableness of any alleged accommodation request is a legal conclusion of the pleader that does not require a response.

50. Answering Paragraph 50 of the Second Amended Complaint, Defendants admit that Plaintiff's counsel sent the University another letter dated November 14, 2008, but deny that the request was reasonable, under the law, and denies that the policy is discriminatory. Further answering Paragraph 50, Defendants neither admit nor deny the remaining allegations contained therein for the reason that the alleged letter is the best evidence of its contents. Further answering Paragraph 50, the allegation concerning the reasonableness of any alleged accommodation request is a legal conclusion of the pleader that does not require a response.

51. Answering Paragraph 51 of the Second Amended Complaint, Defendants admit that the University's General Counsel, Victor A. Zambardi, sent a letter to Plaintiff's counsel dated November 17, 2008, but neither admit nor deny the remaining allegations contained therein for the reason that the alleged letter is the best evidence of its contents. Further answering Paragraph 51, Defendants aver that the letter speaks for itself and that it is not appropriate for the letter to be summarized in this pleading. Further answering Paragraph 51, Defendants aver that the University's General Counsel advised Plaintiff's counsel that, among other things, his accommodation requests were not appropriate under applicable law and that Plaintiff was properly denied the opportunity to live in the University's dormitory due to his academic status – and not due to his alleged disability. Further answering Paragraph 51, the allegation concerning the reasonableness of any alleged accommodation request is a legal conclusion of the pleader that does not require a response.

52. Answering Paragraph 52 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue in that there was no failure in

the President's actions or inactions. Further answering Paragraph 52, Defendants aver that the President saw no need to intervene, reverse or alter the decisions made by the University.

53.     Answering Paragraph 53 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue and that the term "privileges" is undefined. Further answering Paragraph 53, Defendants aver that among the privileges denied to Plaintiff due to his status as person not enrolled in a degree granting program at the University are the rights to take classes for credit, to participate fully in any class he wishes to attend, and to earn grades and a degree. Further answering Paragraph 53, Defendants also aver that Plaintiff is extended some of the privileges typically provided to University guests, as well as to continuing education students attending the University who do not have a right to live in the University's dormitories, but who – unlike Plaintiff – may earn academic credit and grades.

54.     Answering Paragraph 54 of the Second Amended Complaint, Defendants deny the allegations contained therein. Further answering Paragraph 54, Defendants aver that at some point each Defendant became aware that Plaintiff alleged himself to be mildly cognitively impaired.

## V.     CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FAIR HOUSING ACT
### DISPARATE IMPACT

55.     Answering Paragraph 55 of the Second Amended Complaint, Defendants hereby incorporate by reference their answers to Paragraphs 1 though 54 of the Second Amended Complaint.

56.     Answering Paragraph 56 of the Second Amended Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

57.     Answering Paragraph 57 of the Second Amended Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

58.     Answering Paragraph 58 of the Second Amended Complaint, Defendants admit that Plaintiff applied for on-campus housing at the University.  Further answering Paragraph 58, Defendants deny the remaining allegations contained therein.

59.     Answering Paragraph 59 of the Second Amended Complaint, Defendants admit that Plaintiff's application was rejected.  Further answering Paragraph 59, Defendants deny the remaining allegations contained therein, although Defendants aver that over the course of the semester some housing vacancies did occur.

60.     Answering Paragraph 60 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

61.     Answering Paragraph 61 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue, and further Defendants specifically deny that any of the Defendants acted in any manner contrary to law or University policy.

62.     Answering Paragraph 62 of the Second Amended Complaint, Defendants deny that any of the Defendants acted in a discriminatory manner.  Further answering Paragraph 62, Defendants neither admit nor deny the remaining allegations contained therein for the reason that

they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

63.     Answering paragraph 63 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

## COUNT II: VIOLATION OF THE FAIR HOUSING ACT
## DISPARATE TREATMENT

64.     Answering Paragraph 64 of the Second Amended Complaint, Defendants hereby incorporate by reference their answers to Paragraphs 1 though 63 of the Second Amended Complaint.

65.     Answering Paragraph 65 of the Second Amended Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

66.     Answering Paragraph 66 of the Second Amended Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

67.     Answering Paragraph 67 of the Second Amended Complaint, Defendants admit that Plaintiff applied for on-campus housing at the University.  Further answering Paragraph67, Defendants deny the remaining allegations contained therein for the reason that they are untrue.

