UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MICAH FIALKA-FELDMAN                              Case Number 08-CV-14922

        Plaintiff,                                     Hon. Patrick J. Duggan

v.

OAKLAND UNIVERSITY BOARD
OF TRUSTEES, GARY D. RUSSI, MARY BETH
SNYDER, and LIONEL MATEN, in their
official capacity,
        Defendants.
_____/

| | |
|---|---|
| Michigan Protection & Advocacy Service, Inc. | Butzel Long |
| Chris E. Davis (P52159) | By: Robert A. Boonin (P38172) |
| 29200 Vassar Blvd., Suite 200 | 350 S. Main Street, Suite 300 |
| Livonia, MI 48152 | Ann Arbor, MI 48104 |
| Phone: (248) 473-2990 | (734) 995-3110 |
| Attorney for Plaintiff | Attorneys for Defendant |
| Email: cdavis@mpas.org | boonin@butzel.com |

_____/

## STIPULATED PROTECTIVE ORDER

This matter having come before the Court upon written stipulation of the parties and the Court being fully advised in the premises;

IT IS HEREBY ORDERED:

1. When used in this Order, the word "records" shall be defined as any and all medical, Berkley educational, and mental health records received by Defendant through Subpoena and/or produced by Plaintiff regarding Micah Fialka-Feldman.

2. Such records, as defined in Paragraph 1 above, shall be used solely for the prosecution or defense of this lawsuit.

3. All such records may be disclosed only to the following persons:

a. the attorneys of record for the parties;

   b. the members or employees of the law firms of the attorneys of record who are involved with the prosecution or defense of the litigation;

   c. the current and former parties to this litigation;

   d. Plaintiff's parents;

   e. the Court and its employees;

   f. any arbitrator, mediator or other alternative dispute resolution facilitator in front of whom the parties agree to appear or are ordered to appear; and

   g. any experts who are employed or retained by counsel for assistance in this litigation.

4. Nothing in this Protective Order shall prohibit a party from showing a deposition or trial witness any document subject to this Order.

5. Subject to the rules of evidence, the records subject to this Order may be offered in evidence at trial.

6. The records subject to this Order, and any information therein, do not lose their protected status if used in any court proceeding in the lawsuit. As such, the parties shall take all steps reasonable and necessary to protect the confidentiality of the records subject to this Order and the information during such use.

7. This Order shall not be construed to waive any objections, privileges or defenses available to the parties of this lawsuit with respect to any medical, educational and/or mental health records subject to this Order.

8. Counsel of record for the parties agree that within sixty days (60) after the final disposition of this lawsuit, including any and all appeals, that all records

subject to this Order, including all copies, shall be returned to plaintiff's attorney or be destroyed. This includes any copies of medical, educational and/or mental health records provided to the parties, the parties' representatives, the parties' insurers and experts retained for the purpose of assisting in the prosecution or defense of this lawsuit.

9. Nothing in this Protective Order shall preclude any party from seeking to amend or modify this Order, if necessary.

10. The Court retains jurisdiction to make such amendments, modifications and additions to this Order as the Court may from time to time deem appropriate.

        s/Patrick J. Duggan
        Patrick J. Duggan
        United States District Judge

DATED: October 9, 2009

APPROVED AS TO FORM AND CONTENT.

MICHIGAN PROTECTION & ADVOCACY SERVICE
s/Chris E. Davis
Attorney for Plaintiff
29200 Vassar Blvd., Suite 200
Livonia, MI 48152
(248) 473-2990
cdavis@mpas.org
P52159

BUTZEL LONG
s/with consent of Robert A. Boonin
Attorney for Defendant
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 995-3110
boonin@butzel.com
P38172