# EXHIBIT 10

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICAH FIALKA-FELDMAN,**

    Plaintiff,

v.

Case No. 08-CV-14922
Hon. Patrick J. Duggan

**OAKLAND UNIVERSITY BOARD OF TRUSTEES,**

    Defendant.

---

Chris E. Davis (P52159)
Michigan Protection & Advocacy Service, Inc.
29200 Vassar Blvd., Suite 200
Livonia, MI 48152
(248) 473-2990
Attorney for Plaintiff

BUTZEL LONG
By: Robert A. Boonin (P38172)
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 995-3110
Attorneys for Defendant
boonin@butzel.com

---

### AFFIDAVIT OF LIONEL MATEN

STATE OF MICHIGAN    )
    ) ss
COUNTY OF OAKLAND    )

I, Lionel Maten, state under oath that the following is true:

1. I have personal knowledge of the facts in this Affidavit and, if sworn as a witness in this matter, I can competently testify to the facts stated herein.

2. I am currently employed by Oakland University as its Director of University Housing, and have been so since October 16, 2006. In that capacity, I am responsible for the operation of the University's dormitory and apartment facilities including the administration of its policies for student housing eligibility.

3. Throughout my tenure of employment, I have understood the University's policy with regard to student housing eligibility to be that a person must be a student enrolled in a course or courses for credit and recognized by the University as seeking a degree, or, a person must be an individual participating in the University's hostel program or an authorized summer camp program.

4. Sometime in 2007, and before Micah Fialka-Feldman submitted his request to live in

student housing in November 2007, I personally met with Micah Fialka-Feldman, his father Richard Feldman, and his mother Janice Fialka, and explained to all of them that the University's policy with regard to student housing eligibility was that a person must be a student enrolled in a course or courses for credit and recognized by the University as seeking a degree, and that Micah Fialka-Feldman was not eligible to live in student housing.

5. I applied the foregoing University policy for student housing eligibility to Micah Fialka-Feldman's November 2007 request to live in student housing. The University's Contract for Residence Halls Services – Room and Board in use at the time, required that to be eligible for student housing, a "student must be enrolled as a student at the University throughout the entire period of the Contract." The University did not deem Micah Fialka-Feldman to be eligible to live in student housing because he was not a student enrolled in a course or courses for credit and recognized by the University as seeking a degree.

6. My December 1, 2008 (sic) letter to Micah Fialka-Feldman stated in part that "The housing contract you recently submitted is being returned to you as you are not an admitted Oakland University student and are not registered for Winter 2008 classes. Students must be registered to live in the Residence Halls . . . If the situation changes and you are able to get registered, you are welcome to submit another housing contract." The Winter 2008 semester started on January 7, 2008.

7. It is my understanding that Micah Fialka-Feldman has never applied for admission to a degree granting program at the University.

8. I have applied the foregoing policy for student housing eligibility uniformly to every student and individual who has come to my attention who was requesting to live in student housing.

9. In the summer of 2007, before Micah Fialka-Feldman submitted his November 2007 request to live in student housing, Mary Beth Snyder, then Vice President for Student Affairs, and I, began discussing the University's retention rates and how they were negatively affected by the number of credit hours a student was required to carry to be eligible to live in student housing. At that time, if a person was a student enrolled in only a one credit hour course, they were eligible to live in student housing. We ultimately decided to increase the minimum credit hour requirement to eight credit hours for the fall and winter semesters and four credit hours for the then spring and summer semesters, and to implement those changes for the following Fall 2008 semester.

10. While preparing to implement the new minimum credit hour requirement, we decided to revise the University's Contract for Residence Halls Services – Room and Board to state more explicitly the University's policy with regard to student housing eligibility and who are students enrolled in a course or courses for credit and recognized by the University as seeking a degree, as well as considering and/or making other revisions with regard to such things as the acceptable methods of payment, room preferences, meal plan options, cancellation fees, appropriate signatories, and the consolidation of the separate contracts then in use for the University's dormitory and apartment facilities.

11. Before the University's Contract for Residence Halls Services – Room and Board was actually revised, I had already personally explained that the University's policy with regard to

student housing eligibility was that a person must be a student enrolled in a course or courses for credit and recognized by the University as seeking a degree to Micah Fialka-Feldman, his father Richard Feldman, and his mother Janice Fialka; Micah Fialka-Feldman had submitted his November 2007 request to live in student housing; and I had written my December 1, 2008 (sic) letter to Micah Fialka-Feldman advising him that he was not eligible to live in student housing.

12. The University's policy with regard to student housing eligibility that a person must be a student enrolled in a course or courses for credit and recognized by the University as seeking a degree has never changed during my tenure of employment, except to increase the minimum credit hour requirement.

13. At no time did I consider Micah Fialka-Feldman's alleged disability when applying the University's policy with regard to student housing eligibility, and Micah Fialka-Feldman's alleged disability played no part whatsoever in my decision to advise him that he was not eligible to live in student housing.

14. It is my understanding that one former participant in the OPTIONS program applied for, was recently admitted to, is enrolled in courses for credit, and is seeking a degree from, the University. That student is currently eligible to apply for student housing.

15. The current University Contract for Residence Halls Services – Room and Board is the result of the aforementioned revisions and states that student housing is reserved for students enrolled in or who are otherwise formally pursuing degree granting programs. Residents are: formally admitted to the University as matriculated or conditionally admitted students *in a degree program* at the University, enrolled in a minimum of 8 credit hours during each fall or winter semester, or 4 credit hours for each spring or summer semester in which they reside in residence halls or apartments; matriculated students in a degree program at another college or university that has an affiliation agreement with the University; or participating in the University's spring/summer hostel program or authorized summer camp programs.

Further affiant saith not.

*[signature]*
Lionel Maten, Director of Housing
Oakland University

STATE OF MICHIGAN   )
                    )ss
COUNTY OF OAKLAND   )

The signator is known to me and acknowledged the foregoing instrument this 15th day of May, 2009.

*[signature]*
Jennifer L. Swiatowy, Notary Public
Oakland County, Michigan
My Commission expires: 10/11/2015

Jennifer L. Swiatowy
Notary Public
Oakland County, Michigan
My Commission Expires: 10-11-15

- 3 -