# EXHIBIT 23

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MICAH FIALKA-FELDMAN,**

    Plaintiff,

v.

Case No. 08-CV-14922
Hon. Patrick J. Duggan

**OAKLAND UNIVERSITY BOARD OF TRUSTEES,**

    Defendant.

---

| | |
|---|---|
| Chris E. Davis (P52159) | BUTZEL LONG |
| Michigan Protection & Advocacy Service, Inc. | By: Robert A. Boonin (P38172) |
| 29200 Vassar Blvd., Suite 200 | 350 S. Main Street, Suite 300 |
| Livonia, MI 48152 | Ann Arbor, MI 48104 |
| (248) 473-2990 | (734) 995-3110 |
| Attorney for Plaintiff | Attorneys for Defendant |
| | boonin@butzel.com |

---

## AFFIDAVIT OF MARY BETH SNYDER

STATE OF MICHIGAN    )
                                  ) ss
COUNTY OF OAKLAND    )

I, Mary Beth Snyder, state under oath that the following is true:

1. I have personal knowledge of the facts in this Affidavit and, if sworn as a witness in this matter, I can competently testify to the facts stated herein.

2. I am currently employed by Oakland University as its Vice President of Student Affairs and Enrollment Management. In that capacity, I am responsible for student service programs such as housing that are made available to students at the University, including both the student population enrolled in degree granting programs at the University, continuing education and other students.

3. I am generally familiar with the OPTIONS program at the University, which arose out of the Transitions Program which the University's School of Education facilitated in conjunction with the Rochester Public Schools and Oakland Intermediate School District. The Transitions Program was a school sponsored program providing high school students with cognitive disabilities with the opportunity to attend classes on our campus.

4. The OPTIONS program, which started in the Fall of 2007, is also designed to allow young adults with cognitive disabilities, who have either graduated from high school or received a certificate of completion from high school, attend classes at the University and be a part of the campus community. Participants in the OPTIONS program are not enrolled in or pursuing degree

programs at the University. At this time, they are categorized as continuing education students, but they do not earn credits from the classes they attend, they are not required to take exams, and they do not earn grades or accumulate a grade point average. Since OPTIONS participants are not enrolled in a degree granting program, they are also ineligible for financial aid.

5. The regular University academic classes they attend are with the permission of the involved faculty, only. Obtaining such permission is not required of students in degree granting programs, nor is it required of continuing education students. OPTIONS participants also attend classes only provided to them. These are akin to life skills classes and are taught by staff of the OPTIONS program. No credits or grades are given for these classes, either.

6. Participants in the OPTIONS program may participate in many student activities and clubs at the University. These activities are not restricted to students, whether in degree granting programs or in a continuing education program. Non-students often participate in such activities. For instance, non-students can be in the University's hockey club, and alumni often participate in our student activity programs.

7. Currently, there are approximately nine participants in the OPTIONS program.

8. An important aspect of the OPTIONS program is the regular contact its participants have with age appropriate peers through peer mentoring. Many regularly enrolled University students have both assisted and personally benefited from acting as program volunteers. These peer mentors support participants in their classes, assist them in getting around campus, initiate them in the social life of the University, act as "study buddies" or just offer their friendship

9. The University does not control who may participate in fraternities since fraternities are not University sponsored activities.

10. Being a new program with some unique features, the University is still working through the administrative nuances of the program, including such issues as how long individuals may participate in the OPTIONS program, and the best administrative means for providing identification cards, e-mail access and computer access to the participants.

11. Student housing is reserved for full-time students enrolled in degree granting programs or are otherwise pursing a higher education degree. To remain in student housing, the students are to maintain a full-time academic credit load and required academic standards.

12. Participants in the OPTIONS program are not eligible for student housing since they do not meet these requirements.

13. The University admits students with cognitive and other disabilities to degree granting programs, including a former OPTIONS participant, provided the student meets the admissions criteria for matriculating, including the taking ACT or SAT tests, graduating from high school with a high school degree, and otherwise satisfying the admissions criteria of the University.

14. The University accommodates students with disabilities enrolled in its various educational programs, if requested. Those accommodations do not entail waiving the criteria for admission, earning grades or living in student housing, but rather accommodate the otherwise qualified student to go to class, live in the dormitories, etc.

15. It is my understanding that Micah Fialka-Feldman has never applied for admission to a

degree granting program at the University.

16. I became aware that Mr. Fialka-Feldman had applied to live in student housing for the Winter Term of 2008 and that he was in the OPTIONS program. Upon learning that his application had been approved, I informed the staff that since OPTIONS participants were not in degree earning programs or otherwise eligible for student housing, they had erred in approving his housing admission and were to rescind it.

17. Mr. Fialka-Feldman asked that I reconsider my decision, but I concluded that he was asking me to waive a basic requirement for student housing accommodations and that doing so would be contrary to the University's objectives in providing housing for students earning degrees and maintaining required academic standards, and could alter the housing environment by allowing continuing education students to live in student housing.

18. Our student housing program is not designed to house continuing education students or individuals who are not a part of the regular academic program. The University typically has approximately 1400 continuing education students in each regular academic term. The eligibility requirements to live in student housing for the OPTIONS program participants is virtually the same as the right of continuing education students, without regard to their disability status; they are not eligible for student housing.

19. One former participant in the OPTIONS program applied for and was recently admitted to a degree-granting program at the University. That student is currently eligible to apply for University housing.

20. Many students commute to the University, by car or public transportation – and many travel considerable distance to attend classes.

21. The OPTIONS program appears to be successful in many respects, benefiting not only those participating in the program, but others at Oakland University as well. Not only have the OPTIONS participants gained valuable exposure to an academic and social environment, but students seeking degrees have enriched their experiences through helping those with mild disabilities.

22. I am aware that privately owned apartments are available off-campus for University students. These units are very close to campus and the rent at some of those units is less than the cost of University housing. Many students live in such off-campus housing.

Further affiant sayeth not.

*Mary Beth Snyder*
Mary Beth Snyder, Vice President
Oakland University

STATE OF MICHIGAN )
)SS
COUNTY OF OAKLAND )

The signator is known to me and acknowledged the foregoing instrument this 5th day of January, 2009.

*Jennifer L. Swiatowy*
Jennifer L. Swiatowy, Notary Public
Oakland County, Michigan
My Commission expires: 10/11/15

Jennifer L. Swiatowy
Notary Public
Oakland County, Michigan
My Commission Expires: 10-11-15

- 3 -