Fialka-Feldman v. Oakland University Board of Trustees | Doc. 48

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICAH FIALKA-FELDMAN,**

          Plaintiff,

Case Number 08-CV-14922
Hon. Patrick J. Duggan

v.

**OAKLAND UNIVERSITY BOARD
OF TRUSTEES, GARY D. RUSSI, MARY BETH
SNYDER,** and **LIONEL MATEN,** in their
official capacities,

          Defendants.

_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Dockets.Justia.com

**TABLE OF CONTENTS**

| | Page |
|---|---|
| STATEMENT OF ISSUES PRESENTED | ii |
| CONTROLLING AUTHORITY | iii |
| INTRODUCTION | 1 |
| ARGUMENT | 1 |
| I. As A Matter Of Law, Plaintiff Did Not Request An Accommodation To His Disability. | 1 |
| II. Plaintiff Has Not Proven That His Accommodation Request Was Reasonable. | 2 |
| III. OU Did Not Fail In Any Burden To Analyze Plaintiff's Accommodation Request. | 3 |
| IV. There Is No Evidence That Housing Contract Amendments Were Discriminatory. | 4 |

## STATEMENT OF ISSUES PRESENTED

I. Is Summary Judgment warranted on Counts II, III, V, and VI of Plaintiff's Second Amended Complaint since Plaintiff has no evidence that he is an otherwise qualified individual with a disability?

II. Is Summary Judgment warranted on Plaintiff's disparate treatment claims since Plaintiff has no evidence that Defendants' legitimate, non-discriminatory reason for declining his request for on-campus housing was a pretext for disability discrimination?

III. Is Summary Judgment warranted on Plaintiff's claim that Defendants failed to provide him with a reasonable accommodation where the accommodation that Plaintiff requested was unreasonable and unrelated to his disability?

Defendants answer "yes" to each of these questions.

# CONTROLLING AUTHORITY

**CASES**

*Groner v. Golden Gate Gardens Apts.,*
 250 F.3d 1039 (6th Cir. 2001) ...................................................................................... 2

*Schanz v. Village Apartments,*
 998 F. Supp. 784 (E.D. Mich. 1998) ............................................................................ 1

*Smith & Lee Assocs. v. City of Taylor*,
 102 F.3d 781 (6th Cir. 1996) ........................................................................................ 2

**STATUTES**

 M.C.L. § 390.154 ......................................................................................................... 4

**INTRODUCTION**

Plaintiff asks this Court to ignore his failure to overcome any of the substantial legal hurdles necessary to defeat Defendants' Motion. Despite Plaintiff's significant efforts to distract the Court, the facts remain that Plaintiff cannot prove that: (1) he is a victim of intentional discrimination, because he has no evidence that Oakland University ("OU") treated him differently than any other continuing-education student; (2) OU's reason for rejecting his housing application is a pretext for discrimination, because he has no evidence that OU ever considered continuing-education students as being "enrolled"; (3) OU unlawfully denied him access to its programs, because it is undisputed that Plaintiff has enjoyed all the benefits and perquisites of the only program in which he ever participated, the OPTIONS program; or (4) he was entitled to the "accommodation" he requested, because it was unrelated to his disability.

OU did not deny Plaintiff's housing application because of his disability, and did not deny him a reasonable accommodation.

**ARGUMENT**

**I. As A Matter Of Law, Plaintiff Did Not Request An Accommodation To His Disability.**

The law only requires accommodation of an individual's disability – not circumstances unrelated to the disability. *See Schanz v. Village Apartments,* 998 F. Supp. 784, 791 (E.D. Mich. 1998). Plaintiff never asked OU for an accommodation *for his disability*. Plaintiff is simply sitting in on classes at OU; he has no academic requirements. He did not ask for an accommodation to be able to participate in any of those classes, such as a tape recorder, books on CD, or to have material scanned--accommodation requests that relate to his impairments. He also did not ask for an accommodation that would remedy the barrier created by his impairments

1

that preclude him from being able to live in the dorms, because none exist that would accommodate his lack of a required high school diploma and an acceptable ACT score that would qualify him to submit an application to be regularly admitted as student to OU and enroll in a degree granting program. Instead, Plaintiff asked OU to waive its housing-eligibility policy, which is tantamount to asking OU to waive its admissions requirements, but does not accommodate Plaintiff's disability; it only accommodates the fact that Plaintiff is not an enrolled student.[1]

The fact that Plaintiff never requested an accommodation related to his disability is fatal to his failure to accommodate claims and makes all other issues related to those claims moot.

## II. Plaintiff Has Not Proven That His Accommodation Request Was Reasonable.

Even if Plaintiff could somehow relate his accommodation requests to his disability (and he cannot), his claim would still fail because he has ignored his burden of proving that his accommodation request was reasonable by not fundamentally altering the nature of the housing program. *Groner v. Golden Gate Gardens Apts.,* 250 F.3d 1039, 1045 (6th Cir. 2001); *Smith & Lee Assocs. v. City of Taylor*, 102 F.3d 781, 195 (6th Cir. 1996). In fact, Plaintiff has provided no factual evidence whatsoever that a waiver of the housing-eligibility policy would not fundamentally alter the nature of the housing program. His allegation that "there is no reason to believe that his presence in the dorms" would alter, burden or disrupt the housing program (Plaintiff's Response, pp. 7-8), is conclusory and purely speculative.

