UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MICAH FIALKA-FELDMAN                           Case Number 08-CV-14922

              Plaintiff,                  Hon. Patrick J. Duggan

v.

OAKLAND UNIVERSITY BOARD
OF TRUSTEES, GARY D. RUSSI, MARY BETH
SNYDER, and LIONEL MATEN, in their
official capacity,
              Defendants.
_____/

| Michigan Protection & Advocacy Service, Inc. | BUTZEL LONG |
|---|---|
| Chris E. Davis (P52159) | By: Robert A. Boonin (P38172) |
| Veena Rao (P52981) | Regan K. Dahle (P53975) |
| 29200 Vassar Blvd., Suite 200 | 350 S. Main Street, Suite 300 |
| Livonia, MI 48152 | Ann Arbor, MI 48104 |
| Phone: (248) 473-2990 | (734) 995-3110 |
| Email: cdavis@mpas.org | Email: boonin@butzel.com |
| Attorneys for Plaintiff | Attorneys for Defendant |

_____/

**PLAINTIFF'S MOTION FOR REASONABLE ATTORNEYS' FEES**

Plaintiff, through his counsel, requests payment of his attorneys' fees as the prevailing party in this matter pursuant to Fed. R. Civ. P. 54(d), 42 U.S.C. § 1988 and 29 U.S.C. § 794a for the reasons set forth more fully in the attached brief in support of this motion. Plaintiff's Counsel requests the sum of $176,841.43 in attorneys' fees.

                                    Respectfully submitted,

Dated: January 20, 2010                s/Chris E. Davis
                                      MICHIGAN PROTECTION &
                                      ADVOCACY SERVICE, INC.
                                      Attorney for Plaintiff
                                      29200 Vassar Blvd., Suite 200
                                      Livonia, MI 48152
                                      (248) 473-2990
                                      cdavis@mpas.org
                                      P52159

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MICAH FIALKA-FELDMAN          Case Number 08-CV-14922

         Plaintiff,          Hon. Patrick J. Duggan

v.

OAKLAND UNIVERSITY BOARD
OF TRUSTEES, GARY D. RUSSI, MARY BETH
SNYDER, and LIONEL MATEN, in their
official capacity,
         Defendants.

_____/

| Michigan Protection & Advocacy Service, Inc. | BUTZEL LONG |
|---|---|
| Chris E. Davis (P52159) | By: Robert A. Boonin (P38172) |
| Veena Rao (P52981) | Regan K. Dahle (P53975) |
| 29200 Vassar Blvd., Suite 200 | 350 S. Main Street, Suite 300 |
| Livonia, MI 48152 | Ann Arbor, MI 48104 |
| Phone: (248) 473-2990 | (734) 995-3110 |
| Email: cdavis@mpas.org | Email: boonin@butzel.com |
| Attorneys for Plaintiff | Attorneys for Defendant |

_____/

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR
REASONABLE ATTORNEYS' FEES**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iii

QUESTION PRESENTED ................................................................................................... iv

PROCEDURAL HISTORY ................................................................................................... 1

ARGUMENT .......................................................................................................................... 1

1. PLAINTIFF, AS THE PREVAILING PARTY, SHOULD BE GRANTED REASONABLE ATTORNEYS' FEES GIVEN THAT THE COURT RULED THAT DEFENDANTS DENIED PLAINTIFF A REASONABLE ACCOMMODATION IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT AND ORDERED DEFENDANTS TO PROVIDE ON-CAMPUS HOUSING .................................................................................................. 1

    A. THE PLAINTIFF IS THE PREVAILING PARTY IN THIS MATTER .......................... 2

    B. "REASONABLE" ATTORNEYS' FEES .................................................................. 4

RELIEF REQUESTED .......................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**

*Adcock-Ladd,* 227 F.3d [343] at 349 ...............................................................................4

*Grain v. Trinity Health,* 2009 WL 3270584 ......................................................................6

*Gratz v. Bollinger,* 353 F.Supp.2d 929, 936 (E.D. Mich.2005) ...............................2, 3, 4

*Hanrahan v. Hampton,* 446 U.S. 754, 758, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980) ...........2

*Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983......2, 3, 4, 8

*Hewitt v. Helms,* 482 U.S. 755, 760-61, 107 S.Ct. 2672, 2675-76, 96 L.Ed.2d 654 (1987) ...........3

*Kramer v. Paul Rever Life Insurance,* 2009 WL 2849067 ................................................6

*Nadeau v. Helgemoe,* 581 F.2d 275, 278-79 (1st Cir.1978) ............................................2

*Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989) ..................................................................3, 4

**STATUTES AND RULES**

29 U.S.C. § 794..................................................................................................................1, 2

