## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MICAH FIALKA-FELDMAN,**

Case Number 08-CV-14922

Plaintiff,                                    Hon. Patrick J. Duggan

v.

**OAKLAND UNIVERSITY BOARD
OF TRUSTEES, GARY D. RUSSI, MARY BETH
SNYDER,** and **LIONEL MATEN,** in their
official capacities,

Defendants.

_____/

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S MOTION FOR REASONABLE ATTORNEYS' FEES

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................i

ISSUE PRESENTED ...................................................................................................iii

TABLE OF AUTHORITIES .........................................................................................iv

INTRODUCTION .........................................................................................................1

BACKGROUND ...........................................................................................................1

ARGUMENT ................................................................................................................3

     I.     Plaintiff's Counsel's Claimed Billing Rates Are Unreasonably High. .....................3

     II.     Plaintiffs' Request For Fees Is Not Supported By Appropriate Billing Records...............................................................................................................4

          A.     Plaintiff's Records Do Not Support, and Indeed Contradict, Plaintiff's Claim of Reasonableness. .........................................................5

               1.     Nearly One-Half of Plaintiffs' Time Records Contain No Case-Specific Description of the Task Performed. .........................5

               2.     Where There is a Time Entry Note, Under Most Circumstances It is Too Vague or Incomplete to Support a Claim of Its Reasonableness. .........................................................7

     III.     Even If Plaintiff's Records Were Not Vague And Incomplete, The Majority Of Fees Sought Would Still Be Unreasonable. .....................................................7

          A.     Excessive Time on Internal Conferences Is Not Reasonable. .....................8

          B.     Plaintiff Is Not Entitled to Fees for Unnecessary Time Spent by Lawyers at Depositions..............................................................................8

          C.     Plaintiff Is Not Entitled to Fees For Unreasonable Travel Time. ................9

          D.     Fees Related to Chris Davis .....................................................................10

          E.     Fees Related to Attorney Mark Cody.......................................................11

          F.     Fees Related to Veena Rao ......................................................................12

G.    Fees Related to Attorney Joshua Kay......................................................13

H.    Fees Unreasonably Sought for Pre-Litigation Activities..........................14

IV.    Plaintiff Was Not a Prevailing Party for Purposes of His Motion for Preliminary Injunction, and Consequently, Is Not Entitled to Fees Associated with that Motion..............................................................................14

V.    Plaintiff's Fee Award Should Be Reduced Because He Had Limited Success on His Claims......................................................................................15

CONCLUSION...............................................................................................................17

# <u>ISSUE PRESENTED</u>

I.      Whether Plaintiff has failed to meet his burden to support the appropriateness and reasonableness of his request for attorneys' fees?

II.     Whether Plaintiff's request for attorneys' fees is unreasonable due to inflated billing rates considering the size and location of Plaintiff's counsel's practice, the experience level of counsel, and the fact that they bore no risk due to their being salaried employees of a non-profit state-funded agency?

III.    Whether Plaintiff's request for attorneys' fees relating to his unsuccessful motion for preliminary injunction and amending his complaint to add claims for which he was unsuccessful is unreasonable and should be disallowed?

IV.     Whether Plaintiff's request for attorneys' fees is unreasonable and should be at least partially disallowed since Plaintiff only partially prevailed on the one count that was not dismissed, in that damages and broader injunctive relief were not obtained?

V.      Whether Plaintiff's request for attorneys' fees relating to the extensive amount of time spent litigating pretext and other issues involved with his disparate treatment and disparate impact claims, on which he did not prevail, is unreasonable and should be disallowed?

VI.     Whether Plaintiff's request for attorneys' fees relating to time spent advising his client with respect to matters predating the initiation of his lawsuit are unreasonable and should be disallowed?

VII.    Whether Plaintiff's counsels' time records using template billing and task codes with no detail relating to the work performed, or vague entries describing the work but without sufficient detail to discern its purpose or activity, should be disregarded since they are inadequate to support his petition, as a matter of law, and therefore all fees claimed with respect to those entries should be disallowed?

VIII.   Whether Plaintiff's request for attorneys fees for such activities as undocumented and excessive travel, and performing low level and clerical tasks, engaging excessive research, monitoring public relations, conducting internal office meeting among attorneys, overstaffing depositions and hearings, and supervising skilled attorneys, are unreasonable and should be disallowed?

