# EXHIBIT 1



LEXSEE 1999 U.S. DIST. LEXIS 22982

**SHARON CHILDRESS, Plaintiff, v. DAVID WILLIAMS, Defendant.**

**CASE NO.: 97-CV-72335-DT**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

**1999 U.S. Dist. LEXIS 22982**

**October 28, 1999, Decided**
**October 28, 1999, Filed**

**PRIOR HISTORY:** Childress v. Williams, 1999 U.S. Dist. LEXIS 22983 (E.D. Mich., July 12, 1999)

**DISPOSITION:** [*1] Motions for attorney fees filed by attorneys Raheem, Eickemeyer, McNeil, and Reide, granted in the amounts recommended by the magistrate judge.

**COUNSEL:** For SHARON CHILDRESS, plaintiff: William A. McNeil.

For SHARON CHILDRESS, plaintiff: Antoinette R. Raheem, Antoinette R. Raheem Assoc., Southfield, MI.

For SHARON CHILDRESS, plaintiff: Jerome L. Reide, Detroit, MI.

For SHARON CHILDRESS, plaintiff: Rachel K. Eickemeyer, West Bloomfield, MI.

For DAVID WILLIAMS, defendant: Frederick L. Schmoll, III, Michael W. Edmunds, Gault, Davison, Flint, MI.

For DAVID WILLIAMS, defendant: Marcia L. Howe, Johnson, Rosati, Farmington Hills, MI.

For FLINT, CITY OF, defendant: Karen L. Folks.

For FLINT, CITY OF, defendant: Patrick L. Rose, Lansing, MI.

For FLINT, CITY OF, garnishee: Patrick L. Rose, Lansing, MI.

For FLINT, CITY OF, garnishee: Loyst Fletcher, Jr., Fletcher, Wolf, Flint, MI.

**JUDGES:** PATRICK J. DUGGAN, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** PATRICK J. DUGGAN

**OPINION**

This matter is before the Court on four separate motions for attorney fees filed by various attorneys for plaintiff. [1] The Court referred these matters to Magistrate Judge Donald A.

Scheer. [*2] On July 12, 1999, Magistrate Judge Scheer issued a report and recommendation ("R&R"), recommending that this Court grant all four motions, but reduce the amount to be awarded from that requested by counsel. Objections to this recommendation were filed. Therefore, this Court reviews *de novo* those portions of the R&R that the attorneys find objectionable. *See* 28 U.S.C. § 636(b)(1)(C); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

> 1    The Court received motions from Antoinette R. Raheem, Esq., Rachel K. Eickemeyer, Esq., William A. McNeil, Esq., and Jerome L. Reide, Esq.

## Attorney Reide's Objections

Attorney Jerome L. Reide objects that "the award of compensatory and punitive damages call for a finding of fact and conclusion of law that there was an abuse of discretion here." (Reide's Obj. to R&R at 6). In support of his objection attorney Reide states, *in toto*:

> Following the reasoning in *Loggins v Delo (1994, CA8 Mo) 999 F.2d 364* [*3] , [sic] the Report and Recommendation constitute [sic] an abuse of discretion under *42 USCS § 1988*, Sec. 153 [sic]. In Loggins, the District court did not abuse its discretion in reducing fee award from $ 34,000 to $ 25,000 where plaintiff failed to obtain amount of actual damages requested and also failed to obtain punitive damages, and court also considered adequacy of compensation to counsel and public benefit of litigation.

(*Id.*). The Court is at a loss to construe the precise nature of attorney Reide's objection based on the foregoing. Further, the Court is unable to discern from attorney Reide's "objection," the purported error of the magistrate judge. Accordingly, attorney Reide's objection is rejected.

Attorney Reide further objects that "the unambiguous victory here does not merit the imposition of the negative multiplier." (*Id.*). In fact, attorney Reide argues that the lodestar should be increased. [2] Reide believes the lodestar should be increased because he entered into a contingent fee agreement with plaintiff. However, a contingent fee agreement may not serve as a basis for the enhancement of the lodestar. *City of Burlington v. Dague*, 505 U.S. 557, 567, 112 S. Ct. 2638, 2643-44, 120 L. Ed. 2d 449 (1992). [*4]

> 2    The "lodestar calculation" is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983)).

Reide also complains that the lodestar should have been increased due to the "document intensity" of the case. [3] However, the perceived "complexity" of an issue is not "an appropriate factor in determining whether to increase the basic fee award." *Blum v. Stenson*, 465 U.S. 886, 898-99, 104 S. Ct. 1541, 1549, 79 L. Ed. 2d 891 (1984). Accordingly, attorney Reide's objection fails.

