# EXHIBIT 17



20 of 53 DOCUMENTS

# NEW LIFE MINISTRIES, PLAINTIFF, v. CHARTER TOWNSHIP OF MT. MORRIS, DEFENDANT.

Case No. 05-74339

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

2006 U.S. Dist. LEXIS 74303

October 12, 2006, Decided

**PRIOR HISTORY:** New Life Ministries v. Charter Twp. of Mt. Morris, 2006 U.S. Dist. LEXIS 63848 ( E.D. Mich., Sept. 7, 2006)

**COUNSEL:** [*1] For New Life Ministries, Plaintiff: H. James Star, East Lansing, MI.

For Mt. Morris Charter Township, Defendant: Steven P. Iamarino, Flimt, MI.

**JUDGES:** Honorable Sean F. Cox, United States District Judge.

**OPINION BY:** Sean F. Cox

**OPINION**

**OPINION & ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES**

On November 14, 2005, Plaintiff, New Life Ministries, filed this action against Defendant, Charter Township of Mt. Morris ("the Township"), alleging that the Township's zoning ordinance violates The Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc ("RLUIPA"). In an Opinion & Order issued on September 7, 2006, the Court granted Plaintiff's Motion for Summary Judgment. The matter is currently before the Court on Plaintiff's Motion for Attorney Fees. The parties have fully briefed the issues and the Court believes that oral argument would not significantly aid the decisional process. See Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below,

Plaintiff's motion shall be granted in part and denied in part.

**BACKGROUND**

The factual background of this matter [*2] is fully set forth in the Court's September 7, 2006 Opinion & Order Granting Plaintiff's Motion for Summary. Following the Court's ruling, Plaintiff filed a motion for attorney fees, pursuant to 42 U.S.C. § 1988, seeking $ 26,382.50 in attorney fees. The fees sought by Plaintiff consist of: 1) attorney fees representing the work of Plaintiff's counsel, H. James Starr; and 2) "consultation fees" paid to James Foulds

who Plaintiff contends was a planning expert in the case.

As to the work performed by Mr. Starr, Plaintiff submitted time records showing the work performed, and amounts billed, for various legal services performed between January 7, 2005, and August 31, 2006. Mr. Starr charges Plaintiff an hourly rate of $ 150.00 per hour.

The records submitted by Plaintiff indicate that James Folds was paid a $ 1000.00 "retainer fee" on January 31, 2005, and that he was paid a "consultation fee" of $ 1,000.00 on January 12, 2006.

**ANALYSIS**

Plaintiff seeks an attorney fee award under 42 U.S.C. § 1988, which provides that in actions or proceeding to enforce provisions of certain enumerated statutes, including RLUIPA, "the court, in [*3] its discretion, may allow a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The statute further provides that in "awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee." 42 U.S.C. § 1988(c).

A. Plaintiff Is Entitled To An Attorney Fee Award Under 42 U.S.C. § 1988(b).

Although § 1988's provision that "the court, in its discretion, may allow" an attorney fee award to the prevailing party "has a permissive ring to it, the Supreme Court has read it as mandatory where the plaintiff prevails and special circumstances are absent." *Deja Vu of Nashville, Inc. v. The Metropolitan Government of Nashville,* 421 F.3d 417, 419-20 (6th Cir. 2005).

Here, there is no dispute that Plaintiff is the prevailing party in this action with respect to its RLUIPA claim, the only claim asserted in Plaintiff's complaint. [1] Thus, it is the Township's burden to "make a strong showing that 'special circumstance's [*4] warrant a denial of fees." *Id.* at 422. The Township, however, has not shown that any special circumstances warrant a denial of attorney fees in this case. Accordingly, the Court concludes that Plaintiff is entitled to an award of attorney fees under § 1988(b) as a prevailing plaintiff.

> 1  As Defendant notes, however, Plaintiff was not a **prevailing party** with respect to its motion for **preliminary injunction**, which was **denied** by this Court. Thus, as will be discussed later, the Court concludes that Plaintiff is not entitled to **attorney fees** incurred in bringing that motion.

B. The Court Concludes That Plaintiffs' Requested Attorney Fee Award Must Be Reduced.

In *Hensley*, the Supreme Court determined that the most useful starting point for determining the amount of a reasonable fee is the "lodestar" approach - the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

In determining [*5] the reasonableness of the hours claimed, a trial court can consider various factors, including: the time and labor required; the novelty and difficulty of the questions presented; the experience, reputation and ability of the attorney; and the results obtained. *Isabel v. City of Memphis,* 404 F.3d 404, 415 (6th Cir. 2005). The most critical factor, however, is the degree of success obtained. *Id.* at 416.

