UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MICAH FIALKA-FELDMAN                                     Case Number 08-CV-14922

              Plaintiff,                                          Hon. Patrick J. Duggan

v.

OAKLAND UNIVERSITY BOARD
OF TRUSTEES, GARY D. RUSSI, MARY BETH
SNYDER, and LIONEL MATEN, in their
official capacity,
              Defendants.
_____/

| Michigan Protection & Advocacy Service, Inc. | BUTZEL LONG |
|---|---|
| Chris E. Davis (P52159) | By: Robert A. Boonin (P38172) |
| Veena Rao (P52981) | Regan K. Dahle (P53975) |
| 29200 Vassar Blvd., Suite 200 | 350 S. Main Street, Suite 300 |
| Livonia, MI 48152 | Ann Arbor, MI 48104 |
| Phone: (248) 473-2990 | (734) 995-3110 |
| Email: cdavis@mpas.org | Email: boonin@butzel.com |
| Attorneys for Plaintiff | Attorneys for Defendant |

_____/

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ATTORNEYS' FEES**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

QUESTION PRESENTED .................................................................................................... iv

ARGUMENT ............................................................................................................................1

   1.    PLAINTIFF IS ENTITLED TO $134,235.45 IN ATTORNEYS' FEES SINCE IT
        IS REASONABLE AND WELL DOCUMENTED............................................................1
.
      A.    PLAINTIFF'S FEES AWARD SHOULD NOT BE REDUCED SINCE
            PLAINTIFF'S CLAIMS RAISED IN THE LAWSUIT ARE RELATED.............3

      B.    PLAINTIFF OBTAINED EXCELLENT RESULTS IN THIS LAWSUIT
            WARRANTING FULL RECOVERY OF HIS REQUEST FOR
            ATTORNEYS FEES..........................................................................................4

CONCLUSION........................................................................................................................5

# TABLE OF AUTHORITIES

**CASES**

*Blum v. Stevenson*, 465 U.S. 886, 895 (1984).......................................................................1

*City of Riverside v. Rivera,* 477 U.S. 561, 574, (1986)........................................................5

*Fair Housing Council of Greater Washington v. Landow,* 999 F.2d 92, 98

    (4th Cir. 1993)...........................................................................................................4

*Gates v. Gomez*, 60 F.3d 525, 535 (9th Cir. 1995)...............................................................2

*Hensley v. Eckerhart,* 461 U.S. 424, 435, (1983)..............................................................3,4

*Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974)..........................1

*League of Residential Neighborhood Advocates v. City of Los Angeles*,

    633 F.Supp.2d 1119 (2009).......................................................................................3

*Luciano v. Olsten Corp*., 925 F. Supp. 956 (E.D.N.Y. 1996)...............................................2

*Moreno v. City of Sacramento,* 534 F.3d 1106, 1112, 1114 (9th Cir. 2008)......................1,3

*U.S. Airways v. Barnett,* 535 U.S. 391 (2002).....................................................................3

# QUESTION PRESENTED

**IS PLAINTIFF ENTITLED TO $134,235.45 IN ATTORNEYS' FEES SINCE IT IS REASONABLE AND WELL DOCUMENTED?**

**Plaintiff's Answer:   YES**

1. **PLAINTIFF IS ENTITLED TO $134,235.45 IN ATTORNEYS' FEES SINCE IT IS REASONABLE AND WELL DOCUMENTED**

Plaintiff relies upon its Brief in Support of the Attorneys' Fees motion to address Defendants' claim that the rate being requested for the fees of Attorneys Davis, Rao and Cody are unreasonable. In the original brief, Plaintiff thoroughly explained why the rates for each of the attorneys was justified using not only market rates but also through the review of the *Johnson* factors. *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974). Contrary to Defendants' assertion, even attorneys for non-profit agencies like Plaintiff's counsel, are entitled to attorney fees at the prevailing market rate and not the cost of the attorneys to the non-profit agency. *Blum v. Stevenson*, 465 U.S. 886, 895 (1984). The Court should take note that Plaintiff's attorneys do not have an interest in inflating the time spent in litigating this case or inflating the attorneys' fees request.[1]

