# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MICAH FIALKA-FELDMAN,**

                Plaintiff,

Case Number 08-CV-14922
Hon. Patrick J. Duggan

v.

**OAKLAND UNIVERSITY BOARD
OF TRUSTEES, GARY D. RUSSI, MARY BETH
SNYDER,** and **LIONEL MATEN,** in their
official capacities,

                Defendants.

_____/

## DEFENDANTS' SUR-REPLY TO
## PLAINTIFF'S MOTION FOR REASONABLE ATTORNEYS' FEES

# TABLE OF CONTENTS

    **Page**

ISSUE PRESENTED ..................................................................................................................ii

TABLE OF AUTHORITIES .....................................................................................................iii

INTRODUCTION ......................................................................................................................1

ARGUMENT...............................................................................................................................1

    I.      Plaintiff's Claim for Fees Should Be Denied Because the Fee Request is
           Not Supported by Contemporaneous Billing Records ............................................1

CONCLUSION............................................................................................................................4

## ISSUE PRESENTED

I. Should Plaintiff's claim for attorneys' fees be determined based on the contemporaneous billing records produced in his Motion for Reasonable Attorneys Fees and not on the after-the-fact billing records created in response to Defendants' well-supported arguments for disallowing much of the fee request due to inadequate records?

**Defendants answer "yes."**

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Calhoun v. Acme Cleveland Corp*,
    802 F.2d 558 (1st Cir. 1986)..........................................................................2, 3

*Consolo v. George,*
    1996 U.S. App. LEXIS 10196 (1st Cir., May 3, 1996).......................................2

*Knop v. Johnson,*
    712 F. Supp. 571 (W.D. Mich. 1989)...............................................................3

**INTRODUCTION**

In their Response to Plaintiff's Motion for Reasonable Attorneys' Fees, Defendants argued with supporting case law and detailed documentation that the majority of the attorneys' fees sought by Plaintiff should be disallowed, in large part, because they were not supported by adequate time records. Specifically, Defendant sought a denial or substantial reduction of the $69,787.50 in fees claimed for work performed that was not supported with case-specific descriptions about the service performed. Defendants also sought denial or substantial reduction of the $78,325.00 for 325.90 hours in fees claimed for work supported by vague and incomplete time records.

Plaintiff responded to Defendants' Response Brief by submitting recreated time records with allegedly more detailed data to support the work performed. Plaintiff's after-the-fact attempt to justify the work performed by his counsel in the form of these cobbled together records should be rejected. Courts have made it clear that a request for fees must be supported by <u>contemporaneous</u> time records, not records that were created after-the-fact, and in some instances over one year later, to justify a request for attorneys' fees.

**ARGUMENT**

**I.  Plaintiff's Claim for Fees Should Be Denied Because the Fee Request is Not Supported by Contemporaneous Billing Records**

In his reply brief, Plaintiff submitted "revised billing records" that have been "clarified to include descriptions of the activities" performed by the lead attorney in this case, Chris Davis. (Reply Brief, p. 2) These "revised" and "clarified" billing records cannot be the basis for a fee award to Plaintiff, since they were not prepared contemporaneously with the legal work performed, but instead, were created as an after-the-fact justification for a fee request.

In *Calhoun v. Acme Cleveland Corp*, 802 F.2d 558 (1st Cir. 1986), the plaintiff requested recovery of his attorneys' fees after a jury verdict in his favor. The district court awarded the full amount of the attorneys' fees, but the First Circuit reversed the district court, finding that the plaintiff had "failed to include contemporaneous time records with a detailed breakdown of the dates on which the work was done and the amount of time spent in each task." *Id.* at 559. The First Circuit explained the importance of contemporaneous billing records: "[w]ithout contemporaneous records, the unlikelihood, indeed perhaps the impossibility, of achieving a result under such procedures that would be fair to the applicants, fair to the paying parties, and decently reviewable by a court, is obvious." *Id.* at 560, citations omitted.

