# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**MICAH FIALKA-FELDMAN,**

        Plaintiff,

Case Number 08-CV-14922
Hon. Patrick J. Duggan

v.

**OAKLAND UNIVERSITY BOARD
OF TRUSTEES, GARY D. RUSSI, MARY BETH
SNYDER,** and **LIONEL MATEN,** in their
official capacities,

        Defendants.

_____/

## DEFENDANTS' MOTION FOR RELIEF FROM ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND/OR TO STAY ORDER GRANTING ATTORNEYS' FEES PENDING OUTCOME OF APPEAL

Defendants, Oakland University Board of Trustees, Gary D. Russi, Mary Beth Snyder and

Lionel Maten, by their undersigned attorneys and pursuant to Fed.R.Civ.P. 60(b)(6), 62(b)(4) and

62(d), hereby request relief from this Court's Opinion and Order granting Plaintiff's Motion for

Attorney's Fees (the "Attorney Fee Order").  Defendants further request that this Court stay

enforcement of the Attorney Fee Order pending outcome of Defendants' timely appeal before the Sixth

Circuit.  In support of this Motion, Defendants state as follows:

1.      On November 25, 2008, Plaintiff filed the Complaint in this matter.  (R.1,

Complaint)

2.      On December 15, 2008, Plaintiff filed a Motion for Preliminary Injunction and

Expedited Consideration.  (R.4, Motion for Preliminary Injunction, Motion to Expedite)

3.      On February 5, 2009, this Court denied Plaintiff's Motion.  (R.12, Opinion and Order)

4.      On February 26, 2009, Plaintiff filed a Motion for Leave to File Amended Complaint. (R.13, Motion for Leave to File Amended Complaint)  This Court granted in part and denied in part Plaintiff's Motion. (R.18, Opinion and Order)

5.      On April 30, 2009, Plaintiff filed a Motion for Leave to File Second Amended Complaint. (R.21, Motion for Leave to File Second Amended Complaint)  This Court granted Plaintiff's Motion and Plaintiff filed the Second Amended Complaint on June 19, 2009. (R.29, Opinion and Order; R.30, Amended Complaint)

6.      The Second Amended Complaint asserted the following causes of action: Count I, Violation of the Fair Housing Act (FHA), Disparate Impact; Count II, Violation of the FHA, Disparate Treatment; Count III, Violation of § 504 of the Rehabilitation Act of 1973 (Section 504), Disparate Treatment; Count IV, Violation of Section 504, Denial of Reasonable Accommodation; Count V, Violation of the Americans with Disabilities Act (ADA) – Title II, Disparate Treatment; and Count VI, Violation of Section 504, Disparate Impact.

7.      Defendants filed a Motion for Summary Judgment on November 13, 2009. (R.37, Defendants' Motion for Summary Judgment)

8.      Plaintiff filed a Motion for Summary Judgment on November 16, 2009.  (R.39, Plaintiff's Motion for Summary Judgment)

9.      After a review of the parties' briefs and upon hearing oral argument, this Court granted summary judgment to Defendants and dismissed five of Plaintiff's six counts on December 23, 2009. (R.53, Opinion and Order)

10.     This Court granted summary judgment to Plaintiff on Count IV, Violation of Section 504, Reasonable Accommodation. (*Id.*)  The District Court issued its Order of Judgment on January 7, 2010. (R.54, Judgment Entry)

11.     On January 19, 2010, Defendants filed their Notice of Appeal. (R.55, Notice of Appeal)

12.     Specifically, Defendants appealed the Judgment and that portion of the Opinion and Order denying Defendants' Motion for Summary Judgment as to Count IV of Plaintiff's Second Amended Complaint and granting Plaintiff's Motion for Summary Judgment as to that Count.

