UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICAH FIALKA-FELDMAN,

    Plaintiff,

v.                                          Case No. 08-14922
                                          Honorable Patrick J. Duggan
OAKLAND UNIVERSITY BOARD
OF TRUSTEES, GARY D. RUSSI,
MARY BETH SNYDER, and
LIONEL MATEN,

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 7, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

This matter is presently before the Court on Defendants' "Motion for Relief from Order Granting Motion for Attorneys' Fees and/or to Stay Order Granting Attorneys' Fees Pending Outcome of Appeal," filed pursuant to Federal Rules of Civil Procedure 60(b) and 62 on July 7, 2010. In the motion, Defendants seek relief from this Court's June 23, 2010 decision, awarding attorneys' fees to Plaintiff in the amount of $101,676 pursuant to Federal Rule of Civil Procedure 54(d), 42 U.S.C. § 1988, and 29 U.S.C. § 794a. Alternatively, Defendants ask the Court to stay the attorneys' fees award until the Sixth Circuit Court of Appeals resolves Defendants' appeal of this Court's decision

granting summary judgment to Plaintiff. Plaintiff filed a response to the pending motion on July 27, 2010.

Defendants cite Federal Rule of Civil Procedure 60(b)(6) in support of their request for relief from the Court's June 23, 2010 decision. Rule 60(b)(6) provides that "[o]n motion and just terms, [a] court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." In their motion, however, Defendants do not set forth *any* reason justifying relief from the Court's award of attorneys' fees to Plaintiff.

Defendants, however, do set forth a basis for granting their request for a stay of the attorneys' fees award pending their appeal. As Defendants explain, if the Sixth Circuit reverses this Court's grant of summary judgment to Plaintiff with respect to Plaintiff's reasonable accommodation claim brought under the Rehabilitation Act of 1973, Plaintiff no longer will be a "prevailing party" entitled to attorneys' fees. The Court granted summary judgment to Defendants with respect to the remaining claims in Plaintiff's amended complaint.

Federal Rule of Civil Procedure 62(d) provides in relevant part: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . .." Courts have interpreted the rule as "*entitl[ing]* a party who files a satisfactory supersedeas bond to a stay of [a] money judgment as a matter of right." *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (emphasis added) (citing *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) (citing *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.*

*Paramount Theatres, Inc.*, 385 U.S. 931, 87 S. Ct. 291 (1966)). The Sixth Circuit has explained, however, "'the Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion.'" *Id*. (quoting *Fed. Prescription, Serv., Inc.*, 636 F.2d at 759). As Plaintiff acknowledges in his response to Defendants' motion, in *Arban* the Sixth Circuit concluded that a district court, in its discretion, may waive Rule 62's bond requirement upon a showing of adequate resources by the party seeking a stay of a money judgment. (Pl.'s Resp. at 4-5 (citing *Arban*, 345 F.3d at 409.)

Defendants demonstrate that Oakland University possesses adequate resources to pay the $101,676 attorneys' fees award within a week of a decision by the court of appeals affirming this Court. The Court therefore grants Defendants' request for a stay without a bond of the June 23, 2010 decision awarding attorneys' fees to Plaintiff.

Accordingly,

**IT IS ORDERED**, that Defendants' motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendants' motion for a stay of this Court's June 23, 2010 award of attorneys' fees is **GRANTED** and the order awarding attorneys' fees is **STAYED** until the Sixth Circuit Court of Appeals issues its mandate with respect to Defendants' appeal of this Court's decision granting summary judgment in favor of Plaintiff. If the Sixth Circuit affirms this Court's decision, Defendants shall pay the

attorneys' fees award within seven (7) days of the appellate court's mandate.

                                                <u>s/PATRICK J. DUGGAN</u>
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Chris E. Davis, Esq.
Robert A. Boonin, Esq.
Regan K. Dahle, Esq.