68.     Answering Paragraph 68 of the Second Amended Complaint, Defendants admit that Plaintiff's application was rejected.  Further answering Paragraph 68, Defendants deny the remaining allegations contained therein for the reason that they are untrue, although Defendants aver that over the course of the semester some housing vacancies did occur.

69.     Answering Paragraph 69 of the Second Amended Complaint, Defendants deny the allegations contained therein, and specifically deny that the policy was a pretext.

70.     Answering Paragraph 70 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

71.     Answering Paragraph 71 of the Second Amended Complaint, Defendants deny that any of the Defendants acted in a discriminatory manner.  Further answering Paragraph 71, Defendants neither admit nor deny the remaining allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

72.     Answering Paragraph 72 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

## COUNT III: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 – DISPARATE TREATMENT

73.     Answering Paragraph 73 of the Second Amended Complaint, Defendants hereby incorporate by reference their answers to Paragraphs 1 though 72 of the Second Amended Complaint.

74.     Answering Paragraph 74 of the Second Amended Complaint, Defendants admit the allegations contained therein.

75.     Answering Paragraph 75 of the Second Amended Complaint, Defendants admits that Oakland University is a university.  Further answering Paragraph 75, Defendants neither admit nor deny the remaining allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

76.     Answering Paragraph 76 of the Second Amended Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

77.     Answering Paragraph 77 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is capable of living in a dormitory setting, and therefore leave Plaintiff to his proofs as to that allegation. Further answering Paragraph 77, Defendants deny that Plaintiff qualifies for living in the University's dormitories. Further answering Paragraph 77, Defendants neither admit nor deny the remaining allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

78.     Answering Paragraph 78 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue, and specifically deny that the policy was a pretext.

79.     Answering Paragraph 79 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

80.     Answering Paragraph 80 of the Second Amended Complaint, Defendants deny that any of the Defendants acted in a discriminatory matter contrary to law. Further answering Paragraph 80, Defendants neither admit nor deny the remaining allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

81.     Answering Paragraph 81 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

**COUNT IV: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973
DENIAL OF REASONABLE ACCOMMODATION [SIC]**

82.     Answering Paragraph 82 of the Second Amended Complaint, Defendants hereby incorporate by reference their answers to Paragraphs 1 though 81 of the Second Amended Complaint.

83.     Answering Paragraph 83 of the Second Amended Complaint, Defendants admit the allegations contained therein.

84.     Answering Paragraph 84 of the Second Amended Complaint, Defendants admits that Oakland University is a university. Further answering Paragraph 84, Defendants neither admit nor deny the remaining allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

85.     Answering Paragraph 85 of the Second Amended Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

86.     Answering Paragraph 86 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

87.     Answering Paragraph 87 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

88.     Answering Paragraph 88 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

89.     Answering Paragraph 89 of the Second Amended Complaint, Defendants deny that any of the Defendants acted in a discriminatory manner. Further answering Paragraph 89, Defendants neither admit nor deny the remaining allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

90.     Answering Paragraph 90 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

## COUNT V: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT –
## TITLE II, DISPARATE TREATMENT

91.     Answering Paragraph 91 of the Second Amended Complaint, Defendants hereby incorporate by reference their answers to Paragraphs 1 though 90 of the Second Amended Complaint.

92.     Answering Paragraph 92 of the Second Amended Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

93.     Answering Paragraph 93 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.  Further answering Paragraph 93, Defendants aver that at some point the Board became aware that Plaintiff alleged himself to be mildly cognitively impaired.

94.     Answering Paragraph 94 of the Second Amended Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

95.     Answering Paragraph 95 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue, and Defendants specifically deny that the Board of Trustees violated any law with respect to Plaintiff's housing application, or otherwise.

96.     Answering Paragraph 96 of the Amended Complaint, Defendants deny that Plaintiff is able to participate in the University's housing program for the reason that he does not, at this time, meet the requirements for student housing.  Further answering Paragraph 96, Defendants neither admit nor deny the remaining allegations contained therein for the reason that

they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

97.     Answering Paragraph 97 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

98.     Answering Paragraph 98 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue, and specifically deny that the policy was a pretext.

99.     Answering Paragraph 99 of the Second Amended Complaint, Defendants deny that any of the Defendants acted in a discriminatory manner. Further answering Paragraph 99, Defendants neither admit nor deny the remaining allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

100.    Answering Paragraph 100 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

## COUNT VI: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT – DISPARATE IMPACT

101.    Answering Paragraph 101 of the Second Amended Complaint, Defendants hereby incorporate by reference their answers to Paragraphs 1 though 100 of the Second Amended Complaint.