---

[1] Plaintiff attempts to turn this issue on its head by alleging that the only reason he is not an enrolled student at OU is because of his disability. (Plaintiff's Response, p. 2) Plaintiff's allegation is meaningless, since – at the very least – he has never attempted to gain admission as a regular student at OU (Ex. 1, Plaintiff's Deposition, p. 65), like another former OPTIONS participant that was admitted as a regular student.

2

Furthermore, while Defendants have no burden to prove that Plaintiff's accommodation request is unreasonable, they nonetheless have produced evidence that waiving the housing policy *would* fundamentally alter the nature of the housing program. (*See* Defendants' Brief in Support of Motion for Summary Judgment, pp. 11-14) Plaintiff attacks this evidence, claiming that "[a]ny reasons Defendants proffer regarding a fundamental alteration of the program have emerged only after this lawsuit was filed." (Plaintiff's Response, p. 4) This is patently false. Vice President Snyder's pre-litigation statement to the Board of Trustees includes a discussion about how allowing OPTIONS participants to live in on-campus housing would change the nature of the housing program. (Ex. 2)[2] Further, Plaintiff offers no evidence to refute Defendants' rationale for establishing the eligibility requirements or how these requirements are critical to the University's educational mission.

Plaintiff has failed in his burden of providing evidence upon which a reasonable juror could conclude that his requested accommodation was reasonable, and his claim must fail.

**III.     OU Did Not Fail In Any Burden To Analyze Plaintiff's Accommodation Request.**

Plaintiff's requested accommodation had nothing to do with his disability. Consequently, OU never had an obligation to analyze it. Nonetheless, OU did consider Plaintiff's request, and, contrary to Plaintiff's claim, there is no basis for concluding that its consideration was deficient.

The regulations to Section 504 of the Rehabilitation Act (45 C.F.R. Part84, Appendix A) are instructive on this point: If a blind person asked a school district to waive its requirement that an individual must be able to see in order to be employed as a bus driver, it would not take

---

[2] See also the pre-litigation letters of OU's Vice President for Legal Affairs and General Counsel to Plaintiff's attorney. (Exs. 3 and 4)

3

extensive analysis for the school district to conclude that waiving the sight requirement would be unreasonable. The analysis would be short and uncomplicated.

Similarly, in this case, OU did not have to engage in extensive analysis to determine that Plaintiff's requested accommodation – a waiver of the basic eligibility requirement for admission to on-campus housing – was unreasonable. Vice President Snyder testified that the University consulted with the Board of Trustees and other OU administrators, and decided not to waive its policy regarding eligibility for housing. (Ex. 5, Snyder Deposition, pp. 42-3) OU certainly has statutory authority to determine the policies that govern its programs, M.C.L. § 390.154, including the authority to decide not to waive the housing eligibility policy.

Furthermore, Plaintiff admitted that the enrolled student requirement was the only barrier to his eligibility for on-campus housing. Consequently, once OU exercised its right not to waive that requirement, there was nothing else to consider; Plaintiff never proposed any other "accommodation." There was no need for an extensive analysis of Plaintiff's requested accommodation, and OU's alleged failure to conduct one is not a bar to summary judgment.

**IV.     There Is No Evidence That Housing Contract Amendments Were Discriminatory.**

Contrary to Plaintiff's unsupported assertion, Defendants did produce evidence that OU had been planning amendments to the housing contract since the summer of 2007. (Plaintiff's Response, p. 10) Lionel Maten's affidavit, which has not been refuted, states that Mr. Maten and Vice President Snyder began discussing the amendments in the summer of 2007 and that they decided to implement those amendments for the Fall 2008 semester. (Ex. 6, ¶ 9)

Moreover, OU's "exceptions to the matriculating student requirement" alleged by Plaintiff are not evidence that the amendments to the housing contract were discriminatory. In

4

fact, if Plaintiff participated in any of the programs that he refers to as "exceptions to the matriculating student requirement," (high school student overnight stays, summer camp programs for soccer, volleyball, lacrosse or basketball, or the journalism program) he too would be eligible to stay in the dorms for the typical week or less that those programs use the dorms.

Finally, contrary to Plaintiff's conclusory allegation, OPTIONS students are not "the only set of full time students not allowed access to OU housing." (Plaintiff's Response, p. 10) Continuing education students cannot be "full-time students" because they only receive "contact hours" or continuing education units ("CEUs"), and not "credits." OU has other continuing-education programs (like the OPTIONS program) where participants are required to accumulate contact hours, or at least 12 CEUs per semester/program period, such as programs for licensed practical nurses, patient care technicians, and career development facilitators, and they cannot live in the dorm either. (Ex. 7, Piskulich Affidavit)

## CONCLUSION

WHEREFORE, Defendants respectfully request that this grant Defendants' Motion, and dismiss Plaintiff's Complaint with prejudice and award Defendants costs and fees.

Respectfully submitted,

**BUTZEL LONG, a professional corporation**

By: /s/ Robert A. Boonin
Robert A. Boonin (P38172)
350 South Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 995-3110
boonin@butzel.com
dahle@butzel.com
**Attorneys for Defendants**

Dated: December 10, 2009

**Certificate of Service**

I, Robert A. Boonin, hereby certify that on December 10, 2009, I electronically filed the foregoing document with the Clerk of the court using the ECF system, which will send notification of such filing to all counsel of record.

        **BUTZEL LONG, a professional corporation**

        By: /s/ Robert A. Boonin
        Robert A. Boonin (P38172)
        350 South Main Street, Suite 300
        Ann Arbor, Michigan 48104
        (734) 995-3110
        boonin@butzel.com
        **Attorneys for Defendants**