29 U.S.C. § 794a...........................................................................................................1, 2, 4

42 U.S.C. § 1983................................................................................................................1, 2

42 U.S.C. § 1988...................................................................................................................2, 4

42 U.S.C. § 1501......................................................................................................................7

Fed. R. Civ. P. 54(d) ...............................................................................................................1

**OTHER AUTHORITIES**

State Bar of Michigan 2007 Economics of Law Practice, Summary Report, p.17-23, http://www.michbar.org/pmrc/articles/0000142.pdf .......................................................5

# QUESTION PRESENTED

**SHOULD THE PLAINTIFF, AS THE PREVAILING PARTY, BE GRANTED REASONABLE ATTORNEYS' FEES GIVEN THAT THE COURT RULED THAT DEFENDANTS DENIED PLAINTIFF A REASONABLE ACCOMMODATION IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT AND ORDERED DEFENDANTS TO PROVIDE ON - CAMPUS HOUSING?**

**Plaintiff's Answer:  YES**

# PROCEDURAL HISTORY

Plaintiff brought this action to enforce his right to a reasonable accommodation that would allow him to live in an on-campus dorm at Oakland University (OU), pursuant to the Rehabilitation Act of 1973. Plaintiff has been represented by Michigan Protection and Advocacy Service, Inc. (MPAS) during the entire course of this litigation. In an Order issued by this Court on December 23, 2009, Defendants were found to have violated the Plaintiff's rights under said law and ordered to provide Plaintiff on-campus housing (a dorm room to live) starting in January 2010. The Court entered its Judgment on January 7, 2010. Plaintiff's counsel now brings this timely motion requesting attorneys' fees.

# ARGUMENT

1. **PLAINTIFF, AS THE PREVAILING PARTY, SHOULD BE GRANTED REASONABLE ATTORNEYS' FEES GIVEN THAT THE COURT RULED THAT DEFENDANTS DENIED PLAINTIFF A REASONABLE ACCOMMODATION IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT AND ORDERED DEFENDANTS TO PROVIDE ON-CAMPUS HOUSING**

Attorney fees are awarded pursuant to Fed. R. Civ. P 54(d)(2), provided there is a "statute, rule, or other grounds" for awarding fees. Plaintiff prevailed upon his Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, claim. Pursuant to 29 U.S.C. § 794a (2)(b), he is entitled to request attorneys' fees.

> In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Plaintiff has pled that a violation of Plaintiff's rights under the Rehabilitation Act constitutes a violation under 42 U.S.C. § 1983, for deprivation of Plaintiff's federally

1

protected rights. See Plaintiff's Second Amended Complaint, Docket Item # 30, ¶ 90. Hence, Plaintiff is entitled to seek attorneys' fees pursuant to 42 U.S.C. § 1988 and 29 U.S.C. § 794a.

### A. THE PLAINTIFF IS THE PREVAILING PARTY IN THIS MATTER

A finding that a party was in violation of 29 U.S.C. § 794 permits the prevailing party to seek attorney fees under 29 U.S.C. § 794a. Additionally, such a violation would be a violation under 42 U.S.C. § 1983 and attorney fees and permitted under 42 U.S.C. 1988. Much of the case law surrounding the terms "prevailing party" and what are "reasonable attorney fees" has been developed under 42 U.S.C. § 1988. The language in Section 1988 is very similar to that used in 29 U.S.C. § 794a(2)(b). So, looking to the case law under that statute would be natural to define the terms in the Rehabilitation Act.

As this court has noted in previous decisions, several U.S. Supreme Court decisions have defined what a "prevailing party" is for purposes of 42 U.S.C. § 1988 and 29 U.S.C. § 794a. In *Gratz v. Bollinger,* 353 F.Supp.2d 929, 936 (E.D. Mich.2005), the Court stated,

> As the Supreme Court has stated, the threshold determination of whether a plaintiff is a "prevailing party" has been framed in various ways. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). After reviewing the legislative history of § 1988, the Supreme Court has found that "Congress intended to permit the interim award of counsel fees only when a party has prevailed on the merits *of at least some* of his claims." Hanrahan v. Hampton, 446 U.S. 754, 758, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980)( *per curiam*) (emphasis added). As the *Hensley* Court explained, "[a] typical formulations is that 'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " Hensley, 461 at 433, 103 S.Ct. at 1939 (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278-79 (1st Cir.1978)). The Supreme Court has held that "at a minimum, to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal

relationship between itself and the defendant." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989)(citing *Hewitt v. Helms,* 482 U.S. 755, 760-61, 107 S.Ct. 2672, 2675-76, 96 L.Ed.2d 654 (1987)).