**Defendants answer "yes" to each of these questions.**

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Abner v. Kan. City S. Ry. Co.*,
541 F.3d 372 (5th Cir. 2008) ......................................................................... 6, 15

*Childress v. Williams,*
1999 US Dist. LEXIS 22982 (E.D. Mich. 1999) ........................... 3, 4, 5, 6, 8, 12

*E.E.O.C. v. E.J. Sacco*,
102 F. Supp. 2d 413 (E.D. Mich. 2000) ...................................................... 8, 12

*Gates v. Gomez,*
60 F.3d 525 (9th Cir. 1995) .............................................................................. 13

*Grendel's Den, Inc. v. Larkin*,
749 F.2d 945 (1st Cir. 1984) .............................................................................. 5

*H.J. Inc. v. Flygt Corp.*,
925 F.2d 257 (8th Cir. 1991) ................................................................. 7, 11, 12

*Hadix v. Johnson*,
65 F.3d 532 (6th Cir. 1995) ................................................................................ 3

*Hensley v. Eckerhart,*
461 U.S. 424 (1983) ...................................................................... 4, 14, 15, 16

*Hopwood v. Texas,*
999 F. Supp. 872 (W.D. Tex. 1998) .............................................................. 9, 13

*In re Samuel R. Pierce, Jr.*,
190 F.3d 586 (D.C. Cir. 1999) .................................................................... 7, 11

*Miller v. Woodharbor Molding & Millworks*,
174 F.3d 948 (8th Cir. 1999) ...................................................................... 7, 11

*New Life Ministries v. Charter Township of Mt. Morris*,
2006 U.S. Dist. LEXIS 74303 (Oct. 12, 2006 E.D. Mich.) ................................ 15

*The Fair Housing Council of Greater Washington v. Landow*,
999 F.2d 92 (4th Cir. 1993) ............................................................................. 16

*Trimper v. City of Norfolk*,
58 F.3d 68 (4th Cir. 1995) ................................................................................. 5

*Troy School District v. Boutsikaris*,
  317 F. Supp. 2d 788 (E.D. Mich. 2004) .............................................................3

*Webb v. Board of Education of Dyer County, Texas,*
  471 U.S. 234 (1985) ........................................................................................14

## Statutes

29 U.S.C. § 794a ..................................................................................................1

42 U.S.C. § 1988..............................................................................................3, 5

## INTRODUCTION

The right to attorneys' fees under Section 504 of the Rehabilitation Act is as follows: "[T]he court, *in its discretion*, *may* allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a (emphasis supplied). As stated in detail below, the Court will be well within its discretion to deny Plaintiff's fee request. The time spent by Plaintiff's counsel on the one count of Plaintiff's Complaint in which he achieved only limited success is undocumented, unreasonable and was billed at an inflated rate. The Motion should be denied.

## BACKGROUND

Plaintiff filed a Complaint on November 25, 2008 alleging the following: Count I, Violation of the Fair Housing Act, Denial of a Requested Reasonable Accommodation; Count II, Violation of the Fair Housing Act Discrimination, Disparate Impact; Count III Violation of Section 504 of the Rehabilitation Act of 1973, Discrimination; and Count IV Violation of Section 504 of the Rehabilitation Act of 1973, Denial of Reasonable Accommodation. Plaintiff filed a Motion for Preliminary Injunction and Expedited Consideration with respect to his FHA claims in Count I on December 15, 2008, which this Court denied on February 5, 2009.

On February 26, 2009, Plaintiff filed a Motion for Leave to File Amended Complaint-Adding Defendants, for the sole purpose of adding Gary D. Russi, Mary Beth Snyder and Lionel Maten as individual defendants sued in their official capacities. This Court granted in part and denied in part that Motion on April 20, 2009, allowing Plaintiff to file a First Amended Complaint adding President Russi, Vice President Snyder and Mr. Maten to Counts II and III only.

On May 5, 2009, Plaintiff filed a Motion for Leave to File Second Amended Complaint, which this Court granted, allowing Plaintiff to add Count II, Violation of the Fair Housing Act,

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

Disparate Treatment; Count III, Violation of Section 504 of the Rehabilitation Act of 1973, Disparate Treatment; Count V, Violation of the Americans with Disabilities Act-Title II, Disparate Treatment; and Count VI, Violation of Section 504 of the Rehabilitation Act, Disparate Impact.

The parties concluded discovery and on November 13 and November 16, 2009, Defendants and Plaintiff, respectively, filed Motions for Summary Judgment. On December 23, 2009, this Court issued its Opinion and Order dismissing Counts I, II, III, V and VI of Plaintiff's Second Amended Complaint with prejudice, but granting Plaintiff the injunctive relief sought in Count IV of his Second Amended Complaint, permitting Plaintiff to live in the Oakland University dormitories for one semester. Plaintiff subsequently filed a Bill of Costs and Motion for Reasonable Attorneys Fees.

Plaintiff is represented by a public interest agency funded by the State of Michigan. Accordingly, all of its attorneys are salaried and bear no risk with respect to the outcome of this case.

As will be demonstrated below, Plaintiff is not entitled to the exorbitant $176,841.43 of attorneys' fees sought in his motion. First, the attorney hourly rates that Plaintiff seeks are inflated. Second, the majority of the fees sought in the motion are not supported by sufficiently descriptive time entries to justify the reasonableness of the fees. Third, many of the requested fees are duplicative, unnecessary or were for tasks performed by a more senior lawyer instead of an associate, paralegal or even secretary, as would have been appropriate. Fourth, a significant amount of the requested fees are associated with Plaintiff's Motion for Preliminary Injunction, on which he was not the prevailing party. Consequently he is not entitled to a recovery of those fees. And finally, Plaintiff's counsel made no effort to allocate

BUTZEL LONG, ATTORNEYS & COUNSELORS, A PROFESSIONAL CORPORATION

the fees incurred to any of Plaintiff's distinct claims, making it difficult for this Court to determine the reasonableness of the fees incurred, especially when Plaintiff was ultimately unsuccessful on five out of the six claims he brought.