> 3    The Court declines attorney Reide's invitation for *in camera* review of the entire file in the case *sub judice*. The Court notes that the file is a matter of public record.

[*5]    Lastly, attorney Reide objects that the magistrate judge failed to accord weight to his supplemental motion that, "details the purpose of conferences with co-counsel contrary to the Report and Recommendation." (*Id.* at 8). However, attorney Reide fails to recognize that

his supplement suffers from the same deficiency as his original motion -- it employs block billing. His supplement fails in its duty to provide the Court with contemporaneous and meticulous billing records. *See Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 952 (1st Cir. 1984); *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983). Attorney Reide has failed to meets his obligation, and his objection is therefore unavailing.

## Attorney McNeil's Objections

Attorney William A. McNeil asserts that the "Magistrate failured [sic] to consider the impact on the attorney's practice." (McNeil's Obj. to R&R at 5). McNeil attests that after he was recruited to join the Childress litigation team, he "spent very little time in his single man practice." (*Id.* at 6). McNeil cites the Court to *Tasby v. Wright*, 550 F. Supp. 262 (N.D. Tex. 1982), for the proposition that the [*6] Court should recognize the "hardship" that litigation imposes upon counsel. The Court fails to see how *Tasby*, a school desegregation case that was litigated for more than ten years, lends any support to plaintiff, who was involved in the instant litigation for just over five months and was one of four lawyers working on behalf of plaintiff. No one forced McNeil to abandon his "single man" practice to take up the cause of plaintiff Childress; nor does this Court believe that plaintiff's cause could not have been adequately pursued by the remaining lawyers.

Moreover, the attorney fees provision of 42 U.S.C. § 1988 was put in place to aid the civil rights plaintiff; it was "not designed as a form of economic relief to improve the financial lot of attorneys, nor [was it] intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 3098, 92 L. Ed. 2d 439 (1986). Therefore, Attorney McNeil's objection is rejected.

Attorney McNeil complains that the magistrate judge's "assertion that hours [*7] expended, tasks performed, and expenses were excessive, and the records thereof were inadequate is an abuse of discretion." (McNeil's Obj. to R&R at 6). He also takes issue with the magistrate judge's "assertion that the quantity of hours expended does not impact the quality of work and the ultimate outcome of the case." (McNeil's Obj. to R&R at 9). The magistrate judge properly reduced the number of hours claimed by McNeil, due to the number of attorneys representing plaintiff in this matter. This Court agrees with the magistrate judge that a substantial amount of time spent and documents produced were not necessary to establish that which plaintiff ultimately prevailed upon -- that defendant Williams acted wrongfully and that plaintiff suffered injuries as a result.

This Court has presided over numerous cases equally, if not more, complex than this case, in which a plaintiff received excellent representation through the efforts of one well-qualified attorney. This Court accepts the fact that a plaintiff has a right to have more than one attorney representing her and in many cases representation by more than one attorney is appropriate; [4] however, the presence of multiple attorneys, [*8] particularly three or four attorneys, often leads to an unnecessary expenditure of time, *e.g.*, attorneys conferring with each other, and often results in a duplication of time billed. The Court believes that the magistrate judge, in reaching his conclusion with respect to the appropriate fees to be awarded, has accurately pointed out the concerns of the Court with respect to multiple attorneys representing a single client. "The more lawyers representing a side of the litigation, the greater the likelihood will be for duplication of services." *Ramos*, 713 F.2d at 554.

4   This Court does not suggest that it was not proper for plaintiff to be

represented by more than one attorney in this case

"If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant or otherwise unnecessary.'" *American Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) [*9] (quoting *Hensley*, 461 U.S. at 434, 103 S. Ct. at 1939-40). The magistrate judge properly disallowed attorney McNeil's hours. McNeil's objection fails.

Regarding McNeil's contention that the magistrate judge erred when he determined McNeil's billing records to be inadequate, the Court notes that the magistrate judge afforded attorney McNeil an opportunity to supplement his records. Attorney McNeil declined to supplement his records citing the "inordinate amount of time" that he would be required to devote to such an endeavor. The Court cannot accept McNeil's "excuse," and his objection is denied.