Here, Plaintiff received all the relief that it sought in its complaint. Thus, an excellent result was achieved for Plaintiff. Moreover, the Court notes that Plaintiff's counsel took on this unique case in a developing area of the law and

that he undertook this representation on behalf of a non-profit client that presumably has limited resources.

Nevertheless, it is still the burden of the party seeking compensation to provide "evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. The court is then required to examine the claimed hours and exclude those hours that were not "reasonably expended." In determining the number of hours reasonably expended, the Court should give the Plaintiff credit only for the [*6] hours of legal services reasonably supportive of Plaintiff's RLUIPA claim. *See e.g., Hughes v. Repko*, 578 F.2d 483, 487 (3d Cir. 1978).

Defendant concedes that Mr. Starr's hourly rate of $ 150.00 per hour is a reasonable rate based on the prevailing market. (Defs.' Resp. at 5). Even so, Defendant asserts that if the Court is inclined to award attorney fees, the amount requested should be reduced by the Court because several of the tasks billed for were not reasonably incurred in this litigation. Although in its Response Brief the Township challenged the reasonableness of the work performed by Plaintiff's counsel, asserting that many of the submitted entries on the billing statements "are somewhat cryptic" (Defs.' Resp. at 16), the Township did not challenge any specific time entries.

Plaintiff requests a total of $ 26,382.70 in attorney fees. The Court agrees that the fees requested by Plaintiff should be reduced because Plaintiff has not met that burden with respect to a few of the entries in the submitted billing statements. Specifically, the Court concludes that, based upon the descriptions of the work performed, the entries from the following dates do not appear [*7] to have been reasonably incurred in pursing Plaintiff's RLUIPA claims:

| Entry Date: | Amount: |
| --- | --- |
| 1/31/05 | 450.00 |
| 2/24/05 | 450.00 |
| 4/12/05 | 450.00 |
| 4/19/05 | 300.00 |
| 1/7/06 | 300.00 |
| Total | $ 1,950.00 |

The above entries appear to relate to legal services unrelated to pursing Plaintiff's RLUIPA claim (*i.e.*, services relating to review of the Open Meetings Act, research relating to tax law and tax exemptions for charitable non-profit corporations, services related to certificate of occupancy, and research relating to property tax issues.)

In addition, the Court concludes that Plaintiff is not entitled to fees relating to preparation of the preliminary injunction motion because Plaintiff was not a prevailing party with respect to that motion. The November 12, 2005 billing entry, in the amount of $ 900.00, represents fees incurred in drafting the complaint and fees incurred in drafting the preliminary injunction motion. The Court will therefore deduct one-half of the claimed amount for that entry, $ 450.00.

Accordingly, the Court concludes that Plaintiff's requested attorney fee award of $ 26,382.70 should be reduced by $ 2,400.00.

C. Plaintiff Is Not Entitled [*8] To Expert Fees Under 42 U.S.C. § 1988(c).

The Court also concludes that the requested attorney fee award must be further reduced for the amounts Plaintiff seeks for expert witness fees. Plaintiff seeks $ 2,000.00 in fees that it paid to James Foulds, a planning expert. Plaintiff contends that it is entitled to such expert witness fees under 42 U.S.C. § 1988(b). That subsection, however, provides that in "awarding an attorney's fee under subsection (b) of this section **in any action or proceeding to enforce a provision of section 1981 or 1981a of this title**, the court, in its discretion, may include expert fees as part of the attorney's fee." 42 U.S.C. § 1988(c) (emphasis added). Thus, by its terms, subsection (b) only authorizes discretionary expert fees in actions to enforce a provision of 42 U.S.C. § 1981 or § 1981a. In this action, Plaintiff asserted only a claim under RLUIPA - it did not assert any claims seeking to enforce any provisions of § 1981 or § 1981a. Plaintiff is therefore not entitled to the claimed expert fees because they are not authorized [*9] by the governing statute. *Ramos Padro v. Commonwealth of Puerto Rico*, 100 F. Supp. 2d 99, 109 (D. Puerto Rico 2000).

Accordingly, Plaintiff's requested attorney award will also be reduced by $ 2,000 for the amount sought by Plaintiff for Mr. Fould's expert witness fees. The total of Plaintiff's attorney fee award is therefore $ 21,982.70.

## CONCLUSION & ORDER

For the reasons set forth above, Plaintiff's Motion for Attorney Fees [Docket Entry Nos. 28 & 32] is hereby GRANTED IN PART AND DENIED IN PART. Plaintiff's Motion is DENIED in that: 1) the full amount of attorney fees requested by Plaintiff is not granted and 2) Plaintiff's request for expert witness fees is denied. Plaintiff's Motion is GRANTED in that Plaintiff is awarded $ 21,982.70 in attorney fees as a prevailing party in this action.

IT IS SO ORDERED.

S/Sean F. Cox

United States District Judge

Dated: October 12, 2006