Plaintiff will address each of Defendants' remaining arguments challenging the request for attorney fees. Plaintiff is submitting revised billing records and would like the Court to base its decision regarding this Motion based on these revised billing records. Exhibit **A**. With respect to Defendants' claim that the billing does not contain adequate descriptions of the tasks performed, the billing record has been amended.[2] In addition, Plaintiff has removed a majority of case conference items from its billing

---

[1] In *Moreno v. City of Sacramento,* the Court noted
It must also be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee. It would therefore be the highly atypical civil rights case where plaintiff's lawyer engages in churning. By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker. 534 F.3d 1106, 1112 (9th Cir. 2008).

[2] The "Documentation-Service Request" field references entry of case notes in the case file. The activity description was derived from that documentation and entered into the billing record.

records. The case conference items left intact are attributed only to Mr. Davis and were a necessary activity to review discovery strategy, motions and briefs to be filed by attorneys involved. Although Plaintiff disagrees with Defendants' claim that he is not entitled to fees for anyone other than "lead" counsel at depositions, the billing has been reduced for the second attorney at the deposition by 50%. The travel line items are billed at the rate of $125 per hour. It is 50% of the attorney's billing rate for Attorneys Davis and Rao and approximately 40% of Attorney Cody's billing rate. *Luciano v. Olsten Corp.*, 925 F. Supp. 956 (E.D.N.Y. 1996), judgment aff'd, 109 F.3d 111 (2d Cir. 1997).

In the revised billing records, Attorney Davis' billing has been clarified to include descriptions of the activities he engaged in during the course of this litigation. The billing, prior to drafting of the complaint, has been restricted to research and drafting of the requests for reasonable accommodation in this case. Contrary to Defendants' claim, Plaintiff is entitled to fees for Attorney Davis' attendance at O.U.'s Board of Trustees meetings. The meetings served Plaintiff's discovery purposes as well as served as opportunities to try to get the Board to find a resolution of the issues raised in the lawsuit. Plaintiff's request to live in on-campus housing was the subject of several Board meetings at O.U. Staff and faculty addressed the Board on this topic as did Defendant Snyder and members of the Board.[3]

Billing records of Attorney Cody have been adjusted to redact billing for case reviews.[4] All billing for Attorneys Kay and Frampton have been deleted from the revised

---

[3] The case cited by Defendants', *Gates v. Gomez,* is distinguishable since the attorneys in that case were attempting to bill for attending a conference to educate themselves. 60 F.3d 525, 535 (9th Cir. 1995).
[4] Not unlike a big law firm where senior attorneys or partners provide supervision in cases, Attorney Cody, as the Litigation Director of Michigan Protection & Advocacy Services, Inc., acted in his supervisory capacity in overseeing and lending support during various stages of litigation. Nevertheless, Attorney Cody's time expended for providing feedback and supervision has been removed in the revised billing.

billing records. Even though this case has garnered local and national attention, all line items for publicity have been deleted from the billing records.

Defendants contend that Plaintiff is not entitled to attorneys' fees for the Motion for a Preliminary Injunction. In granting the Permanent Injunction, this Court noted that had it considered *U.S. Airways v. Barnett,* 535 U.S. 391 (2002), the analysis of its prior decisions would have changed. The Preliminary and Permanent Injunctions were based on the same legal theory and facts. The fact that Plaintiff had to re-argue it should be the basis for rejecting all fees associated with the prior effort. *Moreno,* 534 F3d at 1114.