Similarly, in *Consolo v. George,* 1996 U.S. App. LEXIS 10196 (1st Cir., May 3, 1996) (case attached as Exhibit 1), after a jury verdict in his favor, the plaintiff sought recovery of his attorneys' fees. The defendants challenged the fee application on several grounds, including that the records submitted in support of the request were inadequate because they did not include the original time sheets. The court noted that "without original time sheets, we hold an applicant's summary of hours spent to an even higher level of scrutiny." *Id.* at *8. The court also reiterated the general principal that "[l]ack of contemporaneous records calls for a substantial reduction or denial of fee awards, except in "extraordinary circumstances." *Id.* at *7. The court ultimately declined to accept the attorneys' representation about the reasonableness of the fees and, instead, "used [its] own experience and judgment to determine if [the] billing accurately reflects time spent." *Id.* at *8  In so doing, the court held that it would "resolve inconsistencies and ambiguities against the applicant." *Id.*

Finally, in *Knop v. Johnson,* 712 F. Supp. 571 (W.D. Mich. 1989), the plaintiffs sought over $2 million in attorneys' fees after a five-year class action lawsuit which resulted in the plaintiffs' recovery on some, but not all, of their claims. The defendants objected to the fee request on many grounds, including that it was impossible to determine how much of counsels' time was spent on the plaintiffs' unsuccessful claims.

While the defendants sought nearly a total disallowance of any fee award, the court rejected this request, finding that "a denial of fees for inadequate documentation is generally reserved for cases where the petition is <u>unsupported by contemporaneous time records</u> or is otherwise wholly undocumented." *Id*. at 576, emphasis added. The court held that "[d]ocumentation offered in support of an attorneys' fee petition is sufficient where it is <u>contemporaneously compiled</u> and sufficiently detailed to determine with certainty the number of hours reasonably expended on the litigation." *Id.* at 576.

Here, the records Plaintiff submitted in his reply brief should not be considered by this Court in determining the reasonableness of Plaintiff's fee request, because they were not contemporaneously complied. They were prepared after-the-fact and solely in response to Defendants' valid argument that Plaintiff's fee request was unreasonable because it was not supported by sufficiently detailed time records. It would be practically impossible for Plaintiff's counsel to recreate accurate detailed time records spanning a fourteen-month period. If this Court were to rely upon these recreated, after-the-fact time records, it would be impossible to achieve a result that would be fair to Defendants. *Calhoun, supra.*

Plaintiff's fee request should be based on the records previously produced by Plaintiff, as these were the contemporaneous records. And as Defendants set forth in detail in their Response Brief, the reasonableness of these fees is suspect for myriad of reasons, including

that they were based on inflated billing rates; they included fees for excessive travel time and attorney coverage at hearings and depositions; they were not supported by sufficiently detailed time records; and they included substantial time for lawyers performing low level and clerical tasks, engaging excessive research, monitoring public relations, conducting internal office meeting among attorneys, overstaffing depositions and hearings, and supervising skilled attorneys. Plaintiff's reply does not address these defects. For instance, counsels' excessive travel time is ignored; the amount of time taken to research and write briefs on issues that had already been researched and briefed is still excessive; and time spent being present at public university trustee meetings (which were recorded by the University and copies of the recordings were provided to Plaintiff during discovery) was unnecessary.

## **CONCLUSION**

Plaintiff has failed to meet his burden to support his petition. The Court should therefore exercise its discretion to deny it or modify it to a more reasonable *and* appropriate figure given what Plaintiff can appropriately document as reasonable with contemporaneous time records.

Respectfully submitted,

**BUTZEL LONG, a professional corporation**

By: /s/ Robert A. Boonin
Robert A. Boonin (P38172)
Regan K. Dahle (P53975)
350 South Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 995-3110
boonin@butzel.com
dahle@butzel.com
**Attorneys for Defendants**

Dated: February 19, 2010

## Certificate of Service

I hereby certify that on February 19, 2010, I electronically filed the foregoing paper, Notice of Appeal, with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

Respectfully submitted,

**BUTZEL LONG, a professional corporation**

By: /s/ Robert A. Boonin
Robert A. Boonin (P38172)
Regan K. Dahle (P53975)
350 South Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 995-3110
boonin@butzel.com
dahle@butzel.com
**Attorneys for Defendants**