13.     Plaintiff filed a Motion for Attorneys Fees on January 20, 2010 pursuant to Fed. R. Civ. P. 54(d), 42 USC §1988 and 29 USC §794a claiming that as a "prevailing party" in the case, he was entitled to reasonable attorneys' fees.  (R.57, Plaintiff's Motion for Reasonable Attorneys Fees)

14.     Defendants filed a Response to Plaintiff's Motion for Attorneys Fees on February 3, 2010 (R.62).  Plaintiff filed a Reply Brief in Support of Motion for Attorneys Fees on February 10, 2010 (R.63), and Defendants filed a Sur-Reply to Plaintiff's Motion for Reasonable Attorneys Fees on February 19, 2010 (R.64).  No hearing was held on the motion.

15.     This Court granted Plaintiff's Motion for Attorneys fees on June 23, 2010 finding that, because Plaintiff prevailed on one of the six counts in his Complaint, he was entitled to reasonable attorneys' fees.  (R.67, Opinion and Order Granting Plaintiff's Motion for Reasonable Attorneys' Fees)

16.     Defendants' appeal of this Court's Opinion and Order Granting Summary Judgment to Plaintiff as to Count IV of Plaintiff's Second Amended Complaint is currently pending before the Sixth Circuit Court of Appeals.  Plaintiff did not appeal that portion of the Court's Order granting summary

judgment to Defendants on five of the six counts of Plaintiff's Complaint.  Defendants have yet to file a

Notice of Appeal of this Court's Attorney Fee Order.[1]

17.     With this Motion, Defendants seek relief from the Attorney Fee Order pursuant to Fed.

R. Civ. P. 60(b)(6) and/or a stay of that Order pursuant to Fed. R. Civ. P. 62(b)(4) and/or (d).

18.     In the event Defendants are successful in their appeal and the Sixth Circuit reverses this

Court's Opinion and Order granting Plaintiff summary judgment, Plaintiff will no longer be considered

a "prevailing party" entitled to reasonable attorneys' fees, because he will not have prevailed on the

merits of any of his claims.  *See Hanrahan v. Hampton*, 446 U.S. 754, 758, 100 S. Ct. 1987, 64 L.Ed.

2d 670 (1980).

19.     If Defendants were required to pay Plaintiff's counsel the $101,676 in fees awarded by

this Court, Defendants have no security that this money will be available for repayment in the event that

Plaintiff's status as a prevailing party is reversed by the Sixth Circuit, thereby necessitating vacatur of

the fee award.

20.     On the other hand, Defendants are prepared to post a bond in a reasonable amount

to be set by this Court in order to assure both this Court and Plaintiff's counsel that in the event

the Sixth Circuit affirms Plaintiff's status as a prevailing party, the fee award will be available for

payment to Plaintiff.[2]

21.     While Defendants are prepared to post a bond, waiver of a bond in this case would

be appropriate.  Rule 62 generally calls for the posting of a bond prior to obtaining a stay,

---

[1] Pursuant to Fed. R. App. P. 4(a)(4) Defendants have 30 days from the date of this Court's Order concerning this Motion to file their Notice of Appeal.

[2] In the event Defendants appeal the Attorney Fee Order and their appeal is successful, the ultimate amount to which Plaintiff's counsel is entitled, if any, will change.

however the Sixth Circuit has held that courts retain the discretion to stay cases pending appeal without requiring a bond. *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003)

      22.    When determining whether to waive the bond requirement, courts look at five factors:  (1) "the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment . . . (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money . . . ; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position."  *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988) (citations omitted).  *See also Federal Prescription Services, Inc. v. American Pharmaceutical Assoc.*, 636 F.2d  755, 760-61 (D.C. Cir. 1980 (district court did not abuse its discretion by granting stay without requiring a supersedeas bond where the documented net worth of the judgment debtor was 47 times the amount of the award and there was no indication that the judgment debtor had any plans to leave the jurisdiction.)

      23.    A stay without bond is warranted in this case.  This Court awarded Plaintiff $101,676 in attorneys' fees.  According to Oakland University's most recent financial statement, it has $ 34,482.822 in cash and cash equivalents.  (*See* Exhibit 1, 2008-2009 Financial Statement and Affidavit of John W. Beaghan).  There is no question that Oakland University has the funds available to pay the attorney fee award in the event the Sixth Circuit affirms this Court's Opinion and Order and Plaintiff retains his status as a prevailing party.