102.    Answering Paragraph 102 of the Second Amended Complaint, Defendants admit the allegations contained therein.

103.    Answering Paragraph 103 of the Second Amended Complaint, Defendants admit that Oakland University is a university. Further answering Paragraph 103, Defendants neither

admit nor deny the remaining allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

104. Answering Paragraph 104 of the Second Amended Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

105. Answering Paragraph105 of the Second Amended Complaint, Defendants deny that allegations contained therein for the reason that they are untrue.

106. Answering Paragraph 106 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

107. Answering Paragraph 107 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

108. Answering Paragraph 108 of the Second Amended Complaint, Defendants deny that any of the Defendants acted in a discriminatory manner. Further answering Paragraph 108, Defendants neither admit nor deny the remaining allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response.

109. Answering Paragraph 109 of the Second Amended Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

## VI.    JURY DEMAND

110. Answering Paragraph 110 of the Second Amended Complaint, Defendants neither admit nor deny the allegations contained therein for the reason that they are conclusions of law and not allegations of fact, and therefore they do not invite a response. Further answering

Paragraph 110, Defendants deny that the equitable claims can be tried to a jury and that Plaintiff is entitled to maintain his claims, as a matter of law.

## VII.   REQUESTED RELIEF

Defendants deny that they committed any wrongdoing in this matter and therefore deny that Plaintiff is entitled to any of the relief requested.

WHEREFORE, Defendants asks this Court to dismiss Plaintiff's claims in their entirety, and award Defendants their costs and fees, including attorney's fees, incurred while defending this matter, as well as any other relief this Court deems just and appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant Oakland University Board of Trustees, as well as Defendants Gary D. Russi, Mary Beth Snyder, and Lionel Maten, in their official capacities, by their attorneys Butzel Long, a professional corporation, state as their affirmative and other defenses, as follows:

1.     Plaintiff's claims are barred by his lack of standing to maintain this action, and therefore this Court lacks subject matter jurisdiction over Plaintiff's claims.

2.     Plaintiff's claims are barred, in whole or in part, by the 11th Amendment to the United States Constitution.

3.     Plaintiff has failed to state a claim upon which relief may be granted.

4.     Plaintiff has failed to exhaust his administrative remedies.

5.     Plaintiff's claims are barred by the doctrine of academic freedom.

6.     Plaintiff is not qualified to live in the University's dormitories.

7.     Plaintiff is not a qualified individual with a disability.

8.     Plaintiff is not qualified to participate in the OPTIONS program.

9.     Plaintiff has failed to mitigate his damages.

10.    Plaintiff's requests were not for accommodations.

11.    Plaintiff's requests were not reasonable.

12.    Defendants have acted in good faith.

13.    Plaintiff has failed to state a claim for damages.

14.    Plaintiff has failed to state a claim for punitive damages.

15.    Plaintiff's claims are moot and non-justiciable.

16.    Defendants reserve the right to add to or modify its affirmative and other defenses as they deem appropriate during the remaining course of this litigation based on information learned during this litigation

WHEREFORE, Defendants ask this Court to dismiss Plaintiff's claims in their entirety, and award Defendants their costs and fees, including attorney's fees, incurred while defending this matter, as well as any other relief this Court deems just and appropriate.

Respectfully submitted,

**BUTZEL LONG**

By: /s/ Robert A. Boonin
    Robert A. Boonin (P38172)
    Regan Dahle (P53975)

300 South Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 995-3110
boonin@butzel.com
dahle@butzel.com

**Attorneys for Defendants**

Dated: July 23, 2009

**Certificate of Service**

I, Robert A. Boonin, hereby certify that on July 23, 2009, I electronically filed the

foregoing papers with the Clerk of the court using the ECF system, which will send notification

of such filing to the following counsel of record:

        Chris E. Davis
        Michigan Protection & Advocacy Service, Inc.
        29200 Vassar Blvd., Ste. 200
        Livonia, MI  48152
        (248) 473-2990
        cdavis@mpas.org
        Attorney for Micah Fialka-Feldman

                Respectfully submitted,

                **BUTZEL LONG**

                By: /s/ Robert A. Boonin
                   Robert A. Boonin (P38172)
                   Zachary V. Moen (P72029)
                   Omar N. Chaudhary (P71676)

                300 South Main Street, Suite 300
                Ann Arbor, Michigan  48104
                (734) 995-3110
                boonin@butzel.com
                dahle@butzel.com

                **Attorneys for Defendants**

Dated:  July 23, 2009