In the current case, Plaintiff certainly prevailed on "at least some of his claims." See *Gratz,* 353 F. Supp. at 936. Plaintiff brought this action seeking declaratory and injunctive relief as well as damages, because he was denied access to on-campus housing at Oakland University. Plaintiff alleged six violations of his civil rights under the Fair Housing Act, Americans with Disabilities Act, and the Rehabilitation Act of 1973 in his second amended complaint. *Docket Item #30*. The relief being sought was a finding that Defendants violated one or several provisions of the aforementioned laws and issuance of an order allowing Plaintiff to live in on-campus housing.

This Court, in its *Order and Opinion* of December 23, 2009, dismissed five of the Plaintiff's allegations but ruled in his favor on the remaining allegation, "Count IV: Violation of Section 504 of the Rehabilitation Act 1973 Denial of Reasonable Accommodation." *Docket Item #53*. In doing so, the Court found that Defendants had violated Section 504 of the Rehabilitation Act when they failed to review and grant Plaintiff's request for a reasonable accommodation. The Court then ordered the Defendants to provide on-campus housing to Plaintiff starting January 2010. Thus, the Court granted Plaintiff the ultimate relief he was seeking in this lawsuit.

On January 7, 2010, the Court entered *Judgment* in favor of the Plaintiff and against Defendants, in accordance with the *Order and Opinion* of December 23, 2009. *Docket Item # 54*. As such, Plaintiff prevailed on the ultimate and most "significant issue" in the litigation, a factor required by *Hensley*, 461 U.S. at 433, to be considered a prevailing party.

3

The Court's Order certainly "changes the relationship" between Plaintiff and Defendants, as described in *Tex. State Teachers Ass'n*, 489 U.S. at 792, in that Defendants are now required to provide Plaintiff a reasonable accommodation of waiving their housing policy in regards to non-matriculating student and allow Plaintiff to live in on-campus housing. It is Defendants' refusal to provide the reasonable accommodation, and ultimately access to on-campus housing, which lead to this litigation. As a result of the Court's Order, Plaintiff is the prevailing party in this case. And hence, he is entitled to reasonable attorneys' fees. 29 U.S.C. § 794a (2)(b) and 42 U.S.C. §1988.

## B. "REASONABLE" ATTORNEYS' FEES

This Court, again in a previous decision, *Gratz,* 353 F. Supp. at 936, spells out the process for determining the reasonableness of an attorneys' fees award, relying upon *Hensley*.

> The starting point for calculating a reasonable attorneys' fees award "should be the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his [or her] court-ascertained reasonable hourly rate." *Adcock-Ladd,* 227 F.3d [343] at 349 (citing *Hensley,* 461 U.S. at 433, 103 S. Ct at 1939). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. The Supreme Court has instructed district courts to exclude fees that were not "reasonably expended," such as fees due to overstaffing or redundancy of work. *Id.* at 434, 103 S.Ct. at 1939.

Once the lodestar is determined, the Court is required to apply and consider a number of factors to determine the reasonableness of the fees being requested. The Supreme Court identified the following factors to be considered:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney

4

due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley,* 461 U.S. at 430 n. 3. *Cites omitted.*

In the case at bar, Plaintiff, as the prevailing party, should be awarded attorney fees. Plaintiff's counsel is seeking the sum of $176,841.43 in attorneys' fees. MPAS had a number of attorneys working on this case: Veena Rao, Joshua Kay, Gabrielle Frampton, and lead counsel, Chris Davis. In addition, the Legal Director, Mark Cody, supervised, participated and monitored progression of the case. Attached are affidavits from each of the attorneys, with the exception of Gabrielle Frampton who has left our agency. Mr. Cody's affidavit speaks to Ms. Frampton's qualifications and experience. *Exhibits A-F.*

As the Court can see from the affidavits, the attorneys at MPAS are highly specialized and skilled in the area of disability law. Combined, the attorneys have more than 50 years of legal experience devoted exclusively to the area of disability rights law. In addition to legal work, they have presented at trainings and conferences across the nation on disability related legal issues. All the attorneys have been involved in litigation activities in state and federal court. MPAS, as the State of Michigan's designated Protection and Advocacy System, is unique in its ability and skill at representing persons with disabilities. Examining what other attorneys charge on an hourly basis and given the experience and skill level of each attorney involved, the hourly rate being requested for each attorney is very reasonable. *See State Bar of Michigan 2007 Economics of Law Practice, Summary Report,* p.17-23, http://www.michbar.org/pmrc/articles/0000142.pdf. MPAS is requesting a rate of $250.00 an hour for attorneys Ms. Rao, Ms. Frampton and