In light of the above, Defendants request that this Court deny Plaintiff's motion for fees in its entirety. In the alternative, Defendants request that this Court significantly reduce any award by the amounts that Plaintiff has not demonstrated are reasonable.

## ARGUMENT

I. **Plaintiff's Counsel's Claimed Billing Rates Are Unreasonably High.**

As this Court observed in *Childress v. Williams,* 1999 US Dist. LEXIS 22982 (E.D. Mich. 1999) (copy attached as Exhibit 1) *rev'd on other grounds Hudson v Coleman*, 347 F.3d 138 (6th Cir. 2003), "[a] reasonable rate is one that is the prevailing rate in the forum market, for a civil rights attorney of comparable skill and experience to that of the attorney making the fee motions." The Sixth Circuit has summarized the controlling standard this way: "Attorney fees under § 1988 are to be based on market rates for the services rendered . . . . Ordinarily, courts look to '[rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995). Furthermore, as the court noted in *Hadix*, "Section 1988 does not guarantee civil rights plaintiffs the best counsel in the country; it guarantees them competent counsel." *See Troy School District v. Boutsikaris*, 317 F. Supp. 2d 788 (E.D. Mich. 2004) (rejecting a request for rates ranging from $220 to $300 and finding instead that $150 is a reasonable hourly rate for a prevailing party in an IDEA case in Michigan).

Applying these standards, the hourly rates that Plaintiff's counsel claims are inflated. According to the *2007 State Bar of Michigan: 2007 Economics of Law Practice in Michiga*n

Survey (Exhibit 2, pp. 18, 20 and 23), the median hourly rate for an attorney with Chris Davis, Mark Cody and Veena Rao's levels of experience is approximately $200, yet for a case commencing only a year later they are billing their services at rates of $250, $300 and $250 per hour, respectively. Under the same survey, the median hourly rate for an attorney with Gabrielle Frampton's experience is approximately $175, yet she billed her services at $250 per hour. *Id.*

Considering the above State Bar of Michigan survey, it is apparent that Plaintiff's counsel's billing rates are inflated. Consequently, this Court should reduce any award given to Plaintiff by the following:

| Attorney | Fee Charged | Appropriate Fee | % Reduction of Fee Award |
|----------|-------------|-----------------|--------------------------|
| Cody | $300 | $200 | 33% |
| Davis | $250 | $200 | 25% |
| Rao | $250 | $200 | 25% |
| Frampton | $250 | $175 | 30% |

## II. Plaintiffs' Request For Fees Is Not Supported By Appropriate Billing Records.

Relying on *Hensley v. Eckerhart*, 461 U.S. 424 (1983), courts generally employ the lodestar calculation – the hours reasonably expended multiplied by a reasonable hourly rate – as a "useful starting point" for determining a fee award. *Hensley*, 461 U.S. at 433.

In *Hensley*, the Supreme Court held "the fee applicant bears the burden of . . . documenting the appropriate hours expended." *Hensley*, 461 U.S. at 436. In *Childress*, *supra*, this Court recognized the duty of a fee applicant to document those hours through "contemporaneous and meticulous billing records." Plaintiff has failed to provide records that

even approach this standard and have failed to prove the reasonableness of his requested fees. To the contrary, the fees requested by Plaintiff are demonstrably unreasonable.

> **A.** **Plaintiff's Records Do Not Support, and Indeed Contradict, Plaintiff's Claim of Reasonableness.**

As this Court recognized in *Childress*, *supra*, "the attorney fees provision of 42 U.S.C. § 1988 was put in place to aid the civil rights plaintiff; it was 'not designed as a form of economic relief to improve the financial lot of attorneys, nor [was it] intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client.'" An application for fees must therefore comply with a scrupulous standard of reasonableness; the applicant is under a duty to minimize its fees, *see Trimper v. City of Norfolk*, 58 F.3d 68, 76 (4th Cir. 1995); an applicant must exclude from a fee request hours that are excessive, redundant, or unnecessary, *id.* at 74; "[t]he attorney's account of the value of the legal services and the amount of time spent must be scrutinized with care," *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir. 1984); and, as this Court noted in *Childress*, the applicant must support the request with "meticulous" records. Plaintiff's application does not even approach this standard.