Attorney McNeil further complains that his rate of compensation should not have been reduced from his demand for $ 150.00 per hour to the magistrate judge's determination of $ 140.00 per hour. "Courts properly have required prevailing attorneys to justify the reasonableness of the requested rate." *Blum*, 465 U.S. at 895 n.11, 104 S. Ct. at 1547 n.11. A reasonable rate is one that is the prevailing rate in the forum market, for a civil rights attorney of comparable skill and experience to that of the attorney making the fee motion. *Ramos*, 713 F.2d at 555. [*10]

In support of his demand for $ 150.00 per hour "McNeil produced a 1997 Michigan Bar Journal study and 3 Affidavits form [sic] attorneys who have no interest in this matter which state that a billing rate of $ 150.00 per hour is reasonable." [5] (McNeil's Obj. to R&R at 8-9). However, the affiant must have reviewed the

attorney's work in the case for which the fee is sought in order to opine regarding the reasonableness of the rate. *See Wells v. New Cherokee Corp.*, 58 F.3d 233, 239-40 (6th Cir. 1995). Although attorney McNeil submitted affidavits in support of his demand for $ 150.00 per hour, the affidavits fail to demonstrate that the affiants performed any review of McNeil's work in the instant case.

    5    Attorney McNeil only provided the Court with two affidavits, attached as Exhibit 3 to his motion for attorney fees.

Further, attorney McNeil has supplied this Court with absolutely no evidence that he has ever received $ 150.00 per hour as his fee for litigating a civil rights matter. [6] Accordingly, [*11] the Court finds attorney McNeil's objection to be without merit.

    6    The Court notes that attorney McNeil's resume fails to indicate any experience in civil rights litigation.

As his next objection, attorney McNeil argues that the "Magistrate's conclusion that expenses should be excluded is abuse of discretion." (McNeil's Obj. to R&R at 9). Reasonable expenses incurred while representing a civil rights plaintiff may be included in the attorney fees award if such expenses are customarily billed in addition to the attorney's hourly rate. *Case v. Unified Sch. Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1257 (10th Cir. 1998) (citing *Ramos*, 713 F.2d at 559). The attorney requesting the expenses bears the burden of establishing: 1) that they are compensable, and 2) the reasonableness of the amount sought. *Id.*

McNeil states in his objections that he submitted a "fax log," "copy log," and "a receipt from Kinkos for copies and mounting." (McNeil's Obj. to R&R at 9). However, [*12] what attorney McNeil failed to provide the Court, was an explanation that expenses incurred for copying and faxing were reasonable

as required. *See Case*, 157 F.3d at 1257. The objection is unavailing.

Attorney McNeil also objects that the magistrate judge's R&R was not "clear." (McNeil's Obj. to R&R at 10). McNeil apparently takes issue with the magistrate judge's reductions of his numerous block billing entries. McNeil complains that "one cannot tell form [sic] the Magistrate's report which date, which services, or the number of hours that were reduced on a given date or for a given service." (*Id.* at 11). However, the magistrate judge is not required to identify and/or justify each and every disallowed hour. *Case*, 157 F.3d at 1250. Hence, McNeil's objection fails. [7]

> [7] McNeil further posits that: "An inordinate amount of time would be expended if one were to track the amount of time one spent each day on each specific task." (McNeil's Obj. to R&R at 11). The Court notes that keeping track of one's time, usually to the tenth of the hour, is an integral part of the art of lawyering, as well as being professionally responsible to one's client, and does not require "an inordinate amount of time" to complete, if undertaken contemporaneously.

[*13] Lastly, attorney McNeil complains that the magistrate judge should not have characterized the instant matter as a "simple, one incident case." (McNeil's Obj. to R&R at 11). McNeil also suggests that a "four member team" was required to litigate the Childress matter because "over 50,000 dollars [sic] were produced in this matter." (*Id.*). The Court will address both objections together.

However, as McNeil stated in his objections, and as stated in this Opinion, *supra*, the perceived "complexity" of an issue is not "an appropriate factor in determining whether to increase the basic fee award." *Blum*, 465 U.S. at 898-99, 104 S. Ct. at 1549. Therefore, attorney McNeil cannot rely upon his perception that Childress was a complex, 50,000 document case as a basis for increasing his fee. Hence, his objection fails.

Accordingly, for the reasons set forth above and for the reasons set forth by the magistrate judge in the R&R, the motions for attorney fees filed by attorneys Raheem, Eickemeyer, McNeil, and Reide, shall be granted in the amounts recommended by the magistrate judge in the R&R.

An Order consistent with this Opinion shall issue forthwith.

OCT 28 1999

[*14] PATRICK J. DUGGAN

UNITED STATES DISTRICT JUDGE