### A. PLAINTIFF'S FEES AWARD SHOULD NOT BE REDUCED SINCE PLAINTIFF'S CLAIMS RAISED IN THE LAWSUIT ARE RELATED

Defendants' claim that Plaintiff is not entitled to fees for any claims other the reasonable accommodation claim under §504 of the Rehabilitation Act. Contrary to Defendants' assertion, the claims in this case are inter-related since the case involved a "common nucleus of operative fact" and the legal theories not are distinguishable. In *Hensley v. Eckerhart*, the Court noted that

> Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. 461 U.S. 424, 435, (1983)

In *League of Residential Neighborhood Advocates v. City of Los Angeles*, 633 F.Supp.2d 1119 (2009), the Court held that all of plaintiff's state and federal claims in the suit arose out a common nucleus of operative fact and hence were inseparable for purposes of a reasonable fees determination. Here the relief which Plaintiff sought was a

ruling that Defendants violated one or several provisions of the Fair Housing Act, Americans with Disabilities Act, or the Rehabilitation Act of 1973 and issuance of an order allowing him to live in on-campus housing.[5] Here, all the claims relied upon the same set of common facts: the Options Program, the status of Plaintiff as a student, the nature of the housing program, Plaintiff's performance in the academic program, the request for reasonable accommodation, and intent and actions of all of the named Defendants. Even the legal theories are not distinguishable. In its Opinion, this Court noted that the ADA and the Rehabilitation Act are quite similar in its purpose and scope. Furthermore, the relief being sought under all legal theories was access to on-campus housing, the ultimate relief which was granted by this Court.

### B. PLAINTIFF OBTAINED EXCELLENT RESULTS IN THIS LAWSUIT WARRANTING FULL RECOVERY OF HIS REQUEST FOR ATTORNEYS FEES

Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. *Hensley,* 461 U.S. at 435. The *Hensley* Court noted

> the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters. *Id.*

As the Supreme Court explained, "a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.... [T]he public as a whole has an interest in the vindication of the rights conferred by the statutes enumerated in § 1988, over and above the value of a civil rights remedy to a particular

---

[5] This case is distinguishable from the case cited by Defendants', *Fair Housing Council of Greater Washington v. Landow,* 999 F.2d 92, 98 (4th Cir. 1993), since the claims in that case were a breach of contract claim and discrimination. There the Court found that the successful claims were legally and factually distinct from the unsuccessful claims.

plaintiff." *City of Riverside v. Rivera,* 477 U.S. 561, 574, (1986); *Graves v. Arpaio,* 633 F.Supp.2d 834, 843 (D.Ariz., 2009).

Plaintiff, a student with an intellectual disability, set out to obtain injunctive relief which would allow him access to on-campus housing, a case of first impression in Michigan, as well as in the country. Colleges and universities around the country have set up academic programs for students with intellectual disabilities, but this is the first legal challenge to a denial of equal access to a university's housing program. Plaintiff, as the prevailing party, obtained access to on-campus housing, the only reason for pursuing this litigation. The revised billing is well documented, thorough and reasonable since great care has been taken to eliminate all non-compensable time from the billing, reduce the amount of attorneys fees to be recovered for a number of tasks by taking an across the board reduction, and limited billing for a reasonable amount of hours expended in obtaining relief in this case. Plaintiff obtained an excellent result in this case which warrants the attorneys' fees now being requested.

Wherefore, Plaintiff asks the Court to enter an Order granting $134,235.45 in attorneys' fees in this case.

                                            Respectfully submitted,

Dated: February 10, 2010              s/Veena Rao
                                            MICHIGAN PROTECTION &
                                            ADVOCACY SERVICE, INC.
                                            Attorney for Plaintiff
                                            29200 Vassar Blvd., Suite 200
                                            Livonia, MI  48152
                                            (248) 473-2990
                                            vrao@mpas.org
                                            P52981

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2010, I electronically filed the foregoing Plaintiff's Reply Brief in Support of Attorneys' Fees with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Robert A. Boonin.

s/Veena Rao
MICHIGAN PROTECTION &
ADVOCACY SERVICE, INC.
Attorney for Plaintiff
29200 Vassar Blvd., Suite 200
Livonia, MI  48152
(248) 473-2990
vrao@mpas.org
P52981