      24.    Furthermore, Oakland University has ready access to the funds and with seven (7) days' notice could have a check available to Plaintiff's counsel.  (*Id.*)

WHEREFORE, Defendants, Oakland University Board of Trustees, Gary D. Russi, Mary Beth Snyder and Lionel Maten, by their undersigned attorneys and pursuant to Fed.R.Civ.P. 60(b)(6) and 62(b)(4) and(d), hereby request relief from this Court's Opinion and Order granting Plaintiff's Motion for Attorney's Fees and/or further request that this Court stay enforcement of that Attorney Fee Order pending outcome of Defendants' timely appeal before the Sixth Circuit.

Respectfully submitted,

**BUTZEL LONG, a professional corporation**

By:  /s/ Robert A. Boonin
Robert A. Boonin (P38172)
Regan K. Dahle (P53975)
350 South Main Street, Suite 300
Ann Arbor, Michigan  48104
(734) 995-3110
boonin@butzel.com
dahle@butzel.com
**Attorneys for Defendants**

Dated:  July 7, 2010

6

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MICAH FIALKA-FELDMAN,**

        Plaintiff,

v.

**OAKLAND UNIVERSITY BOARD
OF TRUSTEES, GARY D. RUSSI, MARY BETH
SNYDER,** and **LIONEL MATEN,** in their
official capacities,

        Defendants.

Case Number 08-CV-14922
Hon. Patrick J. Duggan

_____/

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND/OR TO STAY ORDER GRANTING ATTORNEYS' FEES PENDING OUTCOME OF APPEAL

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS..................................................................................................i

ISSUE PRESENTED...................................................................................................ii

TABLE OF AUTHORITIES.........................................................................................iii

BACKGROUND FACTS...............................................................................................1

DISCUSSION.................................................................................................................3

CONCLUSION................................................................................................................5

## <u>ISSUE PRESENTED</u>

Should this Court grant Defendants Oakland University Board of Trustees, Gary D. Russi, Mary Beth Snyder and Lionel Maten, relief from this Court's Opinion and Order granting Plaintiff's Motion for Attorney's Fees pursuant to Fed. R. Civ. P. 60(b)(6), 62(b)(4) and 62(d), thereby staying enforcement of the Order pending outcome of Defendants' timely appeal before the Sixth Circuit?

**Defendants answer "yes" to this question.**

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*Arban v. West Pub. Corp.*,
   345 F.3d 390 (6th Cir. 2003) ...............................................................................3

*Dillon v. City of Chicago*,
   866 F.2d 902 (7th Cir. 1988) ...............................................................................4

*Federal Prescription Services, Inc. v. American Pharmaceutical Assoc.*,
   636 F.2d  755 (D.C. Cir. 1980) ...........................................................................4

*Hanrahan v. Hampton*,
   446 U.S. 754, 100 S. Ct. 1987, 64 L.Ed. 2d 670 (1980) ...........................................3

**Statutes**

29 USC §794a ...............................................................................................................2

42 USC §1988 ...............................................................................................................2

**Rules**

Fed. R. App. P. 4(a)(4) ................................................................................................3

Fed. R. Civ. P. 54(d) ...................................................................................................2

Fed. R. Civ. P. 60(b)(6) ...........................................................................................3, 5

Fed. R. Civ. P. 62(b)(4) ...........................................................................................3, 5

Fed. R. Civ. P. 62(d) ...............................................................................................3, 5

**BACKGROUND FACTS**

On November 25, 2008, Plaintiff filed the Complaint in this matter. (R.1, Complaint) On December 15, 2008, Plaintiff filed a Motion for Preliminary Injunction and Expedited Consideration. (R.4, Motion for Preliminary Injunction, Motion to Expedite) On February 5, 2009, this Court denied Plaintiff's Motion. (R.12, Opinion and Order)

On February 26, 2009, Plaintiff filed a Motion for Leave to File Amended Complaint. (R.13, Motion for Leave to File Amended Complaint) This Court granted in part and denied in part Plaintiff's Motion. (R.18, Opinion and Order)