5

Mr. Davis; $300.00 an hour for Mr. Cody; and $150.00 an hour for Mr. Kay. These rates are consistent with other recent decisions in the Eastern District. *Kramer v. Paul Rever Life Insurance,* 2009 WL 2849067, and *Grain v. Trinity Health,* 2009 WL 3270584. *Exhibits G, H.*

In preparing the billing hourly listings, MPAS made sure to remove duplicate time when attorneys consulted or worked together on particular projects in this case. The work on the five other claims which were dismissed was discounted heavily as well. Time spent preparing and filing the Motion to File Second Amended Complaint was removed, since Plaintiff did not ultimately prevail on the causes of action added in the Second Amended Complaint. MPAS also did not include many hours of work devoted by its support staff in providing back-up and assistance to the attorneys. The attorneys and staff at MPAS also excluded any hours that were related to media relations, even though there was significant interest in the case on the local and national level.

This case primarily involved the resolution of a civil rights issue where injunctive relief was a major component of the case and the damages claim was based entirely on violation of civil rights. It is doubtful and highly unlikely that attorneys from the private bar would have taken such a case. Additionally, it was also a very fact intensive case given the law requires a very specific analysis of the facts surrounding reasonable accommodation requests. Moreover, this is a case of first impression in Michigan, as well as in the country, since it involved a person with a disability requesting an accommodation of a university's housing program. This is a case of national significance given the number of individuals with intellectual disabilities participating and enrolling in colleges and universities around the country.

In order for timely relief to be obtained, Plaintiffs counsel had to accelerate the litigation process to seek injunctive relief through motions for summary judgment and the like. This is Plaintiff's last semester at Oakland University. If Plaintiff's counsel had not brought the relevant motions and prevailed, he would not have been able to live his dream of being part of on-campus housing just like his non-disabled peers.

The case required significant knowledge of disability related laws as well as knowledge of intellectual disabilities. The legal issues involved in this case required an understanding of the complexities of disability related civil rights that few attorneys outside of MPAS have. MPAS, though it is a non-profit, has a limited amount of attorneys, four in fact, and limited amount of funds and resources to provide services to persons with disabilities when their rights are violated. MPAS, in addition to providing legal representation to persons in individual cases, is required by federal protection and advocacy statutes to investigate allegations of abuse and neglect of persons with disabilities. Given its many responsibilities, time and resources diverted to this case required other existing case activities to be put on hold. Furthermore, this case took time and resources that could have been used to assist others who are also in need of our services. Despite MPAS' many attempts to resolve the issue amicably, the litigation continued.

MPAS can only recover attorney fees if it prevails in the lawsuit. Our services are free to our clients as mandated by the Developmental Disabilities Assistance and Bill of Rights Act of 2000, 42 U.S.C. § 15041 et seq. MPAS, as counsel for Plaintiff, would only get paid if the case is successful and if this Court awards attorneys' fees. That is, our recovery of attorney fees was contingent upon winning the lawsuit.

Given the hours of service provided, the complexity of the case, the experience of the attorneys involved, the contingent fee nature of the case, lack of private attorneys who might take such a case, having to put other MPAS activities on hold, national significance of the issues raised in this litigation, case of first impression, and the time constraints involved in the litigation, there is one and only one conclusion: the fees being requested by Plaintiff are reasonable under the *Hensley* test. 461 U.S. at 430. Plaintiff is the prevailing party given the judgment and relief he obtained in this litigation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests this honorable Court to

1. Enter an order granting attorney fees in the amount of $176.841.43.
2. Grant any further and additional relief as the Court deems just, equitable and reasonable under the circumstances.

Dated: January 20, 2010

Respectfully submitted,
s/Chris E. Davis
MICHIGAN PROTECTION &
ADVOCACY SERVICE, INC.
Attorney for Plaintiff
29200 Vassar Blvd., Suite 200
Livonia, MI 48152
(248) 473-2990
cdavis@mpas.org
P52159

s/Veena Rao
MICHIGAN PROTECTION &
ADVOCACY SERVICE, INC.
Attorney for Plaintiff
29200 Vassar Blvd., Suite 200
Livonia, MI 48152
(248) 473-2990
vrao@mpas.org
P52981

# CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2010, I electronically filed the foregoing Plaintiff's Motion for and Brief in Support of Reasonable Attorneys' Fees with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Robert A. Boonin.

s/Chris E. Davis
MICHIGAN PROTECTION &
ADVOCACY SERVICE, INC.
29200 Vassar Blvd., Suite 200
Livonia, MI 48152
248-473-2990
cdavis@mpas.org
P52159