> **1.** **Nearly One-Half of Plaintiffs' Time Records Contain No Case-Specific Description of the Task Performed.**

Plaintiff's Time/Billable Hours Data Report contains the following information in database form: Date, MPAS Staff, Job Title, Action/Service, Time Entry Note, Time Amount in Hours, Employee Billable Hourly Rate, Time in Hours x Employee Billable Hourly Rate, Discount, Total Billable Amount. The field "Action/Service" is populated by standardized billing codes that provide no case-specific information about the task performed; i.e., Meeting-Consultation with Other MPAS Staff (One-to-One, Small Groups); Legal-Writing Brief,

Amicus, Other Legal Documents; Documentation-Service Request & Client Notes, etc. While there is a field, "Time Entry Note," available for the timekeeper to include a case-specific description of the task performed, Plaintiff's counsel frequently ignored it altogether.

Using the time records of the lead attorney in this case, Chris Davis, as a prime and egregious example, of Mr. Davis' 577 time entries supporting his claimed $145,537.50 in fees, only 253, or less than one-half, contain a "Time Entry Note" with a minimal (and in most cases, still insufficient) case-specific explanation for the charge. Similarly, of Gabrielle Frampton's 73 time entries, only 31 contain a "Time Entry Note" with a case-specific explanation of the charge. Indeed, Plaintiff is seeking fees in the amount of **$69,787.50**, for **331.70 hours**, where there is **absolutely no case-specific description** about the service performed. *See* Exhibit 3 for a list of the fees to which Defendants object due to the lack of any case-specific information in the "Time Entry Note" field.

Plaintiff's failure to describe the tasks performed as they specifically relate to the case at issue makes it impossible for this Court to determine whether nearly one-half of the time entries for the attorneys who performed the lion's share of work on this case are reasonable. These are certainly not the type of "meticulous records" that this Court in *Childress, supra,* held were necessary to support the reasonableness of a fee award.

Accordingly, Defendants request that this Court reduce any fee award to Plaintiff by, at a minimum, $69,787.50, for those 331.70 hours -- the amount of all fees for which Plaintiff has not provided a case-specific description. *See Abner v. Kan. City S. Ry. Co.*, 541 F.3d 372, 383 (5th Cir. 2008) (affirming district court decision to deduct from fee award expenses that were "unreasonable" because the descriptions of the work performed were too vague).

### 2. Where There is a Time Entry Note, Under Most Circumstances It is Too Vague or Incomplete to Support a Claim of Its Reasonableness.

On occasion, Plaintiff's counsel did include case-specific information about the task performed in the Time Entry Notes. Most of this information is so vague and abbreviated that it gives little or no information to support the reasonableness of the task performed.

Consider, for example, the following from the records of Chris Davis' time: "affidavits" (12/08/08); "w/ Gabrielle" (07/01/09); "discovery rules" (01/27/09); "E-mail Gabel" (11/10/09); "M Peterson" (11/09/09). *See* Exhibit 4 for a list of all time entries to which Defendants object on the basis of an insufficient Time Entry Note description.

Such entries do not demonstrate the reasonableness of the activity undertaken, let alone the reasonableness of the time spent on it, and support this Court's exercising its discretion to substantially reduce or deny the fee request. *See H.J. Inc. v. Flygt Corp.*, 925 F.2d 257 (8th Cir. 1991) (upholding a reduction of the lodestar because of numerous vague entries such as "legal research," "trial prep," and "met w/ client"); *see also In re Samuel R. Pierce, Jr.*, 190 F.3d 586 (D.C. Cir. 1999) (reducing the lodestar because billing records included generalized descriptions such as "various calls" or "review of materials"), *Miller v. Woodharbor Molding & Millworks*, 174 F.3d 948 (8th Cir. 1999) (noting that generalized billing hinders the court's ability to conduct a meaningful review of the fee application). Accordingly, any fee awarded to Plaintiff should be reduced by **$78,325.00** for **325.90 hours**.

### III. Even If Plaintiff's Records Were Not Vague And Incomplete, The Majority Of Fees Sought Would Still Be Unreasonable.

This Court could deny a total of $148,112.50 in fees (for 657.60 hours) for the reason that Plaintiff's counsel either failed to provide any time record describing a case-specific task associated with a time record or because of vague and incomplete time records. However,

even if Plaintiff's counsel's time records were complete, there are additional grounds for denying many of the requested fees.[1]

### A. Excessive Time on Internal Conferences Is Not Reasonable.

An overwhelming number of time entries of all four lawyers working on this case have the Action/Service code: "Meeting-Consultation with Other MPAS Staff (One-on-One, Small Groups)" or the like; in fact, there are a total of 116 entries totaling fees in the amount of **$14,722.18** for **61.43 hours** of internal meetings at MPAS. *See* Exhibit 5 for time entries for internal MPAS meetings to which Defendants object. In *Childress, supra,* this Court cited "attorneys conferring with each other" as an example of "an unnecessary expenditure of time."[2] Consequently, Defendants request that this Court reduce any fee award by $14,722.18 for the fees associated with 61.43 hours of internal conferencing at MPAS.