On April 30, 2009, Plaintiff filed a Motion for Leave to File Second Amended Complaint. (R.21, Motion for Leave to File Second Amended Complaint) This Court granted Plaintiff's Motion and Plaintiff filed the Second Amended Complaint on June 19, 2009. (R.29, Opinion and Order; R.30, Amended Complaint) The Second Amended Complaint asserted the following causes of action: Count I, Violation of the Fair Housing Act (FHA), Disparate Impact; Count II, Violation of the FHA, Disparate Treatment; Count III, Violation of § 504 of the Rehabilitation Act of 1973 (Section 504), Disparate Treatment; Count IV, Violation of Section 504, Denial of Reasonable Accommodation; Count V, Violation of the Americans with Disabilities Act (ADA) – Title II, Disparate Treatment; and Count VI, Violation of Section 504, Disparate Impact.

Defendants filed a Motion for Summary Judgment on November 13, 2009. (R.37, Defendants' Motion for Summary Judgment) Plaintiff filed a Motion for Summary Judgment on November 16, 2009. (R.39, Plaintiff's Motion for Summary Judgment)

After a review of the parties' briefs and upon hearing oral argument, this Court granted summary judgment to Defendants and dismissed five of Plaintiff's six counts on December 23,

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

2009. (R.53, Opinion and Order)  This Court granted summary judgment to Plaintiff on Count IV, Violation of Section 504, Reasonable Accommodation. (*Id.*)  The District Court issued its Order of Judgment on January 7, 2010. (R.54, Judgment Entry)

On January 19, 2010, Defendants filed their Notice of Appeal. (R.55, Notice of Appeal)  Specifically, Defendants appealed the Judgment and that portion of the Opinion and Order denying Defendants' Motion for Summary Judgment as to Count IV of Plaintiff's Second Amended Complaint and granting Plaintiff's Motion for Summary Judgment as to that Count.

Plaintiff filed a Motion for Attorneys Fees on January 20, 2010 pursuant to Fed. R. Civ. P. 54(d), 42 USC §1988 and 29 USC §794a claiming that as a "prevailing party" in the case, he was entitled to reasonable attorneys' fees.  (R.57, Plaintiff's Motion for Reasonable Attorneys Fees) Defendants filed a Response to Plaintiff's Motion for Attorneys Fees on February 3, 2010 (R.62). Plaintiff filed a Reply Brief in Support of Motion for Attorneys Fees on February 10, 2010 (R.63), and Defendants filed a Sur-Reply to Plaintiff's Motion for Reasonable Attorneys Fees on February 19, 2010 (R.64).

This Court granted Plaintiff's Motion for Attorneys fees on June 23, 2010 finding that, because Plaintiff prevailed on one of the six counts in his Complaint, he was entitled to reasonable attorneys' fees.  (R.67, Opinion and Order Granting Plaintiff's Motion for Reasonable Attorneys' Fees)

Defendants' appeal of this Court's Opinion and Order Granting Summary Judgment to Plaintiff as to Count IV of Plaintiff's Second Amended Complaint is currently pending before the Sixth Circuit Court of Appeals.  Plaintiff did not appeal that portion of the Court's Order granting summary judgment to Defendants on five of the six counts of Plaintiff's Complaint.  Defendants have yet to file a Notice of Appeal of this Court's Attorney Fee Order.

**DISCUSSION**

With this Motion, Defendants seek relief from the Attorney Fee Order pursuant to Fed. R. Civ. P. 60(b)(6) and/or a stay of that Order pursuant to Fed. R. Civ. P. 62(b)(4) and/or (d).  In the event Defendants are successful in their appeal and the Sixth Circuit reverses this Court's Opinion and Order granting Plaintiff summary judgment, Plaintiff will no longer be considered a "prevailing party" entitled to reasonable attorneys' fees, because he will not have prevailed on the merits of any of his claims.  *See Hanrahan v. Hampton*, 446 U.S. 754, 758, 100 S. Ct. 1987, 64 L.Ed. 2d 670 (1980).