### B. Plaintiff Is Not Entitled to Fees for Unnecessary Time Spent by Lawyers at Depositions

This Court has held that time billed by staff other than the essential participating lawyer at a deposition is unreasonable and not recoverable. *See E.E.O.C. v. E.J. Sacco*, 102 F. Supp. 2d 413, 420-21 (E.D. Mich. 2000); *Sykes v. Anderson*, 2008 U.S. Dist. LEXIS 110347 (E.D. Mich. Oct. 31, 2008) (case attached as Exhibit 6). Here, Chris Davis was the lead counsel on all depositions in this case. Nonetheless, Plaintiff is seeking a fee recovery of $6,357.83 for 25.49 hours spent by other lawyers attending, but not participating in, the depositions. *See* Exhibit 7 for a list of time entries to which Defendants object due to excessive coverage at a

---

[1] Some of the fees described in the following sections are duplicative of the fees to which Defendants objected on the basis of the grounds set forth on Exhibits 3 and 4. In other words, many of the fees can be denied on multiple grounds.

[2] Nor do these office conference entries even display the limited virtue of consistency. For example, on 12/23/08 Ms. Frampton recorded an entry stating that she conferred with Mr.

BUTZEL LONG, ATTORNEYS & COUNSELORS, A PROFESSIONAL CORPORATION

deposition. Consequently, Defendants request that this court reduce any fee award by **$6,357.83,** for **25.49 hours.**

### C. Plaintiff Is Not Entitled to Fees For Unreasonable Travel Time.

Plaintiff seeks recovery of certain travel time that is clearly unreasonable. First, Plaintiff is seeking to recover fees associated with travel time for Gabrielle Frampton. Ms. Frampton records in her time entries that she travelled on six dates, yet not a single time entry identifies to where Ms. Frampton is travelling or for what purpose. *See* Exhibit 8 for a chart listing the dates of Ms. Frampton's travel time entries and fee associated with each.

Further troubling is the fact that although Ms. Frampton recorded three hours of travel time on both 01/07/09 and 06/23/09, there are no corresponding time entries for any actual legal work performed on either of those dates. Significantly, this case was exclusively litigated in Oakland and Wayne Counties, and so it is difficult to conceive why so many three hour trips were incurred. As it relates to her travel on 05/28/09, 06/30/09, 07/17/09, and 08/06/09, Ms. Frampton does include corresponding entries for legal work performed on those dates, but none of that work suggests that she had to travel anywhere other than to her place of employment to perform it. It is not reasonable for Ms. Frampton to claim attorneys' fees for her commute time. All of Ms. Frampton's **17 hours** travel time should be deducted from any fee award; that deduction totals **$4,250.00**.

As it relates to the fees associated with the travel time of Chris Davis, in *Hopwood v. Texas,* 999 F. Supp. 872 (W.D. Tex. 1998), the District Court condemned the practice of awarding the full amount of fees associated with travel time, and cut fees attributable to travel in half. *See Hopwood*, 999 F. Supp at 914. In this case, that would reduce any fee award by

Davis, but Mr. Davis did not record an entry suggesting that he conferred with Ms. Frampton.

BUTZEL LONG, ATTORNEYS & COUNSELORS, A PROFESSIONAL CORPORATION

**$2,550.00 (10.45 hours),** or ½ of the total fees claimed for Mr. Davis' travel time. *See* Exhibit 9 for a chart listing the dates of Mr. Davis' travel time entries and fee associated with each.

####    D.    Fees Related to Chris Davis

Mr. Davis' time amounts for $145,537.50 of the $176,841.43 sought by Plaintiff. Mr. Davis' time is, by far, the most poorly recorded and kept. As set forth in Exhibit 3, of his 577 time entries, only 253, or less than one-half, contain a "Time Entry Note" with a case-specific explanation for the charge. Furthermore, as set forth in Exhibit 4, much of Mr. Davis' time is not supported by a sufficiently clear Time/Entry Note describing the work performed. For these reasons alone, a substantial portion of Mr. Davis' fees should be denied.

Nonetheless, there are other grounds for denying the request for Mr. Davis' fees. For instance, even though Mr. Davis was supported by two associates billing at $150 per hour, he still spent 68.60 hours of his claimed time performing, charging fees of $13,200, "Legal-Research (e.g. Westlaw, Lexis) at a rate of $250 per hour. *See* Exhibit 10 for a chart of the time entries to which Defendants object relating to Mr. Davis Lexis and Westlaw research charges. This fee request is unreasonable in light of the fact that Mr. Davis had less expensive attorneys at his disposal who could certainly have performed this work. Further, over 68 hours is clearly excessive since the case law utilized in this matter was well established and the same cases were used in virtually all briefings submitted to this Court from the outset of this matter. As a result, Mr. Davis' fees should be reduced by **$13,200,** for **68.60 hours.**

Similarly, Mr. Davis is seeking recovery of $5,650 worth of fees for 24.60 hours of his time spent "Filing, Faxing, File/Records Organizing," despite the fact that he has two associates and no doubt a clerical employee who could perform these tasks at a substantially

---

Indeed, Mr. Davis did not even submit an entry indicating he was in the office that day.