If Defendants were required to pay Plaintiff's counsel the $101,676 in fees awarded by this Court, Defendants have no security that this money will be available for repayment in the event that Plaintiff's status as a prevailing party is reversed by the Sixth Circuit, thereby necessitating vacatur of the fee award.  On the other hand, Defendants are prepared to post a bond in a reasonable amount to be set by this Court in order to assure both this Court and Plaintiff's counsel that in the event the Sixth Circuit affirms Plaintiff's status as a prevailing party, the fee award will be available for payment to Plaintiff.

While Defendants are prepared to post a bond, waiver of a bond in this case would be appropriate.  Rule 62 generally calls for the posting of a bond prior to obtaining a stay, however the Sixth Circuit has held that courts retain the discretion to stay cases pending appeal without requiring a bond. *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003)

When determining whether to waive the bond requirement, courts look at five factors: (1) "the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment . . . (4) whether the defendant's ability to pay

- 3 -

the judgment is so plain that the cost of a bond would be a waste of money . . . ; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988) (citations omitted). *See also Federal Prescription Services, Inc. v. American Pharmaceutical Assoc.*, 636 F.2d 755, 760-61 (D.C. Cir. 1980) (district court did not abuse its discretion by granting stay without requiring a supersedeas bond where the documented net worth of the judgment debtor was 47 times the amount of the award and there was no indication that the judgment debtor had any plans to leave the jurisdiction.)

A stay without bond is warranted in this case. This Court awarded Plaintiff $101,676 in attorneys' fees. According to Oakland University's most recent financial statement, it has $34,482,822 in cash and cash equivalents. (*See* Exhibit 1, 2008-2009 Financial Statement and Affidavit of John W. Beaghan). There is no question that Oakland University has the funds available to pay the attorney fee award in the event the Sixth Circuit affirms this Court's Opinion and Order and Plaintiff retains his status as a prevailing party. The University is a financially viable state institution and with seven (7) days' notice could have a check available to Plaintiff's counsel. (*Id.*)

In sum, it would be unjust for Plaintiff to receive fees while the merits of the underlying decision are pending a bona fide appeal, and it would be a waste of public money to obtain a bond to preserve his claim for fees. In addition, since Plaintiff's counsel is a public interest firm supported by the State, counsel has not borne the burden which private plaintiffs' counsel may otherwise undergo in cases subject to fee awards. The granting of Defendants' Motion

- 4 -

would therefore not alter the scales of justice, but the denial of the motion would unduly tip them in Plaintiff's favor.

## <u>CONCLUSION</u>

WHEREFORE, Defendants, Oakland University Board of Trustees, Gary D. Russi, Mary Beth Snyder and Lionel Maten, by their undersigned attorneys and pursuant to Fed. R. Civ. P. 60(b)(6) and 62(b)(4) and (d), hereby request relief from this Court's Opinion and Order granting Plaintiff's Motion for Attorney's Fees and/or further request that this Court stay enforcement of that Attorney Fee Order pending outcome of Defendants' timely appeal before the Sixth Circuit.

Respectfully submitted,

**BUTZEL LONG, a professional corporation**

By:  /s/ Robert A. Boonin
Robert A. Boonin (P38172)
Regan K. Dahle (P53975)
350 South Main Street, Suite 300
Ann Arbor, Michigan  48104
(734) 995-3110
boonin@butzel.com
dahle@butzel.com
**Attorneys for Defendants**

Dated:  July 7, 2010

**Certificate of Service**

       I hereby certify that on July 7, 2010, I electronically filed the foregoing paper, Notice of Appeal, with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

       Respectfully submitted,

       **BUTZEL LONG, a professional corporation**

       By:  /s/ Robert A. Boonin

       Robert A. Boonin (P38172)
       Regan K. Dahle (P53975)
       350 South Main Street, Suite 300
       Ann Arbor, Michigan  48104
       (734) 995-3110
       boonin@butzel.com
       dahle@butzel.com
       **Attorneys for Defendants**

BUTZEL LONG, ATTORNEYS & COUNSELORS, A PROFESSIONAL CORPORATION