reduced rate, if not for free. *See* Exhibit 11 for a chart of the time entries to which Defendants object relating to Mr. Davis "Filing, Faxing, File/Records Organizing" charges. It is not reasonable for Mr. Davis to seek recovery of fees for performing administrative and clerical tasks. Consequently, Mr. Davis' fees should be reduced by **$5,650** for **24.60 hours.**

Mr. Davis is also seeking recovery for fees he incurred attending public meetings of Oakland University's Board of Trustee meetings. Mr. Davis' attendance at these meetings was not an expense incurred for the purposes of litigating these claims. While he may have been curious about these meetings, there was certainly no basis for attending them that related to this lawsuit. Indeed, Plaintiff has not produced any evidence that the agendas of these meetings included topics related to his lawsuit. Consequently, Mr. Davis' fees for the **8 hours** he claims for attending the Board of Trustees meetings are not recoverable, and the fee amount should be reduced by **$2,000**. *See* Exhibit 12 for a chart of the time entries to which Defendants object relating to Mr. Davis attendance at Board of Trustee Meetings.

**E.      Fees Related to Attorney Mark Cody**

Plaintiff is seeking $6,900 in fees for an attorney named Mark Cody, whose time is billed at $300 per hour. Mr. Cody did not file an appearance in this lawsuit until just a few days before the oral argument on the motions for summary judgment in December 2009; he did not take a single deposition or argue a single motion, and he had no substantive contact with Defendants' counsel. Nonetheless, Plaintiff claims the following as "reasonable" fees for Mr. Cody:

- $725 for seven time entries described vaguely as "Case Review." (1/13/08, 12/02/08, 1/29/09, 3/24/09, 5/4/09, 7/20/09, 11/25/09, 12/28/09) These fees should be deducted because there is inadequate documentation to support that they were reasonably incurred. *See H.J. Inc., supra*; *In re Samuel R. Pierce, Jr.*, 190 F.3d 586 (D.C. Cir. 1999); *Miller v. Woodharbor Molding & Millworks*, 174 F.3d 948 (8th Cir. 1999).

BUTZEL LONG, ATTORNEYS & COUNSELORS, A PROFESSIONAL CORPORATION

- $1,350 for six internal office conferences with MPAS staff, including conferences and emails to discuss media issues (11/26/08, 4/23/0910/09/09, 12/7/09, 12/28/09, 1/4/10). These fees should be deducted as unnecessary office conferences. *Childress, supra.*

- $825 for four telephone calls and meetings with "outside parties related to Client's issues." (11/26/08, 3/2/09, 12/7/09, 1/4/10) None of these entries explain the purpose of the contact with these "outside parties" or how these contacts in any way related to the litigation. These fees should be deducted because there is inadequate documentation to support that they were reasonably incurred. *H.J. Inc., supra*; *In re Samuel R. Pierce, Jr.*, supra; *Miller, supra.*

- $ 375 to attend District Court hearing. Mr. Cody did not participate in the hearing. This fee should be deducted because Mr. Cody was not the essential lawyer participating at the hearing. *See E.E.O.C. v. E.J. Sacco*, *supra; Sykes, supra.*

Mr. Cody's fees are unreasonable, and Plaintiff should not be compensated for them. Plaintiff's lead counsel on this case was Chris Davis. By all accounts – including the statements in his own affidavit – he was more than qualified to take the lead in this case. Mr. Davis did the lion's share of the work, took and defended every deposition, and argued every court hearing. There was absolutely no need to have Mr. Cody, a more expensive lawyer than Mr. Davis, working behind the scenes on this case and accompanying Mr. Davis to depositions and court hearings. This is especially true where Mr. Davis also had three other attorneys working on the case with him. Mr. Cody's fees of **$6,900** for **26.49 hours** should be denied since they are unreasonable, excessive and incurred unnecessarily. *See* Exhibit 13 for a chart listing the time entries regarding Mr. Cody to which Defendants object and the fee associated with each.

### F. Fees Related to Veena Rao

Mr. Davis was not only assisted by Ms. Frampton and Mr. Cody on this case, he was also assisted by a third lawyer, Veena Rao. Ms. Rao billed $83.33 to "Review news stories

BUTZEL LONG, ATTORNEYS & COUNSELORS, A PROFESSIONAL CORPORATION

and articles re: decision, options programs." (01/04/10) Courts have held that fees related to public and media relations efforts are not recoverable. *See Hopwood*, 999 F. Supp. at 913 ("the public relations efforts in this case clearly relate to the divisive political – as opposed to legal – issue of affirmative action"); *see also Gates v. Gomez*, 60 F.3d 525, 535 (9th Cir. 1995) (holding that the district court abused its discretion in awarding plaintiff's attorney fees for attending a conference and for "media contact," noting that "these are the kinds of activities that attorneys generally do at their own expense"). Plaintiff ignores this authority and cites no authority to the contrary.

Ms. Rao apparently replaced Ms. Frampton as counsel assisting Mr. Davis on this case. To that end, she is billing $41.67 to file papers withdrawing Ms. Frampton as counsel (12/08/09) and also $166.67 getting herself familiarized with the case by filing an appearance (10/05/09) and reviewing documents in the matter (10/07/09). It is not reasonable to claim fees necessary to replace Ms. Frampton. These are internal administrative matters.

A portion of Ms. Rao's fees do not meet the reasonableness test. *See* Exhibit 14 for a chart listing the entries for fee associated with Ms. Rao to which Defendants' object. Consequently, any fee award should be reduced by **$291.67** for the **1.17 hours** billed by Ms. Rao.

### G.    Fees Related to Attorney Joshua Kay

While Joshua Kay's Time Entry Notes appear more complete than the other attorneys seeking fees by actually describing the services he performed to a certain extent, it appears from most of these notes that Mr. Kay's services on this case were strictly duplicative and the 10.04 hours and $1,506 of fees incurred by Mr. Kay's participation were mostly for Kay's training and education. For instance, Kay billed $75 to observe a court hearing. (06/16/09).

BUTZEL LONG, ATTORNEYS & COUNSELORS, A PROFESSIONAL CORPORATION

He billed $150 to "Copied DVD for discovery purposes." (09/04/09); and he billed $363 to "read all briefs etc. in preparation for Chris Davis moot court." (01/06/09) The remainder of Mr. Kay's time is described principally as discussions related to strategy. None of Kay's time rises to the level of a recoverable fee, and the award should be reduced by the amount of his hours and fees claimed, i.e., **10.40 hours** and **$1,506.** *See* Exhibit 15 for a chart listing the entries for fee associated with Mr. Kay to which Defendants object.

### H. Fees Unreasonably Sought for Pre-Litigation Activities

Plaintiff's petition includes 58.13 hours, or $14,550, for time which preceded the filing of the Complaint. *See* Exhibit 16 for a chart listing pre-litigation fees to which Defendants object. This request is improper. Only time relating to an "action or proceeding" under Section 504 are payable. *See, e.g., Webb v. Board of Education of Dyer County, Texas,* 471 U.S. 234 (1985). Early meetings with Plaintiff and his parents and his requests for accommodations are not activities for which fees are awardable. *Id.* They not only predate the filing of the Complaint, they predate the precursors of the Complaint. Therefore, this time should be disallowed and any fee awarded should be reduced by **$14, 550** for **58.13 hours**.

### IV. Plaintiff Was Not a Prevailing Party for Purposes of His Motion for Preliminary Injunction, and Consequently, Is Not Entitled to Fees Associated with that Motion.

In *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) the United States Supreme Court held that "the fee applicant bears the burden of establishing entitlement to an award." As a threshold matter Plaintiff must therefore establish that he qualifies as a "prevailing party" within the meaning of § 1988. While Plaintiff is arguably *currently* a prevailing party on Count IV of his Second Amended Complaint (Defendants' have appealed the Opinion and Order granting Plaintiff injunctive relief), he was not a prevailing party on his Motion for Preliminary Injunction filed on December 15, 2008 and premised on a count which was ultimately

dismissed.  Consequently, he is not entitled to an award of any attorneys' fees associated with that Motion.  *New Life Ministries v. Charter Township of Mt. Morris*, 2006 U.S. Dist. LEXIS 74303 (Oct. 12, 2006 E.D. Mich.) (case attached as Exhibit 17); *Abner v. Kan. City S. Ry. Co.*, 541 F.3d 372, 383 (5th Cir. 2008).

In light of the fact that it is nearly impossible to discern from the majority of Plaintiff's counsels' time entries exactly what specific services were performed on a given date, it can be reasonably assumed that the majority of the time billed between the time that Plaintiff filed the Complaint on November 25, 2008 and the date of the preliminary injunction hearing on January 13, 2009 was incurred as a result of the Motion for Preliminary Injunction.  That time is summarized in Exhibit 18.

Since Plaintiff was not the prevailing party for purposes of his Motion for Preliminary Injunction, he is not entitled to an award of fees for work performed in conjunction with that Motion.  As a result, any award of fees to Plaintiff should be reduced by **$21,751** for **87.64 hours**, or fees and hours close thereto.[3]

## V.      Plaintiff's Fee Award Should Be Reduced Because He Had Limited Success on His Claims.

The Supreme Court in *Hensley, supra*, held  as follows:

> If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.  This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith . . . . *[T]he most critical factor is the degree of success obtained.* (Emphasis added)

*          *          *          *          *

_____

[3] 7.5 hours of Mr. Davis' time during that time period and 4.3 hours of Ms. Frampton's time may be attributable to activities not related to the Motion for Preliminary Injunction.  If the Court agrees that this is the case, the amount above would be reduced by $2,950.

BUTZEL LONG, ATTORNEYS & COUNSELORS, A PROFESSIONAL CORPORATION

> The district court may attempt to identify specific hours that
> should be eliminated, or it may simply reduce the award to
> account for the limited success.

*Id.* at 436. A plaintiff who achieves only limited success may thus recover only limited fees. To that end, a lawyer representing a party with multiple claims has a duty to "make every effort to submit time records which specifically allocate the time spent on each claim." *The Fair Housing Council of Greater Washington v. Landow*, 999 F.2d 92 (4th Cir. 1993).

Plaintiff did not prevail in his widely trumpeted goal of opening the doors of Oakland University's dormitories to any disabled "student" unable to qualify for regular admission to the University as a result of his or her disability. Instead, Plaintiff prevailed in his individual dream of living in the dorms, as this Court made clear in its Opinion and Order that its decision related solely to Plaintiff. *Opinion and Order* (December 23, 2009) at pp. 18 and 23. As to the Count on which he prevailed, he did not achieve all relief prayed for. While he did obtain an injunction, he failed in his effort to obtain compensatory and punitive damages.

Furthermore, five of the six counts Plaintiff filed did not survive summary judgment, including all of Plaintiff's claims regarding disparate impact and disparate treatment discrimination. Significantly, most of the efforts in discovery and even briefing before this Court were devoted to the claims on which he did not prevail, i.e., the claims of disparate treatment and disparate impact. As this Court may recall, Plaintiff desperately sought to prove that intentional discrimination occurred and that Defendants' denial of Plaintiff's housing application was a pretext for discrimination. This Court specifically held that such was not the case, and that instead the University was acting in a manner consistent with its long-standing policies. The accommodation issue on which Plaintiff ultimately prevailed entailed little discovery time or even factual disputes.

BUTZEL LONG, ATTORNEYS & COUNSELLORS, A PROFESSIONAL CORPORATION

Thus, this Court can and should exercise its discretion by awarding Plaintiff limited fees associated with his limited success in this case, including the time spent researching and amending the original Complaint since the Count on which he prevailed was in the original complaint. The problem is that Plaintiff's counsel made no effort to keep time records that made any allocation to the time spent on each claim. His failure to do so should bar his recovery of any fees, since this Court has been presented with no evidence upon which it could eliminate time spent on unsuccessful claims.

## CONCLUSION

This case, while pled as a six count action, boiled down to a one count action – a count which was in Plaintiff's original Complaint and on which Plaintiff could not meet the standard for the award of a Preliminary Injunction. All time expended briefing and researching the amendments to the Complaint, the Motion for Preliminary Injunction, the unsuccessful counts, was unnecessary. All time traveling, attending meetings, doing administrative work, is also not reimbursable. Plaintiff also should not be rewarded for only being partially successful on his remaining claim. What is left are counsel's labors for attending six partial-day depositions (three per side) and drafting briefs relating to the cross-motions for summary judgment. For this single count, regarding a single plaintiff, for a case that never reached trial, Plaintiff's request for more than $176,000 is, in a word, exorbitant.

The unreasonableness of Plaintiff's request is even more clear when the following math is applied, based on the figures provided above. For instance, when the hours claimed are reduced merely on the basis of appropriate documentation, i.e., 657.60 hours, the approximate $178,800 claim quickly drops to approximately $30,700. This amount could be further reduced by some of the other time objected to above, but which is difficult to do in order to

BUTZEL LONG, ATTORNEYS & COUNSELORS, A PROFESSIONAL CORPORATION

BUTZEL LONG, ATTORNEYS & COUNSELLORS, A PROFESSIONAL CORPORATION

avoid double counting. If only $5,000 of that other time is factored into as also being unreasonable, then the amount claimed becomes closer to $26,000. If the remaining amount is reduced by a factor of two-thirds due to Plaintiff's lack of success on all claims (which is based on generously lumping the claims into three categories – FHA Claims, ADA Claims and 504 Claims, and then recognizing that Plaintiff was, at best, only partially successful on one-third of his claims), then Plaintiff's claim (at the claimed billing rates) is closer to $8,700. When the market billing rate of $200 is applied to all of these hours, Plaintiff's claim becomes more appropriately $7,100.

Plaintiff has woefully failed to meet his burden to support his petition. The Court should therefore exercise its discretion to deny it or modify it to a more reasonable *and* appropriate figure given what Plaintiff can appropriately document as reasonable (which he has significantly not done) and what was appropriate to litigate the count on which he partially prevailed.

Respectfully submitted,

**BUTZEL LONG, a professional corporation**

By: /s/ Robert A. Boonin
Robert A. Boonin (P38172)
Regan K. Dahle (P53975)
350 South Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 995-3110
boonin@butzel.com
dahle@butzel.com
**Attorneys for Defendants**

Dated: February 3, 2010

## Certificate of Service

I hereby certify that on February 3, 2010, I electronically filed the foregoing paper, Notice of Appeal, with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

Respectfully submitted,

**BUTZEL LONG, a professional corporation**

By:  /s/ Robert A. Boonin
Robert A. Boonin (P38172)
Regan K. Dahle (P53975)
350 South Main Street, Suite 300
Ann Arbor, Michigan  48104
(734) 995-3110
boonin@butzel.com
dahle@butzel.com
**Attorneys for Defendants**